**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X

**MARIE  BAPTISTE-ELMINE,  JAVIER  CRUZ,  FREDDY**        **Docket No.:**
**ELMINE,  YVONNE  JONES,  ALICIA  LOMBARDO,**        **21-CV-4994(RPK)(PK)**
**OCHIEZE OKORONKWO,  PRECILIA OKORONKWO,**
**REBECCA  PEREZ,  ROSE  PROPHETE,  DICKSON**
**REGALADO, and TYRONE STEWART,**

                                        **Plaintiffs,**

   **-against-**


**RICHLAND & FALKOWSKI, PLLC and SN SERVICING**
**CORPORATION,**

                                        **Defendants.**
-------------------------------------------------------------------------------X

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANT RICHLAND & FALKOWSKI, PLLC'S MOTION TO DISMISS**</u>


                              Richland & Falkowski, PLLC
                              Daniel H. Richland, Esq.
                              5 Fairlawn Drive, Suite 204
                              Washingtonville, New York 10992
                              *Pro Se*

## <u>TABLE OF CONTENTS</u>

Preliminary Statement                                                                      1

Factual Background                                                                          2

Legal Standard under FRCP 12(b)(6)                                                          5

POINT:        Plaintiff's First Amended Complaint Fails to
              State a Claim and Therefore Must Be Dismissed                                 7

              A.  The First Amended Complaint Fails to Set Forth
                  Any Specific and Materially False, Misleading,
                  Or Deceptive Statements by Defendant Richland &
                  Falkowski, PLLC                                                          11

              B.  The Allegations in the Complaints in the FC Actions
                  are Not Misleading, Deceptive or False and No Least
                  Sophisticated Consumer Would Be Misled by That
                  Language                                                                 13

              CONCLUSION                                                                    16

## TABLE OF AUTHORITIES

*5-Star Mgmt. v. Rogers*, 940 F.Supp. 512 (EDNY 1996)    7

*Abdul-Rahman v. City of New York*, 10-cv-2778
    (EDNY March 27, 2012)    7

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*
    875 F.3d 128 (2nd Cir. 2017)    9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)    5, 6, 11

*Bapitst v. Glob. Holding Inc. Co., LLC*
    04-cv-2365(EDNY July 9, 2007)    9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)    5, 11

*Biswas v. Rouen*, 202 U.S. App. LEXIS 18418
    (2nd Cir. June 9, 2020)    6

*Cameron v. LR Credit 22, LLC*, 998 F.Supp.2d 293
    (SDNY 2014)    9

*Chambers v. Habitat Co.*, 68 F. Appx. 711 (7th Cir. 2003)    10

*Chambers v. Time Warner, Inc.*, 282 F.3d 147
    (2nd Cir. 2002)    6

*Cicalo v. Mcalla*, 16-cv-339(SRJ) (D. Conn. August 10, 2017)    10, 12

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75
    (2nd Cir. 2018)    8, 9

*Cores-Goolcharran v. Rosciki, Rosicki & Assoc., P.C.*
    17-cv-2976(FBS)(JB) (EDNY August 7, 2018)    9

*Craig v. Bank of N.Y. Mellon Corp.*, 10-cv-4438(SLT)(RML)
    (EDNY March 31, 2014)    11

*Deutsche Bank Nattional Trust Company v. Ould-Khattri*
    2022 N.Y. Slip. Op. 00167 (2nd Dept. January 12, 2022)    14

*Diaz v. Portfolio Recovery Assocs., LLC*
    10-cv-3920(MKB)(CLP) (EDNY May 24, 2012)    9

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (2nd Cir. 2010)    9

*Easterling v. Collecto, Inc.*, 692 F.3d 229 (2nd Cir. 2012)                    8

*Freeman v. Kirisits,* 2020 U.S. App. LEXIS 18432
    (2nd Cir. June 11, 2020)                    5

*Gabriele v. Am. Home Mortg. Servs., Inc.*, 503 F.Appx. 89
    (2nd Cir. 2012)                    8

*Gissendanner v. Enhanced Recovery Co., LLC*, 793 Fed. Appx. 5
    (2nd Cir. 2019)                    8

*Global Network Communs., Inc. v. City of New York*,
    458 F.3d 150 (2nd Cir. 2006)                    7

*Gold v. Shapiro Dicaro LLP*, 18-cv-6787(PKC)(SJB)
    (EDNY September 30, 2019)                    9, 10

*Greenidge v. Allstate Ins. Co.*, 446 F.3d 356 (2nd Cir. 2006)                    16

*Harris v. New York State Department of Health*,
    202 F.Supp.2d 143 (SDNY 2002)                    7

*Jensen v. Pressler & Pressler*, 791 F.3d 413 (3rd Cir. 2015)                    8

*Jones v. Nat'l Commun. & Surveillance Networks*,
    409 F. Supp.2d 456 (SDNY 2006)                    6

*Landow v. Wachovia Secs. LLC*, 966 F.Supp.2d 106
    (EDNY 2013)                    7

*Levine v. Pita Grill II*, 69 A.D.3d 496 (1st Dept. 2010)                    14

*McStay v. I.C. Sys.*, 308 F.3d 188 (2nd Cir. 2002)                    8

*Mohnkern v. Equifax Info Servs., LLC*, 19-cv-6446L
    (WDNY November 10, 2021)                    10

*Munno v. Town of Orangetown*, 391 F.Supp.2d 263
    (SDNY 2005)                    7

*Papasan v. Allain*, 478 U.S. 265 (1986)                    11

*Paushok v. Ganbold*, 20-cv-4769(JPC)(SDNY March 18, 2021)                    7

*P&K Marble, Inc. v. Pearce*, 168 A.D.2d 439 (2nd Dept. 1990)                    13

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236 (2nd Cir. 2002)          12

*Walker v. Pitnell*, 860 Fed. Appx. 210 (2nd Cir. 2021)          9, 12, 15

## STATUTORY AUTHORITIES

15 U.S.C. § 1692e          1, 8

15 U.S.C. § 1692f          1

## PRELIMINARY STATEMENT

Plaintiffs' First Amended Complaint ("FAC") purports to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, e(2), and (f)(1) against Defendant Richland & Falkowski, PLLC ("R&F") arising from the filing of a Summons and Complaint in eight unrelated mortgage foreclosure actions in New York, *to wit*, *BCMB1 Trust v. Elmine, et al*, bearing Index No.: 717009/2020 in the Queens County Supreme Court ("Elmine FC Action"), *BCMB1 Trust v. Cruz, et al*, bearing Index No.: 504189/2021 in the Kings County Supreme Court ("Cruz FC Action"), *NS194, LLC v. Prescott*, bearing Index No.: 502303/2021 in the Kings County Supreme Court ("Prescott FC Action"), *NS194, LLC v. Okoronkwo*, *et al*, bearing Index No.: 804084/2021E in the Bronx County Supreme Court ("Okoronkwo FC Action"), *NS194, LLC v. Prophete*, bearing Index No.: 502277/2021 in the Kings County Supreme Court, *BCMB1 Trust v. Quinn, et al*, bearing Index No.: 804209/2021 in the Erie County Supreme Court, *BCMB1 Trust v. Regalado, et al*, bearing Index No.: 715320/2020 in the Queens County Supreme Court, and *Star201, LLC v. Stewart, et al*, bearing Index No.: 807467/2021E in the Bronx County Supreme Court, collectively referred to as the ("FC Actions").

Plaintiffs' FDCPA claim, the only claim against Defendant R&F, must be dismissed because Plaintiffs have failed to plead sufficient factual allegations to make out a plausible claim of violation of the FDCPA.  Plaintiffs' claim is actually a dispute as to the amount due in the FC Actions, not as to any conduct of Defendant R&F except insofar as it commenced an action to recover upon the debts underlying the FC Actions.  Because there is no dispute that debts are, in fact, owed, the Plaintiffs need to plead sufficient factual matter to establish materially false, deceptive, or misleading statements by Defendant R&F.  Further, when the foreclosure complaints are read, as a whole, it is apparent that there is no materially false, deceptive, or misleading statements by Defendant R&F.  Hence, this action should be dismissed as against Defendant R&F.

1

## **FACTUAL BACKGROUND**

Plaintiff Javier Cruz and Plaintiff Rebecca Perez (collectively, the "Cruz Plaintiffs") acquired title to 132 Logan Street, Brooklyn, New York 11208 on or about March 13, 2006 ("Cruz Property").  **Exhibit A;** FAC ¶ 20.  To acquire the Cruz Property, the Cruzes gave a first mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage in the principal sum of $335,000.00.  FAC ¶ 21.  On February 27, 2007, the Cruzes refinanced the Cruz Property and gave a first mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for America's Wholesale Lender for $344,000.00.  FAC ¶¶ 23, 29.  On the same date, the Cruzes also gave a mortgage to Countrywide Bank, N.A. for $25,000.00.  **Exhibit D;** FAC ¶ 29.  The Cruzes paid the second mortgage for two years and then, ultimately, defaulted in making the May 1, 2009 payment.  **Exhibit C**, Schedule E.  The outstanding principal balance due under the second mortgage is $21,779.47.  *Id.*  On February 22, 2021, BCMB1 Trust commenced the Cruz FC Action.  **Exhibit C**; FAC ¶ 33.

Plaintiff Marie Baptiste-Elmine and Plaintiff Freddy Elmine (collectively, the "Elmine Plaintiffs") acquired title to 119-12 220th Street, Cambria Heights, New York 11411 ("Elmine Property") on or about September 26, 2006.  **Exhibit D**; *cf.* FAC ¶ 42.  Insofar as relevant, the Elmine Plaintiffs and Countrywide Home Loans, Inc. consolidated several prior mortgages, including from WMC Mortgage Corporation, into a single lien of $433,000.00 on or about September 26, 2006.  **Exhibit E**; FAC ¶¶ 43-46.  On January 17, 2007, the Elmine Plaintiffs gave Countrywide Home Loans, Inc. a second mortgage in the sum of $37,450.00.  **Exhibit G**; *cf.* FAC ¶ 48.  The Elmine Plaintiffs paid the mortgage for nearly two years and then defaulted on the January 1, 2009 payment.  **Exhibit G**, Schedule E; FAC ¶ 50.  The outstanding principal balance

for this loan is $35,623.89.  *Id.*  On September 28, 2020, BCMB1 Trust commenced the Elmine FC Action.  **Exhibit G;** FAC ¶ 56.

Plaintiff Yvonne Jones ("Jones Plaintiff") acquired title to 346 Lott Avenue, Brooklyn, New York 11212 ("Jones Property") on or about February 17, 2006 for $328,900.00.  **Exhibit H**; FAC ¶ 64.  On the same date, the Jones Plaintiff gave a first mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Fremont Investment & Loan for $263,120.00.  FAC ¶ 68.  On the same date, the Jones Plaintiff also gave a second mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Fremont Investment & Loan for $65,780.00.  **Exhibit I;** FAC ¶ 68.  In sum, these two loans paid the Jones Plaintiff's entire purchase price for the Jones Property.  *Cf.* FAC ¶ 68.  The Jones Plaintiff made her April 2006, May 2006, and June 2006 payments, before defaulting on the July 1, 2006 payment.  **Exhibit J,** Schedule E; FAC ¶ 71.  The outstanding principal balance on this loan is $65,694.67.  **Exhibit J;** Schedule E.  On January 28, 2021, NS194, LLC commenced the Jones FC Action.  **Exhibit J;** FAC ¶ 75.

Plaintiff Alicia Quinn a/k/a Alicia Lombardo ("Quinn Plaintiff") purchased 204 Sherbrooke Avenue, Buffalo, New York 14221 ("Quinn Property") in April of 2005.  FAC ¶ 82. Insofar as is relevant, on February 15, 2007, Quinn Plaintiff gave a Mortgage to Countrywide Home Loans, Inc. in the amount of $22,200.00.  **Exhibit K;** FAC ¶ 88.  The Quinn Plaintiff made payments for more than three years, ultimately defaulting on May 1, 2010.  **Exhibit L**, Schedule E; *cf.* FAC ¶ 90.  The outstanding principal balance due under the Note and Mortgage is $19,647.03.  **Exhibit L,** Schedule E.  On March 30, 2021, BCMB1 Trust commenced the Quinn FC Action.  **Exhibit L**.

Plaintiff Ochieze Okoronkwo and Plaintiff Prescilia Okoronkwo (collectively, the "Okoronkwo Plaintiffs") purchased 32-30 Mickle Avenue, Bronx, New York 10469 on January 17, 2006. **Exhibit M;** FAC ¶ 104. On the same date, the Okoronkwo Plaintiffs gave, as part of their purchase, a Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for WMC Mortgage Corp. for $340,000.00. FAC ¶ 112. In addition, on the same date, the Okoronkwo Plaintiffs gave, as part of their purchase, a Mortgage to WMC Mortgage Corp. for $85,000.00. **Exhibit N;** FAC ¶ 112. The Okoronkwo Plaintiffs made payments for more than two years, ultimately defaulting on October 1, 2009. **Exhibit O,** Schedule E. The outstanding principal balance is $85,082.68. *Id.* On March 24, 2021, NS194, LLC commenced the Okoronkwo FC Action. **Exhibit O**; FAC ¶ 124.

On May 20, 2005, Plaintiff Rose Prophete ("Prophete Plaintiff") purchased 15 Paerdegat 6th Street, Brooklyn, New York 11236 ("Prophete Property"). **Exhibit P**; FAC ¶ 129. On August 15, 2006, Prophete Plaintiff consolidated her existing indebtedness with Fairmont Funding, Ltd. into a single lien of $504,000.00. **Exhibit Q;** FAC ¶ 134**.** On August 16, 2006, the Prophete Plaintiff gave a Mortgage to Fairmont Funding Ltd. for $63,000.00. **Exhibit R;** FAC ¶ 134. After more than two years, the Prophete Plaintiff defaulted in repayment on the Note on January 1, 2009. **Exhibit S**, Schedule E. The outstanding principal balance is $61,932.31. *Id.* On January 28, 2021, NS194, LLC commenced the Prophete FC Action. **Exhibit S;** FAC ¶ 140.

On October 18, 2006, Plaintiff Dickson Regalado ("Regalado Plaintiff") purchased 132-11 85th Street, Ozone Park, New York 11417 ("Regalado Property"). **Exhibit T;** FAC ¶ 150. To acquire the Regalado Property, the Regalado Plaintiff gave two mortgages for the entire purchase price. On October 18, 2006, the Regalado Plaintiff gave a Mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for America's Wholesale Lender for

$318,848.00.  **FAC ¶ 155**.  On the same date, the Regalado Plaintiff gave a Mortgage to Countrywide Bank, N.A. for $79,712.00.  **Exhibit U; FAC ¶ 155**.  After four years of payments, the Regalado Plaintiff defaulted on November 1, 2010.  **Exhibit V**, Schedule E.  The outstanding principal balance is $76,962.15.  *Id*.  On September 9, 2020, BCMB1 Trust commenced the Regalado FC Action.  **Exhibit V; FAC ¶ 165**.

On June 30, 2004, Plaintiff Tyrone Stewart ("Stewart Plaintiff") purchased 947 East 213th Street, Bronx, New York for no consideration.  **Exhibit W; FAC ¶ 172**.  On the same date, Stewart Plaintiff gave a first mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Greenpoint Mortgage Funding, Inc. in the principal sum of $240,000.00.  On June 12, 2006, the Stewart Plaintiff gave a mortgage to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Capital One Home Loans, LLC in the sum of $70,000.00.  **Exhibit X; FAC ¶ 179**.  After three years of payments, the Stewart Plaintiff defaulted on repayment on July 16, 2009.  **Exhibit AAA**, Schedule E.  The outstanding principal balance is $61,942.12.  *Id*. On May 28, 2021, Star201, LLC commenced the Stewart FC Action.  **Exhibit AAA; FAC ¶ 188**.

## LEGAL STANDARD UNDER FRCP 12(B)(6)

The legal standard for a motion to dismiss is well settled.  "A complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Freeman v. Kirisits*, 2020 U.S. App. LEXIS 18432 (2nd Cir. June 11, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is plausible when the pleaded facts 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Though the Court must accept factual allegations as true, 'mere conclusory statements' and legal conclusions 'are not entitled to the assumption of trust.'"  *Id*.

(citing *Iqbal*, 556 U.S. at 678-679)); *see also Biswas v. Rouen*, 202 U.S. App. LEXIS 18418 (2nd Cir. June 9, 2020) (citing *Iqbal*, 556 U.S. at 678 ("Although 'a court must accept as true all of the allegations contained in a complaint,' this tenet is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 554. "The plausibility standard requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678. In the context of a RICO claim, conclusory allegations are insufficient to survive a motion to dismiss. *Jones v. Nat'l Commun. & Surveillance Networks*, 409 F.Supp.2d 456, 473 (SDNY 2006). Here, the vast bulk of Plaintiffs' allegations are formulaic recitations, conclusory allegations, legal conclusions, and rote recitations of necessary elements. Very few contains "factual matter."

In the context of a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2nd Cir. 2002) (citations omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.* (citations omitted). Hence, documents upon which Plaintiff relied in framing the allegations in the complaint are also part of the complaint. *Id.* at 153 ("we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion…"). "In

most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim – was not attached to the complaint."   *Global Network Communs., Inc. v. City of New York*, 458 F.3d 150 (2nd Cir. 2006) (citations omitted).   "The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting."   *Id.*

Your Honor may also "'take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.'"   *Landow v. Wachovia Secs., LLC*, 966 F. Supp.2d 106, 119 (EDNY 2013) (citing *Harris v. New York State Department of Health*, 202 F.Supp.2d 143, 173 n. 13 (SDNY 2002); *see also Munno v. Town of Orangetown*, 391 F.Supp.2d 263, 268 (SDNY 2005); *Abdul-Rahman v. City of New York*, 10-cv-2778 (EDNY March 27, 2012); *5-Star Mgmt. v. Rogers*, 940 F.Supp. 512, 518-519 (EDNY 1996)).

**POINT:       PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AND THEREFORE MUST BE DISMISSED.**

"To plead a claim under the FDCPA, a plaintiff must allege that: '(1) the plaintiff [is] a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt'; '(2) the defendant collecting the debt is considered a 'debt collector''; and '(3) the defendant has engaged in any act or omission in violation of the FDCPA requirements.'"   *Paushok v. Ganbold*, 20-cv-4769(JPC) (SDNY March 18, 2021).   The instant motion to dismiss is

directed to the third element[1], whether the Plaintiffs have sufficiently pled that the defendant has engaged in any act or omission in violation of the FDCPA requirements.

"Section 1692e prohibits debt collectors from making 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2nd Cir. 2018). "Whether a communication is 'false, deceptive, or misleading' under § 1692e 'is determined from the perspective of the objective least sophisticated consumer.'" *Id.* at 85 (citing *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2nd Cir. 2012)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* "However, we have explained that 'not every technically false representation by a debt collector amounts to a violation of the FDCPA,' and 'FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice.'" *Id.* (citing *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F.Appx. 89, 94 (2nd Cir. 2012); *Easterling*, 692 F.3d at 233-234)). Indeed, "[i]n applying the least-sophisticated consumer standard, we do so mindful that 'other courts have head that even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Gissendanner v. Enhanced Recovery Co., LLC*, 793 Fed. Appx. 5, 7 (2nd Cir. 2019). That specifically includes reading the *entire* document. *McStay v. I.C. Sys.*, 308 F.3d 188, 191 (2nd Cir. 2002).

In addition, the "false, deceptive, or misleading statement" element is subject to a materiality requirement. *Cohen*, 897 F.3d at 85. " '[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer].'" *Id.* (citing *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3rd Cir. 2015)).

---

[1] Defendant R&F does not concede the first two elements, but assumes their satisfaction for the purposes of this motion.

Accordingly, "the materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'" *Id.* at 86 (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-1034 (9th Cir. 2010).

Most recently, in *Walker v. Pitnell*, the Second Circuit affirmed the dismissal of an FDCPA claim under Rule 12(b)(6). 860 Fed. Appx. 210, 212 (2nd Cir. 2021). Specifically, "Walker did not allege sufficient facts to support a conclusion that Pitnell's statements were material." *Id.* The Second Circuit explained that a misrepresentation in a foreclosure filing which is "not deceptive as to the nature or legal status of [the] debt" and "would not have prevented the least sophisticated consumer from responding to or disputing the action" is not material. *Id.* at 212.

The FAC, and Plaintiffs' theory of the case, is erroneously premised under the notion that the interposition of a foreclosure complaint which, *inter alia*, seeks potentially time barred interest, necessarily violates the FDCPA. FAC ¶ 206; ECF Dkt. No. 16. It remains unproven, in either the FC Actions or this action, that any complaint in the FC Action actually seeks time barred interest or principal and there has been no adjudication in any FC Action that any portion of the principal and interest is time barred.

There is no dispute that a completely time barred debt, which a debt collector seeks to enforce, violates the FDCPA as "deceptive means." *See, e.g. Cortes-Goolcharran v. Rosicki, Rosicki & Assoc., P.C.,* 17-cv-2976(FBS)(JB)(EDNY August 7, 2018); *Cameron v. LR Credit 22, LLC,* 998 F.Supp.2d 293, 300 (SDNY 2014); *Diaz v. Portfolio Recovery Assocs., LLC,* 10-cv-3920(MKB)(CLP) (EDNY May 24, 2012); *Baptist v. Glob. Holding Inc. Co., LLC,* 04-cv-2365 (EDNY July 9, 2007); *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135, 136-138 (2nd Cir. 2017); *Gold v. Shapiro Dicaro LLP*, 18-cv-6787(PKC)(SJB) (EDNY September 30,

2019).  In all of these cases, the underlying debt itself was completely time barred and unenforceable and then sought to be enforced by a debt collector.  That is not this case.

Instead, the FAC asserts a "disputed debt" case where the parties dispute the exact, correct amount of the debt in an underlying action.  In these cases, the parties either disagree on whether the debt is valid at all or dispute how much is exactly owed.  The former are generally dismissed since the only FDCPA "violation" arises from the fact of enforcement, not the *means* of enforcement by the debt collector.  *Mohnkern v. Equifax Info Servs., LLC*, 19-cv-6446L (WDNY November 10, 2021) ("[T]he FDCPA is concerned with unlawful debt collection practices, not mere disputes over the legality of the underlying debts") (citing *Chambers v. Habitat Co.*, 68 F.Appx. 711, 715 (7th Cir. 2003).

The latter cases proceed as "inaccuracy" cases where the Court is then called upon to determine, as a matter of law, whether the inaccuracy is "material."  *Cicalo v. McCalla*, 16-cv-339(SRJ) (D. Conn. August 10, 2017) (collecting cases and noting the 4th Cir. has expressed skepticism that *de minimis* misstatements of amount owed are actionable under FDCPA).  The general rule of thumb appears to be a 10% threshold off of the *stated* amounts for material inaccuracy.  *Id.*  And the context of these cases is invariably letters, with detailed payoff breakdowns, not foreclosure pleadings.

Because Plaintiff's theory of the case is erroneous, the FAC fails to plead the necessary factual matter necessary for this Court to consider on an FRCP 12(b)(6) motion to dismiss for failure to state a claim.  Hence, dismissal should eventuate.

**A. The First Amended Complaint Fails to Set Forth Any Specific and Materially False, Misleading, or Deceptive Statements by Defendant Richland & Falkowski, PLLC.**

The FAC is subject to dismissal under FRCP 12(b)(6) because it fails to plausibly plead the third element of an FDCPA claim, that Defendant R&F made a "false, misleading, or deceptive" statement to any plaintiff, let alone a material one.

"While Rule 8 'does not require detailed factual allegations,'…it demands more than an unadorned, the defendant-unlawfully harmed-me accusation.'" *Craig v. Bank of N.Y. Mellon Corp.*, 10-cv-4438(SLT)(RML) (EDNY March 31, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiffs' entire allegations regarding Defendant R&F are contained in FAC ¶¶ 38. 59, 77, 100, 126, 142, 167, 192, and 206.  FAC ¶¶ 38, 59, 77, 100, 126, 142, 167, and 192 are effectively the same allegation, repeated for each plaintiff that, "The foreclosure complaint purported to seek collection of individual payments due from [DATE] to the date of filing in [DATE], including payments that were due more than six years prior, whose collection were barred by the governing New York Statute of Limitations."  FAC ¶ 206 conclusorily recites that, "(1) misrepresented the amount owed on all of Plaintiffs' mortgage loans, (2) attempted to collect incorrect amounts including payments that are not owed on their mortgage loans because they are outside the governing statute of limitations, and (3) attempted to collect an amount not authorized by agreement or permitted by law."  All of these allegations are conclusory because they are

11

Plaintiffs' allegations about what purported allegations in the complaints in the FC Action mean, rather than what the complaints in the FC Action *actually* say.   As noted, *supra*, Plaintiff's allegations are thus legal conclusions, not factual assertions, and fail to plausibly plead an FDCPA claim.   *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2nd Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citations omitted).

As noted, *supra*, this is a disputed debt case.   The crux of Plaintiffs' claims revolve around, *inter alia*, the premise that some portion of the sums sought in the complaints in the FC Actions is time barred.   *See, e.g.* FAC ¶¶ 38. 59, 77, 100, 126, 142, 167, 192, and 206.   FAC ¶¶ 38, 59, 77, 100, 126, 142, 167, 192, and 206.   However, Plaintiffs do not allege that any of the underlying FC Actions are completely time barred or previously accelerated.

Hence, in pleading an FDCPA claim against Defendant R&F, Plaintiffs are obligated to plead the specific misrepresentation allegedly made in each complaint in the FC Action, how it would mislead the least-sophisticated consumer, and to state, with specificity, the precise overcharge made in the complaint in the FC Action.   *Cicalo v. McCalla*, 16-cv-339(SRJ) (D. Conn. August 10, 2017).   None of this information should be unknown to Plaintiffs at this juncture.   And, without these allegations, the Court cannot ascertain the materiality of the alleged misrepresentation, as required on a Rule 12(b)(6) motion to dismiss.   *Walker,* 860 Fed. Appx. at 212; *Cicalo*, 16-cv-339.

The Plaintiffs' failure to plead sufficient facts from which this Court can deduce a plausible claim of material misrepresentation under the FDCPA warrants dismissal.   *Id.*

**B. The Allegations in the Complaints in the FC Actions are Not Misleading, Deceptive or False and No Least Sophisticated Consumer Would be Misled by Their Language.**

Plaintiffs' FDCPA claim should also be dismissed because the complaints in the FC Actions, when viewed in their entirety, are not misleading. **Exhibit C**, **Exhibit G**, **Exhibit J**, **Exhibit L, Exhibit O, Exhibit S, Exhibit V, Exhibit Y**. In the absence of a false, misleading, or deceptive representation or means by Defendant R&F, Plaintiffs' FDCPA claim cannot lie.

Each complaint, for our purposes, is identical as to the representations made therein. In each complaint, ¶ TWELFTH states, "That 'Schedule E' sets forth the principal balance due and the date and rate from which interest accrued and is owing from the defendant(s) default." Schedule E then recites three lines, "Principal Balance" with a dollar figure, "Interest at [X.XX]% annum from [DATE], with <u>no</u> dollar figure, and "Additional charges, costs and fees incurred in connection with the default as provided for in the Note and Mortgage and/or Loan Modification Agreement if modified." Finally, the "WHEREFORE" clause states, in relevant part, that "plaintiff demands judgment adjudging and decreeing the amount due it for principal, interest, costs and reasonable attorneys' fees, if provided for in the bond(s), note(s) or mortgages…". Each of these three sections, as made in each complaint, are true and accurate and they must be read together.

First, ¶ TWELFTH and Schedule E do set forth the outstanding principal balance asserted by each plaintiff, in each action, according to its records. Their purpose is to set forth the maximum sums the plaintiffs in each action can seek in the event of a default. *See, e.g. P&K Marble, Inc. v. Pearce*, 168 A.D.2d 439, 439-440 (2nd Dept. 1990) ("However, it is established law that '[a] default judgment cannot exceed in amount or differ in the kind of relief from that demanded in the complaint"). Under New York law, the Statute of Limitations, as an affirmative defense, is waived if not affirmatively raised, including by default. *See, e.g. Levine v. Pita Grill II*, 69 A.D.3d 496

13

(1st Dept. 2010).   Hence, ¶ TWELFTH and Schedule E correctly and accurately reflect the maximum the plaintiffs in the FC Actions could or would be able to obtain in damages in the event of a Plaintiffs' default in those actions.

However, the reach of ¶ TWELFTH and Schedule E is limited by the "WHEREFORE" clause, which correctly notes that, even on default, the New York Supreme Court will ultimately determine how much principal, interest, etc. each plaintiff in each FC Action can actually recover. While the complaints in the FC Actions represent the *maximum* obtainable, the Supreme Court may award less, in its discretion.

For example, in *Deutsche Bank National Trust Company v. Ould-Khattri*, the Second Department recently imposed an approximately three year equitable toll on interest awarded to the plaintiff due to "excessive delay" in prosecuting the foreclosure action.  2022 N.Y. Slip. Op. 00167 (2nd Dept. January 12, 2022).   The Second Department explicitly noted, "In an action of an equitable nature, the recovery of interest is within the court's discretion.   The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party." *Id.*

While I do not believe the objective least sophisticated consumer would understand the legal reasons *why* the complaints in the FC Actions read the way they do, the least sophisticated consumer *would* understand, after reading the entire complaint, and particularly ¶ TWELFTH, Schedule E, and the "WHEREFORE" clause, that the sums sought in the complaints in the FC Actions are the maximum that can be sought and that the Supreme Court may award less.  At a minimum, the least sophisticated consumer would realize he needed to consult with an attorney to protect his rights.

None of this is "deceptive" as to the "nature or legal status of [each Plaintiff's] debt." *Walker*, 860 Fed. Appx. at 212. The complaints in the FC Action correctly note that the source of the debt is a Note, signed by the Plaintiffs respectively, and which they admit to executing. FAC ¶¶ 29, 48[2], 69, 88, 112, 134, 155, 179. And there is no dispute that each complaint in the FC Action seeks to enforce enforceable debts evidenced by notes. No plaintiff claims that any of these loans were previously accelerated or that more than six years have elapsed since maturity. FAC ¶ 1, *et seq*. Hence, the Plaintiffs do not dispute that a valid foreclosure, for example, can be maintained upon each of the instruments, that they do not owe a debt, or that the debt is unenforceable in its entirety.

Nor can Plaintiffs aver that these representations would have "prevented the least sophisticated consumer from responding to or disputing the action." *Walker*, 860 Fed. Appx. at 212. As a matter of law, the "central purpose of a complaint is to provide the defendant with notice of the claims asserted against it." *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2nd Cir. 2006). The least sophisticated consumer, from the mere receipt of a foreclosure pleading, would be objectively presumed to understand that they are being sued and need to respond or dispute the action to avoid default.

Accordingly, Plaintiffs have no claim against Defendant R&F under the FDCPA and the first cause of action should be dismissed.

---

[2] FAC ¶ 48 is facially implausible and nigh ridiculous. Plaintiffs are asking this Court to believe that two loans, four months apart, were both originated on the same date. *Compare* FAC ¶ 48 *with* **Exhibit E, Exhibit F**. The CEMA and second mortgage were notarized by different notaries on different dates. To be clear, **Exhibit E** was recorded prior to the execution and notarization of **Exhibit F**.

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion to dismiss must be granted in its

entirety and Plaintiffs' first cause of action dismissed.

DATED:   January 18, 2022
         Washingtonville, NY

_____
Daniel H. Richland, Esq.
Richland & Falkowski, PLLC
5 Fairlawn Drive, Suite 204
Washingtonville, New York 10992
*Pro Se*