Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 1 of 57 PageID #: 510

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

--------------------------------------------------------------------------------X

BCMB1 TRUST,

**Plaintiff,**

-against-

ALICIA QUINN AKA ALICIA D. QUINN AKA ALICIA
LOMBARDO, DAVID LOMBARDO, ADMINISTRATOR OF
THE SMALL BUSINESS ADMINISTRATION, CAPITAL
ONE BANK (USA) N.A., UNIFUND CCR, LLC, CREDIT
ACCEPTANCE CORPORATION, PEOPLE OF THE STATE
OF NEW YORK C/O KENMORE VILLAGE COURT, NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE,
BUFFALO & ERIE COUNTY REGIONAL DEVELOPMENT
CORP., TOWN OF AMHERST and "JOHN DOE No. 1 through
JOHN DOE No. 99", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a
lien against the premises,

**Defendants.**

--------------------------------------------------------------------------------X

Index No.: _____

**SUMMONS**

**Mortgaged Premises:**
204 Sherbrooke Avenue
Buffalo, NY 14221

TO THE ABOVE-NAMED DEFENDANTS(S):

    **YOU ARE HEREBY SUMMONED** and required to appear by serving an answer to the
annexed Complaint upon Plaintiff's attorney, at the address stated below, within twenty (20)
days after service of this summons, exclusive of the day of service (or within thirty (30) days
after the service is complete if this Summons is not personally delivered to you within the State
of New York); and in the case of your failure to appear or answer, judgment will be taken against
you for the relief demanded in the Complaint, together with the costs of this action.

Dated: February 9, 2021
      Astoria, New York

                Richland & Falkowski, PLLC

                Michal Falkowski, Esq.
                35-37 36th Street, 2nd Floor
                Astoria, NY 11106
                Phone: 212-390-8872
                Email: mfalkowski@rflegal.net
                *Attorneys for Plaintiff*

1

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 2 of 57 PageID #: 511

## NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

2

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 3 of 57 PageID #: 512

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

-------------------------------------------------------------------------------X

BCMB1 TRUST,                                          Index No.: _____

                                    **Plaintiff,**

         **-against-**                                          **COMPLAINT**

ALICIA QUINN AKA ALICIA D. QUINN AKA ALICIA          **Mortgaged Premises:**
LOMBARDO, DAVID LOMBARDO, ADMINISTRATOR OF            204 Sherbrooke Avenue
THE SMALL BUSINESS ADMINISTRATION, CAPITAL            Buffalo, NY 14221
ONE BANK (USA) N.A., UNIFUND CCR, LLC, CREDIT
ACCEPTANCE CORPORATION, PEOPLE OF THE STATE
OF NEW YORK C/O KENMORE VILLAGE COURT, NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE,
BUFFALO & ERIE COUNTY REGIONAL DEVELOPMENT
CORP., TOWN OF AMHERST and "JOHN DOE No. 1 through
JOHN DOE No. 99", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a
lien against the premises,

                                    **Defendants.**

-------------------------------------------------------------------------------X

         Plaintiff BCMB1 TRUST ("Plaintiff") by its attorney, Richland & Falkowski, PLLC

complaining of the defendants, alleges, upon information and belief as follows:

         **FIRST:**        Plaintiff is a trust having a principal place of business at 2001 Biscayne

Blvd., Suite 117-262, Miami, Florida 33137, authorized to transact business in the State of New

York.

         **SECOND:**       Upon information and belief, at all times hereinafter mentioned, the

defendant(s) reside or conduct business at the address set forth in "Schedule A" annexed hereto

(any that are corporations being organized and existing under the laws of the State set forth

herein), and are made defendants in this action in the capacities and for the reasons alleged

therein.

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 4 of 57 PageID #: 513

**THIRD:**    That the Internal Revenue Service United States of America, New York State Department of Taxation and Finance and all other agencies or instrumentalities of the Federal, State or local government, however designated, if named as defendants, are made parties solely by reason of the facts set forth in the annexed "Schedule B."

**FOURTH:**    That heretofore, to secure a sum of money to the stated Lender, its successor and assigns, the defendant duly executed, acknowledged and delivered to the stated Lender, a certain bond(s) or note(s) whereby he bound his successors or heirs, executors, administrators and assigns, jointly and severally, in the amount of said sum, as more fully described in the annexed "Schedule C," said schedule being a copy of the bond(s) or note(s), or accurate reference to the assumption agreement( s) evidencing indebtedness to plaintiff, together with the terms of repayment of said sum and rights of the plaintiff.

**FIFTH:**    Plaintiff is the holder of the Note referenced in paragraph FOURTH and entitled to enforce the Note. The Note was payable to Plaintiff or indorsed (specifically or in blank) and negotiated to Plaintiff. A copy of the Note with the indorsement(s) and/or allonge(s) is annexed hereto as Schedule "C".

**SIXTH:** That as security for the payment of said indebtedness, a Mortgage(s) was executed as annexed hereto in "Schedule D," acknowledged and delivered to the stated Lender/Mortgagee, its successors and assigns, wherein the named mortgagor or mortgagors bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter, the "Mortgaged Premises") under certain conditions with rights, duties and privileges between the parties as described therein.

**SEVENTH:** The Mortgage is currently held by Plaintiff. As such, Plaintiff is the current beneficiary of the Mortgage securing the Note, the originals of which are in Plaintiff's

Page 2 of 5

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 5 of 57 PageID #: 514

possession and control, and Plaintiff is otherwise entitled to enforce the subject Mortgage and Note pursuant to law.

**EIGHTH:** That said mortgage(s) was duly recorded and the mortgage tax(es) due thereon was duly paid in the County Clerk's Office at the place and time that appears therein.

**NINTH:** That Plaintiff has complied with all applicable provisions of the RPAPL § 1304, § 1306 and Banking Law, and specifically with Banking Law § 595-a and 6-1 and 6-m if applicable, in securing the aforementioned indebtedness and at all times thereafter. The NYS DFS tracking number is NYS5326594.

**TENTH:** That the defendant(s), ALICIA QUINN AKA ALICIA D. QUINN AKA ALICIA LOMBARDO has failed to comply with the conditions of the mortgage(s) or bond(s) by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more fully described in "Schedule E".

**ELEVENTH:** That plaintiff elects herein to call due the entire amount secured by the mortgage(s) as more than thirty (30) days have elapsed since the date of default.

**TWELFTH:** That "Schedule E" sets forth the principal balance due and the date and rate from which interest accrued and is owing from the defendant(s) default.

**THIRTEENTH:** That in order to protect its security, the plaintiff has paid, if set forth in "Schedule E", or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage(s) and be adjudged a valid lien on the Mortgaged Premises.

Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 6 of 57 PageID #: 515

**FOURTEENTH:** That the defendants herein have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the plaintiff's mortgage(s).

**FIFTEENTH:** That the plaintiff is now the true and lawful holder of the said bond(s)/note(s) and is mortgagee of record or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and that there have been no other prior proceedings, at law or otherwise, to collect or enforce the bond(s)/note(s) or mortgage(s) and no such proceedings are currently pending.

**SIXTEENTH:** That Schedules "A", "B", "C", "D", and "E", be incorporated and made part of the Complaint with the same force and effect as if they were completely and fully set forth wherever reference is made to them herein.

**SEVENTEENTH:** The plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

**WHEREFORE,** plaintiff demands judgment adjudging and decreeing the amounts due it for principal, interest, costs and reasonable attorneys', fees if provided for in the bond(s), note(s) or mortgage(s), and that the defendants, and any persons claiming by, through or under them subsequent to the commencement of this action, and every other person or corporation whose right, title, conveyance, or encumbrance of the Mortgaged Premises is subsequent or recorded subsequent to the plaintiff's interest, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in and to the Mortgaged Premises; that the Mortgaged Premises, or part thereof, be decreed to be sold according to law as may be necessary to raise the amounts

FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM INDEX NO. 804209/2021
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 03/30/2021

due for principal, interest, costs, allowances and disbursements, together with any monies advanced and paid by the plaintiff; that the plaintiff be paid the amounts due on said bond(s), note(s) and-mortgage(s), and any sums paid by the plaintiff to protect the lien of its mortgage(s) out of the proceeds from the sale thereof, with interest thereon from the respective dates of payment thereof, costs and expenses of this action and reasonable attorneys' fees, if provided for in the bond(s), note(s) or mortgage(s), provided the amount of the sale proceeds permits said payment; that any of the parties hereto may purchase the Mortgaged Premises at sale; that this Court, if requested, forthwith appoint a Receiver of the rents and profits of the Mortgaged Premises with the usual powers and duties associated therewith; that the defendant(s) referred to in paragraph "TENTH" be adjudged to pay any remaining deficiency; and such other or further relief as may be just and equitable, unless the defendant(s) obtained a bankruptcy discharge and such other or further relief as may be just and equitable. The plaintiff hereby reserves its right to share in surplus monies from the sale by virtue of its position as a judgment or other lien creditor, excluding the mortgage(s) foreclosed herein.

Dated: February 9, 2021
       Astoria, New York

                     Richland & Falkowski, PLLC

                     Michal Falkowski, Esq.
                     35-37 36th Street, 2nd Floor
                     Astoria, NY 11106
                     Phone: 212-390-8872
                     Email: mfalkowski@rflegal.net
                     *Attorneys for Plaintiff*

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 8 of 57 PageID #: 517

## SCHEDULE A - DEFENDANTS

| | |
|---|---|
| Alicia Quinn aka<br>Alicia D. Quinn aka Alicia Lombardo<br>204 Sherbrooke Avenue<br>Amherst, NY 14221 | Certified Owner/Mortgagor |
| David Lombardo<br>204 Sherbrooke Avenue<br>Amherst, NY 14221 | Certified Owner |
| Capital One Bank (USA) N.A.<br>11680 Capital One Drive<br>McLean, VA 22102 | Judgment Creditor |
| Unifund CCR, LLC<br>10625 Techwoods Circle<br>Cincinnati, OH 45242 | Judgment Creditor |
| Credit Acceptance Corporation<br>25505 West Twelve Mile Road<br>Southfield, MI 48034 | Judgment Creditor |
| "JOHN DOE No. 1 through JOHN DOE No. 99" | Said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises |

## SCHEDULE B - DEFENDANTS

| | |
|---|---|
| Administrator of the Small Business Administration<br>801 Tom Martin Drive, Suite 120<br>Birmingham, AL 35211 | Subordinate Mortgagee |
| People of the State of New York<br>c/o Kenmore Village Court<br>2919 Delaware Avenue, 2nd Floor, #26<br>Kenmore, NY 14217 | Judgment Creditor |
| New York State Department of Taxation & Finance<br>W.A. Harriman Campus, Building 9<br>Albany, NY 12227 | Judgment Creditor/Subordinate Mortgagee |
| Buffalo & Erie County Regional Development Corp.<br>275 Oak Street # 150<br>Buffalo, NY 14203 | Judgment Creditor |
| Town of Amherst<br>5583 Main Street<br>Williamsville, NY 14221 | Judgment Creditor |

**FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM**
INDEX NO. 804209/2021
NYSCEF DOC. NO. 1  Case 1:21-cv-04994-RPK-PK  Document 27-13  Filed 03/07/22  Page 10 of 57 PageID #: 519
RECEIVED NYSCEF: 03/30/2021

COVER SHEET REV 20091109



## ERIE COUNTY CLERKS OFFICE
### County Clerk's Recording Page

Return To:

    ATTN PLANNING DEPT
    TOWN OF AMHERST
    5583 MAIN ST
    WILLIAMSVILLE NY 14221

Party 1:
**TOWN OF AMHERST**

Party 2:

Book: **11184**    Page: **5818**

Page Count: **3**

Doc Type: **CONSENSUAL LIEN**

Rec Date: **07/07/2010**

Rec Time: **02:47:08 PM**

Control #: **2010119805**

User ID: **lld**

Trans Num: **916275**

DEED SEQ:

MTG SEQ:

UCC:

SCAR:

INDEX:

| Recording Fees: | | Consideration Amount: | $3,295.00 |
|---|---|---|---|
| RECORDING | $35.00 | BASIC | $0.00 |
| COE CO $1 RET | 1.00 | SONYMA | $0.00 |
| COE STATE $14.25 GEN | $14.25 | ADDL | $0.00 |
| COE STATE $4.75 RM | $4.75 | NFTA MT | $0.00 |
| | | TRANSFER | $0.00 |
| | | NFTA TT | $0.00 |

Total:    **$55.00**

**STATE OF NEW YORK**
**ERIE COUNTY CLERK'S OFFICE**

**WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT,**
**REQUIRED BY SECTIONS 319&316-a (5) OF THE REAL PROPERTY LAW**
**OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.**

    **Kathleen C. Hochul**
    **County Clerk**

Book11184/Page5818

## AGREEMENT FOR CONSENSUAL LIEN

THIS AGREEMENT, made this 12th day of March, 2010 by and between the TOWN OF AMHERST, a municipal corporation of the State of New York with principal offices located at 5583 Main Street, Williamsville, New York, 14221 (hereinafter referred to as "TOWN") and Alica D. Quinn residing at 204 Sherbrooke Avenue, Williamsville, NY 14221 (hereinafter call the "OWNER").

WHEREAS, the Town has established a Community Development Program (formerly known as the Neighborhood Preservation Program) pursuant to and funded under Title I of the Housing and Urban Development Act of 1974, and its amendments, and Title II of the National Affordable Housing Act of 1990, to encourage and assist the residential rehabilitation process in the Town, and

WHEREAS, the Owner(s) has applied through the Town of Amherst and been awarded a housing rehabilitation loan under the Community Development Program for rehabilitating the property at 204 Sherbrooke Avenue, Mapcover 2103, Farmlot 54, Township 12, Range 7, Size 65 x 151 Amherst, New York (tax account number SBL #69.05-2-11 hereinafter called the "PREMISES"), and represented by the Owner as being owned by her/him.

NOW, THEREFORE, the Town and the Owner(s) agree as follows:    ($3,295.00)

1. Housing Rehabilitation Loan Funds not to exceed in the aggregate the sum of

Three thousand, two-hundred ninety-five and 00/100 dollars

shall be made available to the Owner by the Town of Amherst for the exclusive purpose of rehabilitating the Premises. This rehabilitation will be consistent with the applications and documents submitted by the Owner with respect to this grant, the fiscal guidelines and procedures established by the Town, and the Housing and Community Development Act, as amended, and the regulations promulgated there under.

2. The Owner agrees that upon cessation of occupancy by the Owner, the sale or transfer, by conveyance, inheritance or otherwise, to a person other than the Owner's spouse or foreclosure of the premises which are the subject of the Community Development Program Grant and of this Lien, all funds received under the Community Development Grant shall be repaid to the Town without interest.

*The Town may refuse to consent to subsequent mortgaging of the premises.*

3. The Owner agrees to accept individual and personal liability with respect to such funds owed the Town under the terms of this Agreement, which shall bind Owner's successors and assigns.

4. This Agreement, and the liability imposed by it, shall constitute a lien against the Premises.

5. This Agreement and its terms and conditions may not be modified, amended, waived, assigned or transferred except by written agreement duly executed by the parties to this Agreement.

6. Nondiscrimination in Housing.

The Owner shall comply with all requirements imposed by Title VIII of the Civil Rights Act of 1968, and the H.U.D. regulations with respect thereto, and Executive Order 11063. Title VIII prohibits discrimination in the sale or rental of dwellings (as defined), discrimination in the financing of housing, blockbusting, and discriminatory advertising and makes it unlawful to deny any person access to, or membership and participation in, any multiple-listing service or real estate brokers' organization for discriminatory purposes.

In the sale, lease or other transfer of land acquired, cleared or improved with funds provided under this Agreement, the Owner shall cause or require a covenant running with the land to be inserted in the deed or lease for such transfer, prohibiting discrimination upon the basis of race, color, religion, sex or national origin, in the sale, lease or rental, or in the use or occupancy of such land or any improvements erected or to be erected thereon, and providing that the Town and the United States are beneficiaries entitled to enforce such covenant.

7. Lead-based Paint Hazards

The Owner shall comply with the H.U.D. Lead-based Paint Regulations, 24 C.F.R., Part 35, in the construction or rehabilitation of residential structures pursuant to this Agreement.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement and Lien on the day and year first written above.

Alica D. Quinn

TOWN OF AMHERST

By: _____
Supervisor, Barry A. Weinstein, MD

STATE OF NEW YORK    )
COUNTY OF ERIE    ) ss.

On the /2th day of March _____, in the year 2010, before me, the undersigned, personally appeared Alica D. Quinn personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name (s) is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

SUSAN FITZPATRICK
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01FI5089100
My Commission Expires 12-8-2013

STATE OF NEW YORK    )
COUNTY OF ERIE    ) ss.

On the 11th day of June _____, in the year 2010, before me, the undersigned, personally appeared Barry A. Weinstein, MD personally known to me or proved to me on the basis of satisfactory evidence to be the individual (s) whose name (s) is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public
susan Fitz Patrick
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY 12-8-2013
MY COMMISSION EXPIRES_____

ALICIA D. QUINN

WITH

TOWN OF AMHERST

AGREEMENT FOR
CONSENSUAL LIEN

Town of Amherst
Planning Department
5583 Main Street
Williamsville, N.Y. 14221

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 13 of 57 PageID #: 522

ERIE COUNTY CLERK'S OFFICE



County Clerk's Recording Page

Return to:

Party 1:
LOMBARDO DAVID

Party 2:
PEOPLE OF THE STATE OF NEW YORK
(THE)

**Book Type: Q  Book: 255  Page: 2667**
Page Count:    2
Doc Type:      TRANSCRIPT
Rec Date:      12/24/2012
Rec Time:      03:50:18 PM
Control #:     2012288792
UserID:        Linda
Trans #:       12200149
Document Sequence Number

**Recording Fees:**

| Fee 1 | $0.00 |
|---|---|

| **Consideration Amount:** | **760.00** |
|---|---|
| BASIC MT | $0.00 |
| SONYMA MT | $0.00 |
| ADDL MT/NFTA | $0.00 |
| SP MT/M-RAIL | $0.00 |
| NY STATE TT | $0.00 |
| ROAD FUND TT | $0.00 |

**Total: $0.00**

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

COURT DOCUMENT SCANNED TO CREATE ELECTRONIC RECORD

Christopher L. Jacobs
County Clerk

December 5, 2012

**STATE OF NEW YORK**
**ERIE COUNTY**

**KENMORE VILLAGE COURT**
**CRIMINAL PART**

PEOPLE OF THE STATE OF NEW YORK

VS.

DAVID C LOMBARDO; dob: ███████, Defendant

CASE NO: 03120125

**Defendants Last Known Address:**
358 Fletcher Ave
Tonawanda, NY 14150

## Judgment and Order

The Court, having on **August 8, 2011**
, imposed at sentence of defendant a fine as required by law in
the amount of       **$**    **760.00,**
which the defendant did not pay at time of sentence;
pursuant to Criminal Procedure Law, Section 410.10 sub 6, it is
ORDERED, that the State of New York have judgment against
**David Lombardo**
residing at   **358 Fletcher Ave Tonawanda, NY 14150**

in the amount of **$ $760.00**
without cost or disbursements, and that such judgment be entered
by the Erie County Clerk.

Scott F. Riordan
Justice Presiding

I, Kevin F. Wiles, Clerk of the Village of Kenmore Court, hereby
certify that the above is a correct transcript from the docket
of Judgments in the Kenmore Village Court, and I further certify
that the above judgment has been entered. IN TESTIMONY WHEREOF,
I have hereunto set my name and affixed the KENMORE VILLAGE
COURT SEAL on this   5 day of *December* , 2012

Court Clerk

$879^Z$
$100$

Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 15 of 57 PageID #: 524

COVER SHEET REV 20101214



**ERIE COUNTY CLERKS OFFICE**

**County Clerk's Recording Page**

Book: **233**     Page: **3573**

Return To:

Page Count: **2**

Doc Type: **WARRANT**

Rec Date: **03/11/2011**

Rec Time: **10:09:11 AM**

Control #: **2011051499**

User ID: **rose**

Party 1:

**LOMBARDO DAVID C**

Trans Num: **11034829**

DEED SEQ:

MTG SEQ:

Party 2:

**NEW YORK STATE DEPT OF TAXATION&FINANCE COM**

UCC:

SCAR:

INDEX:

**Recording Fees:**

| Consideration Amount: | **$182.16** |
|---|---|
| BASIC | **$0.00** |
| SONYMA | **$0.00** |
| ADDL | **$0.00** |
| NFTA MT | **$0.00** |
| TRANSFER | **$0.00** |
| NFTA TT | **$0.00** |

Total:     **$0.00**

**STATE OF NEW YORK**
**ERIE COUNTY CLERK'S OFFICE**

**WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT,**
**REQUIRED BY SECTIONS 319&316-a (5) OF THE REAL PROPERTY LAW**
**OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.**

**Kathleen C. Hochul**
**County Clerk**

Book233/Page3573

 **New York State Department of**
## Taxation and Finance
Civil Enforcement - CO - ATC
W A Harriman State Campus
Albany NY 12227-0001

 **Warrant**



### Commissioner of Taxation and Finance
**against**

**Judgment Creditor**

DAVID C LOMBARDO
358 FLETCHER ST
TONAWANDA, NY 14150-1930

**Judgment Debtor**

**Last Known Address**

**Warrant ID:**
E-030032454-W002-6

**County of Judgment:**
ERIE

**Article of Tax Law:**
22/30

**The people of the state of New York to:** K L ARKISON
an officer or employee of the Department of Taxation and Finance: **Whereas,** a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon, are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-033794559-8 | 12/31/09 | $ 166.00 | $ 6.64 | $ 9.52 | $ 182.16 |
| | | | | **Total amount due** ➤ | $ 182.16 |

**And whereas,** said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you,** that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate 7.50 % per year on $ 182.16 from JANUARY 08, 2011.
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on JANUARY 10, 2011.

Issued By *Karen L Arkison*
Deputy Tax Commissioner

for the Commissioner
of Taxation and Finance

DTF-977 (7/95)

*1081*

*1499*

SUPREME COURT
COUNTY OF ERIE                              STATE OF NEW YORK

BUFFALO & ERIE COUNTY REGIONAL DEVELOPMENT
CORPORATION                                              **STATEMENT FOR JUDGMENT**

                                              Plaintiff,

                            vs.                          **INDEX NO.:**

DAVID LOMBARDO, individually and *dba*
BUILDING BLOCKS CONCRETE

                                              Defendant.

| | | |
|---|---|---|
| Amount Confessed | $ | 11,793.91 |
| Interest at 4.00% on $11,777.16 from March 20, 2013 | $ | 400.10 |
| Payments Made | $ | -1,372.60 |
| Attorney's Fees Have Been Waived | $ | 0.00 |
| **Total Damages, Interest, Payments & Attorney's Fees** | | 10,821.41 |

| | | | |
|---|---|---|---|
| Costs by Statute............................................... | $ | 15.00 | |
| Fee for Index Number.......................................... | $ | 210.00 | |
| Costs Taxed at................................................ | | 225.00 | |
| _____Clerk | | | $   225.00 |
| | | **Total Judgment** | **$   11,046.41** |

STATE OF NEW YORK, COUNTY OF MONROE ATTORNEY'S AFFIRMATION

    The undersigned attorney admitted to practice in the Courts of the State of New York, and being of counsel to HARRIS BEACH, PLLC attorneys of record for the Plaintiff in the above-entitled action, affirms that the following statement is true under the penalties of perjury; that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount;

Date: January 24, 2014

                                   _____
                                       Kevin Tompsett, Esq.

    **JUDGMENT** ENTERED THE _____ DAY OF _____, 2014.

    On Filing the Annexed Affidavit of Confession of Judgment made by the Defendant, David Lombardo, individually and *dba* Building Blocks Concrete, Sworn to on the 18th of April, 2013, a copy attached hereto.

    **ADJUDGED** that the Plaintiff, **Buffalo & Erie County Regional Development Corporation**, doing business at 275 Oak Street, #150, Buffalo NY 14203, do recover of the Defendant, **David Lombardo, individually and *dba* Building Blocks Concrete**, residing at 204 Sherbrook Ave, Amherst NY 14421, the sum of $10,821.41, the amount claimed with interest and payments, plus costs, disbursements and expenses of $225.00, amounting in all to a judgment for Plaintiff for the sum of **$11,046.41** and that the Plaintiff have execution therefore.

                          **Judgment Signed and Filed** 1/24/2014

HARRIS BEACH PLLC
Attorneys for Plaintiff                    _____
99 Garnsey Road                                       Clerk
Pittsford, NY 14534
(585) 419-8800                             **Christopher L. Jacobs County Clerk**

Filed 03/07/22 Page 18 of 57 PageID #: 527

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ERIE

BUFFALO AND ERIE COUNTY REGIONAL
DEVELOPMENT CORPORATION,

                    Plaintiff,                    Index No.

        -vs-

DAVID LOMBARDO, individually and *dba*
BUILDING BLOCKS CONCRETE,

                    Defendant.

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK)
COUNTY OF ERIE) ss.:

David Lombardo, individually and d/b/a Building Blocks Concrete, being duly sworn,

deposes and says that:

1.      I reside at 204 Sherbrooke Avenue, Amherst, New York 14221.

2.      I confess judgment under CPLR § 3218 in favor of Buffalo and Erie County Regional

Development Corporation ("RDC") for the sum of $11,793.91, plus interest at the rate of 4.0% on

the unpaid principal balance of $11,777.16 from March 20, 2013 (the "Amount Due") and hereby

authorize RDC, its assigns or representatives to enter judgment against me in the event I fail to pay

to RDC the sum of $274.52 per month commencing on April 1, 2013 and continuing on the first date

of each month thereafter with one final payment of the remaining amount then due, inclusive of

principal and interest, on November 15, 2016.

HARRIS BEACH ::
ATTORNEYS A" LAW

3.    Payments must be made payable to "Buffalo and Erie County Regional Development Corporation" and received on or before each due date, and shall be sent to: Buffalo and Erie County Regional Development Corporation, 143 Genesee Street, Buffalo, New York 14203.

4.    I shall execute an Affidavit of Confession of Judgment in the amount then due on or before January 15, 2016 in a form substantially similar to the instant Affidavit. Said Affidavit of Confession of Judgment will be held in escrow by RDC unless and until I default under the terms of said Affidavit of Confession of Judgment.

5.    In the event I default under the payment terms set forth above, or fail to execute and deliver to RDC a fully executed original Affidavit of Confession of Judgment as required in paragraph 4 above, RDC may immediately enter judgment in Supreme Court, Erie County in the amount of the Amount Due less payments made to date.

6.    This confession of judgment is for a debt justly due RDC from me arising from the following facts:

A.    On or about December 10, 2010, I executed a Note in favor of the RDC in the principal amount of $15,000.00. The Note requires monthly payments of principal and interest, and accrues interest at the rate of 4.0% per annum.

B.    I defaulted under the Note by failing to make timely monthly payments pursuant to the terms of the Note.

C.    I now owe RDC the sum of $11,793.91, plus interest at the rate of 4.0% on the unpaid principal balance of $11,777.16 from March 20, 2013.

7.    This confession of judgment is NOT FOR THE PURPOSE OF SECURING PLAINTIFF AGAINST A CONTIGENT LIABILITY NOR AN INSTALLMENT LOAN WITHIN

FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM
INDEX NO. 804209/2021

NYSCEF DOC. NO. 1
Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 20 of 57 PageID #: 529
RECEIVED NYSCEF: 03/30/2021

THE PROHIBITION OF CPLR §3201.


_____
David Lombardo, individually and d/b/a
Building Blocks Concrete


STATE OF NEW YORK)
COUNTY OF ERIE) ss.:

On this __18__ day of ~~March~~ April, 2013, before me, the undersigned, a notary public in and for said State of New York, personally appeared David Lombardo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

GEORGE SMILANICH
Lic. #01SM6154446
Notary Public-State of New York
Qualified in ERIE
My Commission Expires   OCT 23, 2014


265786 2001769v1

COVER SHEET REV 02-14-06



## ERIE COUNTY CLERKS OFFICE

### County Clerk's Recording Page

Book: **13354**    Page: **9255**

#### Return To:

US SMALL BUSINESS ADMINISTRATION

14925 KINGSPORT ROAD

FORT WORTH TX 76155

Party 1:
**QUINN ALICIA AKA**

Party 2:
**SMALL BUSINESS ADMINISTRATION**

Page Count: **8**

Doc Type: **MTG-TAX EXEMPT**

Rec Date: **06/11/2007**

Rec Time: **04:06:17 PM**

Control #: **2007125011**

User ID: **joanne**

Trans Num: **359265**

DEED SEQ:

MTG SEQ: **MTCY2007007901**

UCC:

SCAR:

INDEX:

| Recording Fees: | | Consideration Amount: | $8,000.00 |
|---|---|---|---|
| RECORDING | $41.00 | BASIC | $0.00 |
| COE COUNTY | 1.00 | SONYMA | $0.00 |
| BASIC | $0.00 | ADDL | $0.00 |
| SONYMA | $0.00 | NFTA MT | $0.00 |
| ADDL | $0.00 | TRANSFER | $0.00 |
| COE STATE GENERAL | $14.25 | NFTA TT | $0.00 |
| COE STATE RM | $4.75 | | |

Total:    **$61.00**

**STATE OF NEW YORK**
**ERIE COUNTY CLERK'S OFFICE**

**WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT,
REQUIRED BY SECTIONS 319&316-a (5) OF THE REAL PROPERTY LAW
OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.**

**Kathleen C. Hochul**
**County Clerk**

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

WHEN RECORDED MAIL TO:
U.S. SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, TX 76155-2243

Quinn Alicia
# 0003069912 Loan No. DLB 26033060-03

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**MORTGAGE**
**(Direct)**

Section:
Block:
Lot:

This mortgage made and entered into this 3rd day of April 2007, by and between Alicia Quinn, who acquired title as Alicia D. Quinn, a single person, 204 Sherbrooke Avenue, Amherst, NY 14221 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 801 Tom Martin Drive Suite 120, Birmingham, AL, 35211.

**WITNESSETH,** that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Erie, State of New York.

**Described in Exhibit "A" attached hereto and made a part hereof.**

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

Page 1

AM H
MB-7

Application No. / Loan No.: 0003069912 / DLB 26033060-03
Quinn Alicia

10. A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11. Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at 204 SHERBROOKE AVENUE, AMHERST, NY 14221 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 801 Tom Martin Drive Suite 120, Birmingham, AL 35211.

If any one or more of the provisions contained in this Mortgage shall for any reason be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Mortgage.

SEE ATTACHED RIDER FOR PARAGRAPHS 12 THROUGH 14.

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid.

State of New York )
County of _ERIE_ )

On the __8__ day of _June_ in the year 20_07_ before me, the undersigned, personally appeared _Alicia Quinn_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public
My Commission Expires: 9/29/09

**SUZANNE M. DAVIDSON**
Notary Public, State of New York
Qualified in Erie County
My Commission Expires

Page 5

Book13354/Page9260

23 of 57

RIDER

TO

REAL ESTATE MORTGAGE, DATED:      OF EVEN DATE HEREWITH

FROM:     Alicia Quinn, who acquired title as Alicia D.
Quinn, a single person
204 SHERBROOKE AVENUE, AMHERST,
NY 14221

12. That the mortgagor will, in compliance with Section 13 of the Lien Law of the State of New York receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement before using any part of the total of the same for any other purpose.

13. It is agreed by the parties hereto that if the mortgaged premises are sold or transferred voluntarily, involuntarily or by operation of law without the prior written consent of the mortgagee, the mortgagee may, at its option, declare the entire unpaid principal and interest immediately due and payable. Acceptance by the mortgagee of any payments after any sale or transfer shall not constitute a waiver of the provisions of this paragraph and the provisions hereof shall apply to each such sale or transfer.

14. Upon the mortgagor's default in any of the covenants or conditions of this instrument or of the note or loan agreement, or in any action, suit or proceeding brought to foreclose this mortgage, the mortgagee shall be entitled without notice to the mortgagor and without regard to the adequacy of any security for the indebtedness secured hereby and without regard to the solvency of the mortgagor, to have a receiver of rents and profits of the premises appointed with all the rights and powers permitted under the laws of the State of New York. In the event that such a receiver is appointed hereunder, such receiver shall have and may enforce all of the rights and remedies of the mortgagee under paragraph (2) hereof to the maximum extent permitted by law.

Page 6

**FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM**    INDEX NO. 804209/2021

NYSCEF Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 25 of 57 PageID #: 534
DOC. NO. 1                                         RECEIVED NYSCEF: 03/30/2021

Application No / Loan No : 0003069912 / DLB 26033060-03
Quinn Alicia

Exhibit "A"

All that tract or parcel of land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot Number 54, Township 12, Range 7 of the Holland Land Company's Survey and according to map filed in Erie County Clerk's Office under Cover Number 2103, is known as Subdivision Lot Number 95, being sixty-five (65) feet front and rear by one hundred fifty-one and forty-six hundredths (151.46) feet in depth, situate on the west side of Sherbrooke Avenue, commencing 70.08 feet north of Heathwood Road.

A.P.N.: 69.050-2-11

More commonly known as: 204 Sherbrooke Avenue, Amherst, NY 14221-4638.

Page 7

**FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM** INDEX NO. 804209/2021
NYSCEF Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 26 of 57 PageID #: 535
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 03/30/2021

COVER SHEET REV 20101214



## ERIE COUNTY CLERKS OFFICE

**County Clerk's Recording Page**

Return To:

BOX 16 BMURRAY

Party 1:
**QUINN ALICIA**

Party 2:
**BUFFALO&ERIE COUNTY REGIONAL DEVELOPMENT
CORPORATION**

Book: **13519**     Page: **3571**

Page Count: **12**

Doc Type: **MTG-TAX EXEMPT**

Rec Date: **01/07/2011**

Rec Time: **12:57:30 PM**

Control #: **2011004937**

User ID: **jackie**

Trans Num: **11003383**

DEED SEQ:

MTG SEQ: **MTDB2010023918**

UCC:

SCAR:

INDEX:

| Recording Fees: | | Consideration Amount: | $15,000.00 |
|---|---|---|---|
| RECORDING | $80.00 | BASIC | $0.00 |
| COE CO $1 RET | 1.00 | SONYMA | $0.00 |
| BASIC | $0.00 | ADDL | $0.00 |
| SONYMA | $0.00 | NFTA MT | $0.00 |
| ADDL | $0.00 | TRANSFER | $0.00 |
| COE STATE $14.25 GEN | $14.25 | NFTA TT | $0.00 |
| COE STATE $4.75 RM | $4.75 | | |

Total:          $100.00

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT,
REQUIRED BY SECTIONS 319&316-a (5) OF THE REAL PROPERTY LAW
OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.

Kathleen C. Hochul
County Clerk



*Record and Return to:*
*Harris Beach PLLC*
*726 Exchange Street, Suite 1000*
*Buffalo, New York 14210*
*Box 16 (BM/UREAY)*

## COLLATERAL MORTGAGE,
## ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

THIS COLLATERAL MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT ("Mortgage") is made effective as of the l0 day of December, 2010, by ALICIA QUINN and DAVID LOMBARDO, individuals with a mailing address of 204 Sherbrooke Avenue, Amherst, New York 14221 (collectively, the "Mortgagor"), for the benefit of BUFFALO AND ERIE COUNTY REGIONAL DEVELOPMENT CORPORATION, a New York not-for-profit corporation having a principal office at 275 Oak Street, Buffalo, New York 14203 (the "Mortgagee").

WITNESSETH to secure the payment of an indebtedness in the principal sum of Fifteen Thousand and 00/100 Dollars ($15,000.00), lawful money of the United States, together with interest thereon, to be paid according to a certain Promissory Note (the "Note") of even date herewith in the original principal amount of $15,000.00 and interest made and delivered by Building Blocks Concrete (the "Borrower") to Mortgagee, Mortgagor hereby mortgages unto Mortgagee, as continuing and collateral security for the payment of any and all indebtedness, liabilities and obligations now existing or which may hereafter arise by reason of said Note all loan documents executed and delivered in connection with the Note, and this Mortgage, or any renewals, extensions, modifications or substitutions of said Note, said loan documents or this Mortgage (collectively the "Indebtedness"), the premises described on the attached Schedule A;

TOGETHER with all buildings, structures and other improvements now or hereafter erected, constructed or situated upon said premises, and all fixtures and personal property now or hereafter affixed to, or used in connection with said premises, including, but not limited to, furnaces and attachments, radiators, hot water tanks and heaters, piping, laundry equipment, tubs and dryers, air-conditioning equipment, compressors, elevators, motors, dynamos, incinerators, compactors, sump pumps, gas and oil burners, coal stokers, fire preventive apparatus, plumbing, electrical and gas fixtures, stoves, ranges, refrigerators, freezers, kitchen cabinets, linoleum, carpets, curtain rods, blinds and window shades, doors, storm windows, screens and awnings, appliances, plants and shrubbery and any and all replacements thereof and additions thereto, all of which shall be deemed to be and remain and form a part of said premises and are covered by the lien of this Mortgage (said premises, buildings, structures, other improvements, fixtures and personal property being collectively referred to in this Mortgage as the "Premises");

TOGETHER with all strips and gores of land adjoining or abutting the Premises;

TOGETHER with all right, title and interest of Mortgagor in and to all streets, alleys, highways, waterways and public places open or proposed in front of, running through or adjoining the Premises, and all easements and rights of way, public and private, now or hereafter used in connection with the Premises;

TOGETHER with all tenements, hereditaments and appurtenances and all the estate and rights of Mortgagor in and to the Premises;

TOGETHER with all awards heretofore or hereafter made by any federal, state, county, municipal or other governmental authority, or by whomsoever made in any condemnation or eminent domain proceedings whatsoever, to the present or subsequent owners of the Premises or any portion thereof, for the acquisition for public purposes of the Premises or any portion thereof or any interest therein or any use thereof, or for consequential damages on account thereof, including, but not limited to, any award for any change of grade of streets affecting the Premises or any portion thereof and any award for any damage to the Premises or any portion thereof or any interest therein or any use thereof.



### SCHEDULE A

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot Number 54, Township 12, Range 7 of the Holland Land Company's Survey and according to map filed in Erie County Clerk's Office under Cover Number 2103, is known as Subdivision Lot Number 95, being sixty-five (65) feet front and rear by one hundred fifty-one and forty-six hundredths (151.46) feet in depth, situate on the west side of Sherbrooke Avenue, commencing 70.08 feet north of Heathwood Road.

Book13519/Page3582 Extra Page 2

IN WITNESS WHEREOF, this Mortgage has been duly executed by Mortgagor and the Mortgagee the day and year first above written.

**MORTGAGOR:**

David Lombardo

Alicia Quinn

| STATE OF NEW YORK | ) | |
| | ) ss: | |
| COUNTY OF ERIE | ) | |

On the $\underline{10}$ day of December, in the year 2010, before me, the undersigned, a Notary Public in and for said state, personally appeared David Lombardo, personally known to me or proved to me on the basis of satisfactory evidence to by the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed this instrument.

Notary Public

| STATE OF NEW YORK | ) | |
| | ) ss: | |
| COUNTY OF ERIE | ) | |

DAVID W. KERCHOFF
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires May 12, 20__

On the $\underline{10}$ day of December, in the year 2010, before me, the undersigned, a Notary Public in and for said state, personally appeared Alicia Quinn, personally known to me or proved to me on the basis of satisfactory evidence to by the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed this instrument.

Notary Public

DAVID W. KERCHOFF
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires May 12, 20__

Page 10 of 11

INDEX NO. 804209/2021

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 30 of 57 PageID #: 539

**SCHEDULE C**

Prepared by: SHELLY SANDIDGE

## NOTE

LOAN #: ▮▮▮▮▮▮▮▮

| FEBRUARY 15, 2007 | AMHERST | NEW YORK |
|---|---|---|
| *Date* | *City* | *State* |

204 SHERBROOKE AVENUE, AMHERST, NY 14221-4638
*Property Address*

**1. BORROWER'S PROMISE TO PAY**

    In return for a loan that I have received, I promise to pay U.S. $ 22,200.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

    I will pay interest at a yearly rate of 9.250 %.
    Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**

    I will pay principal and interest by making payments each month of U.S. $ 228.48
    I will make my payments on the FIRST day of each month beginning on APRIL 01, 2007 . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on MARCH 01, 2022 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
    I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment. I will pay this late charge only once on any late payment.
    **(B) Notice from Note Holder**
    If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
    **(C) Default**
    If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
    **(D) Payment of Note Holder's Costs and Expenses**
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE**

    In addition to the protections given to the Note Holder under this Note, a Mortgage, dated FEBRUARY 15, 2007 , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

---

**NEW YORK** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT**

Page 1 of 2
Form 3933

-75(NY) (0407)   CHL (06/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291





LOAN #: ▮▮▮▮▮▮

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: *Michele Sjolander*

MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

_____  (Seal)          _____  (Seal)
ALICIA D. QUINN                  -Borrower                                          -Borrower

_____  (Seal)          _____  (Seal)
                                 -Borrower                                          -Borrower
                                                                        *(Sign Original Only)*

-75(NY) (0407)    CHL (06/05)              Page 2 of 2                          **Form 3933**

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 33 of 57 PageID #: 542

**SCHEDULE D**

**FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM** INDEX NO. 804209/2021

NYSCEF DOC. NO. 1    Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 34 of 57 PageID #: 543   RECEIVED NYSCEF: 03/30/2021

COVER SHEET REV 02-14-06



## ERIE COUNTY CLERKS OFFICE

### County Clerk's Recording Page

Return To:

COUNTRYWIDE HOME LOANS INC
MS SV 79 DOC PROCESSING
PO BOZX 10423
VAN NUYS CA 91410 0423

Party 1:

**QUINN ALICIA D**

Party 2.

Book: **13340**    Page: **8070**

Page Count: **13**

Doc Type: **MTG 1-2 BANK**

Rec Date: **03/16/2007**

Rec Time: **01:36:16 PM**

Control #: **2007056376**

User ID: **elaines**

Trans Num: **312071**

DEED SEQ:

MTG SEQ: **MTCX2006037297**

UCC:

SCAR:

INDEX:

| Recording Fees: | | Consideration Amount: | $22,200.00 |
|---|---|---|---|
| RECORDING | $56.00 | BASIC | $111.00 |
| COE COUNTY | 1.00 | SONYMA | $0.00 |
| BASIC | $111.00 | ADDL | $30.50 |
| ADDL | $30.50 | NFTA MT | $55.50 |
| NFTA MT | $55.50 | TRANSFER | $0.00 |
| COE STATE GENERAL | $14.25 | NFTA TT | $0.00 |
| COE STATE RM | $4.75 | | |

Total:         $273.00

**STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE**

**WARNING - THIS SHEET CONSTITUTES THE CLERK'S
ENDORSEMENT, REQUIRED BY SECTIONS 319&316-a
(5) OF THE REAL PROPERTY LAW OF THE STATE OF
NEW YORK.  DO NOT DETACH.  THIS IS NOT A BILL.**

**David J. Swarts
County Clerk**

Book13340/Page8070

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
SHELLY SANDIDGE

---

[Space Above This Line For Recording Data]

 949                    00015694870002007
[Escrow/Closing #]            [Doc ID #]

*T007-4289*

## MORTGAGE

MIN 1000157-0007786151-2

### WORDS USED OFTEN IN THIS DOCUMENT

(A) "Mortgage." This document, which is dated FEBRUARY 15, 2007 , will be called the "Mortgage."

(B) "Borrower."

ALICIA D QUINN

whose address is
204 SHERBROOKE, AMHERST, NY 14221
will sometimes be called the "Borrower" and sometimes simply "I."

(C) "Lender."
COUNTRYWIDE HOME LOANS, INC.
will be called the "Lender." Lender is
A CORPORATION
which was formed and which exists under the laws of NEW YORK                    Lender's
address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613

THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO
FAMILY RESIDENCE OR DWELLING ONLY.

Section: _____ Block: _____ Lot: _____ Unit: _____

**NEW YORK** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(NY) (0506) CHL (05/06)(d)          Page 1 of 11
VMP Mortgage Solutions, Inc.

Form 3833
Amended 4/01





DOC ID #: 00015694870002007

(D) "Note." The junior lien note signed by Borrower and dated FEBRUARY 15, 2007 , and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $ 22,200.00 plus interest, which I have promised to pay in full by
MARCH 01, 2022 .

(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."

(F) "MERS." The Mortgage Electronic Registration System, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as nominee for Lender [as defined in (C) above] and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) · Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the following Property:

(A) The property which is located at

204 SHERBROOKE AVENUE, AMHERST

[Street, City]

New York 14221-4638 . This Property is in ERIE

[Zip]

County in the State of New York. It has the following legal description:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Book13340/Page8072

DOC ID #: 00015694870002007

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;

(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";

(D) All rents or royalties from the property described in paragraph (A) of this section; and

(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### UNIFORM PROMISES

I promise and I agree with Lender as follows:

**1. BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**

I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

**2. AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**

**(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**

I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

The amount of each of my payments under this Paragraph 2 will be the sum of the following:

(i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

(ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

(iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

-76N(NY) (0506)   CHL (05/06)   Page 3 of 11   Form 3833

DOC ID #: 00015694870002007

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

**(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**

Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

**3. APPLICATION OF BORROWER'S PAYMENTS**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A) First, to pay the amounts then due to Lender under Paragraph 2 above;
(B) Next, to pay interest then due under the Note; and
(C) Next, to pay principal then due under the Note.

-76N(NY) (0508)    CHL (05/06)          Page 4 of 11                    Form 3833

**FILED: ERIE COUNTY CLERK 03/30/2021 10:53 AM** INDEX NO. 804209/2021
NYSCEF DOC. NO. 1 Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 39 of 57 PageID #: 548
RECEIVED NYSCEF: 03/30/2021

DOC ID #: 00015694870002007

## 4. BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY

I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

## 5. BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY

I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

## 6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

## 7. LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

**-76N(NY)** (0506)　　CHL (05/06)　　　　　Page 5 of 11　　　　　**Form 3833**

DOC ID #: 00015694870002007

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

## 8. LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

## 9. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

## 10. BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

## 11. CONTINUATION OF BORROWER'S OBLIGATIONS

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

## 12. CONTINUATION OF LENDER'S RIGHTS

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

## 13. LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

DOC ID #: 00015694870002007

## 14. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

## 15. AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

## 16. LAW THAT GOVERNS THIS MORTGAGE

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs", "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

## 17. BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

Book13340/Page8077

41 of 57

DOC ID #: 00015694870002007

### 18. REHABILITATION LOAN AGREEMENT

I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

### 19. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

### NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

### 20. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS

**If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."**

**If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.**

**Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:**

**(A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and**

**(B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:**
    **(i) The promise or agreement that I failed to keep;**
    **(ii) The action that I must take to correct that failure;**
    **(iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;**

DOC ID #: 00015694870002007

(iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;

(v) That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and

(vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

## 21. BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

## 22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

-76N(NY) (0506)          CHL (05/06)                    Page 9 of 11                           Form 3833

DOC ID #: 00015694870002007

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

23. **LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

24. **AGREEMENTS ABOUT NEW YORK LIEN LAW**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

25. **BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.

[X] This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.

[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.

[ ] This Security Instrument does not cover real property improved as described above.

### REQUEST FOR NOTICE OF DEFAULT
#### AND FORECLOSURE UNDER SUPERIOR
#### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

-78N(NY) (0506)    CHL (05/06)

Page 10 of 11

Form 3833

DOC ID #: 00015694870002007

By signing this Mortgage I agree to all of the above.

_____
ALICIA D. QUINN                                    - Borrower

_____
                                                   - Borrower

_____
                                                   - Borrower

_____
                                                   - Borrower

*(Sign Original Only)*

**STATE OF NEW YORK**          Erie          County ss:

On the ____15th____ day of ___February___ ____2007____ before me,
the undersigned, a notary public in and for said state, personally appeared _____
_____ALICIA   D.   QUINN_____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public          Margaret M Hartman

Tax Map Information:   69. 05-2-11       08

MARGARET M HARTMAN
Notary Public - State of New York
NO. 01HA4521837
Qualified in Erie County
My Commission Expires Jan 31, 2011

-76N(NY) (0508)    CHL (08/06)         Page 11 of 11                    Form 3833

Book13340/Page8081

## EXHIBIT A

ALL THAT TRACT OR PARCEL OF LAND, SITUATE IN THE TOWN OF
AMHERST, COUNTY OF ERIE AND STATE OF NEW YORK, BEING PART
OF LOT NUMBER 54, TOWNSHIP 12, RANGE 7 OF THE HOLLAND LAND
COMPANY'S SURVEY AND ACCORDING TO MAP FILED IN ERIE COUNTY
CLERKS OFFICE UNDER COVER NUMBER 2103, IS KNOWN AS
SUBDIVISION LOT NUMBER 95, BEING SIXTY-FIVE (65) FEET FRONT
AND REAR BY ONE HUNDRED FIFTY-ONE AND FORTY-SIX HUNDREDTHS
(151.46) FEET IN DEPTH, SITUATE ON THE WEST SIDE OF
SHERBROOKE AVENUE, COMMENCING 70.08 FEET NORTH OF HEATHWOOD
ROAD.

BEING THE SAME PROPERTY AS ACQUIRED BY THE PARTY OF THE
FIRST PART PURSUANT TO THE PROVISIONS OF THE NATIONAL
HOUSING ACT, AS AMENDED (12 USC 1701 AT SEQ.) AND THE
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ACT (42 U.S.C.
3531).

SUBJECT TO ALL COVENANTS, RESTRICTIONS, RESERVATIONS,
EASEMENTS, CONDITIONS AND RIGHTS APPEARING OF RECORD; AND
SUBJECT TO ANY STATE OF FACTS AN ACCURATE SURVEY WOULD
SHOWN.

ADDRESS: 204 SHERBROOKE AVE.; AMHERST, NY 14221    TAX MAP
NUMBER: 69.05-2-11

## SCHEDULE E

Principal Balance                                                    $19,647.03

Interest at 9.25% annum from May 1, 2010

Additional charges, costs and fees incurred in connection with
the default as provided for in the Note and Mortgage and/or
Loan Modification Agreement if modified

Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 48 of 57 PageID #: 557

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

--------------------------------------------------------------------------------X

BCMB1 TRUST,                                                    Index No.: _____

                          Plaintiff,

          -against-                                             **AFFIRMATION**

ALICIA QUINN AKA ALICIA D. QUINN AKA ALICIA          **Mortgaged Premises:**
LOMBARDO, DAVID LOMBARDO, ADMINISTRATOR OF            204 Sherbrooke Avenue
THE SMALL BUSINESS ADMINISTRATION, CAPITAL            Buffalo, NY 14221
ONE BANK (USA) N.A., UNIFUND CCR, LLC, CREDIT
ACCEPTANCE CORPORATION, PEOPLE OF THE STATE
OF NEW YORK C/O KENMORE VILLAGE COURT, NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE,
BUFFALO & ERIE COUNTY REGIONAL DEVELOPMENT
CORP., TOWN OF AMHERST and "JOHN DOE No. 1 through
JOHN DOE No. 99", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a
lien against the premises,

                          **Defendants.**

--------------------------------------------------------------------------------X

> *Please note: As a result of the COVID-19 pandemic, the commencement and prosecution of foreclosure proceedings were stayed under various provisions of law, including but not limited to Governor Cuomo's Executive Order 202.8 and Executive Order 202.28, Chief Administrative Judge Marks's Administrative Orders AO/68/20, AO/121/20, and AO/127/20, the federal Coronavirus Aid, Relief, and Economic Security Act of 2020 (Public Law 116-136) the Covid-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (L. 2020 c. 381 Act, Part b. Subpart A. § 6) and AO/341/20. This affirmation is designed to advance the purpose of these federal and state directives, and to avoid unnecessary in-person appearances of parties and others in courthouses.*

Michal Falkowski, Esq., pursuant to CPLR § 2106 and under the penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the State of New York, and am

   affiliated with the law firm of Richland & Falkowski, PLLC, attorneys for Plaintiff(s) in

Page 1 of 3

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 49 of 57 PageID #: 558

the above-captioned foreclosure proceeding. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2. I am aware that, as a result of the COVID-19 pandemic, various state and federal authorities have issued statutes and executive orders regulating the time and manner of commencement and prosecution of foreclosure proceedings. These include (without limitation), gubernatorial Executive Orders 202.8 (March 20, 2020), 202.14 (April 7, 2020), 202.28 (May 7, 2020), and 202.38 (June 6, 2020); Chief Administrative Judge Administrative Orders AO/68/20 (March 16,2020), AO/121/20 (June 9, 2020), and AO/127/20 (June 18, 2020); and federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act, enacted on March 27, 2020), Department of Veterans Affairs Circular 26-20-22 (June 17,2020), and Department of Housing and Urban Development Mortgagee Letter 2020-19 (June 17, 2020); and the Covid-19 Emergency Eviction and Foreclosure Prevention Act of 2020 and AO/341/20.

3. I have reviewed these authorities, have consulted with my client, and affirm that, to the best of my knowledge, information, and belief, the petition and other papers filed or submitted to the Court in this matter comport with the requirements of those state and federal directives -- including the directive, set forth in Executive Order 202.28, that "[t]here shall be no initiation of a proceeding or enforcement of ... a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned ... by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020."

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 50 of 57 PageID #: 559

4.  I further affirm that, at the time of filing, neither the foreclosing party nor any agent of the foreclosing party has received a hardship declaration from the mortgagor.

5.  I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: March 30, 2021
       Astoria, New York

                              Richland & Falkowski, PLLC

                              Michal Falkowski, Esq.
                              35-37 36th Street, 2nd Floor
                              Astoria, NY 11106
                              Phone: 212-390-8872
                              Email: mfalkowski@rflegal.net
                              *Attorneys for Plaintiff*

Page 3 of 3

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 51 of 57 PageID #: 560

NOTICE TO DEFENDANT

DURING THE CORONAVIRUS EMERGENCY, YOU
MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL
DAYS OR WEEKS TO FILE AN ANSWER TO THIS
COMPLAINT.

PLEASE CONTACT YOUR ATTORNEY FOR MORE
INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY,

PLEASE VISIT

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

OR

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 52 of 57 PageID #: 561

AVISO A DEMANDADO

DURANTE LA EMERGENCIA DEL CORONAVIRUS,

ES POSIBLE QUE USTED TENGA DERECHO POR LEY

A TOMAR DÍAS O SEMANAS ADICIONALES

PARA PRESENTAR UNA RESPUESTA

A ESTA PETICIÓN

POR FAVOR CONTACTE A SU ABOGADO PARA MAS
INFORMACIÓN.

SI USTED NO TIENE UN ABOGADO,

VISITE

**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

O

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

STATE OF NEW YORK   )
            )ss:.
COUNTY OF QUEENS   )

**Michal Falkowski, Esq.,** being duly sworn, deposes and states as follows:

1. That I am more than 18 years of age, reside in the State of New York, and am member of Richland & Falkowski, PLLC, attorneys for BCMB1 Trust.
2. That on January 18, 2021, I served true copies of the annexed Mortgagor's Declaration of Covid-19-Related Hardship, in English and Spanish, in the following manner:

▶ Service By Mail  : By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

        Alicia D. Quinn
       204 Sherbrooke Avenue
       Amherst, NY 14221

3. The notices were prepared in 14 point type.

                   Michal Falkowski

STATE OF NEW YORK   )
            )ss:.
COUNTY OF QUEENS   )

On the **18th** day of **JANUARY** in the year **2021** before me, the undersigned, personally appeared MICHAL FALKOWSKI personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

          ROBERTO E. CASTELLAR
          Notary Public, State of New York
          Reg. No. 01CA6366604
          Qualified in Queens County
          Commission Expires 10/31/2021

Return To:

Planet Home Lending, LLC

321 Research Parkway, Suite 303

Meriden CT 06450

Attn: Mitigation

866-882-8187

assistancerequestcovid19@planethomelending.com





Index Number (if known/applicable):          County and Court (if known/applicable):

# NOTICE TO MORTGAGOR:

If you have lost income or had increased costs during the COVID-19 pandemic, and you sign and deliver this hardship declaration form to your mortgage lender or other foreclosing party, you cannot be foreclosed on until at least May 1, 2021. If your mortgage lender or other foreclosing party provided you with this form, the mortgage lender or other foreclosing party must also provide you with a mailing address and e-mail address to which you can return this form. If you are already in foreclosure proceedings, you may return this form to the court. You should keep a copy or picture of the signed form for your records. You will still owe any unpaid mortgage payments and lawful fees to your lender. You should also keep careful track of what you have paid and any amount you still owe.

# MORTGAGOR'S DECLARATION OF
# COVID-19-RELATED HARDSHIP

I am the mortgagor of the property at (address of dwelling unit):

Including my primary residence, I own, whether directly or indirectly, ten or fewer residential dwelling units. I am experiencing financial hardship, and I am unable to pay my mortgage in full because of one or more of the following:

1. Significant loss of household income during the COVID-19 pandemic.

2. Increase in necessary out-of-pocket expenses related to performing essential work or related to health impacts during the COVID-19 pandemic.

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 55 of 57 PageID #: 564

3. Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member during the COVID-19 pandemic have negatively affected my ability or the ability of someone in my household to obtain meaningful employment or earn income or increased my necessary out-of-pocket expenses.

4. Moving expenses and difficulty I have securing alternative housing make it a hardship for me to relocate to another residence during the COVID-19 pandemic.

5. Other circumstances related to the COVID-19 pandemic have negatively affected my ability to obtain meaningful employment or earn income or have significantly reduced my household income or significantly increased my expenses.

6. One or more of my tenants has defaulted on a significant amount of their rent payments since March 1, 2020.

To the extent I have lost household income or had increased expenses, any public assistance, including unemployment insurance, pandemic unemployment assistance, disability insurance, or paid family leave, that I have received since the start of the COVID-19 pandemic does not fully make up for my loss of household income or increased expenses.

I understand that I must comply with all other lawful terms under my mortgage agreement. I further understand that lawful fees, penalties or interest for not having paid my mortgage in full as required by my mortgage agreement may still be charged or collected and may result in a monetary judgment against me. I also understand that my mortgage lender or other foreclosing party may pursue a foreclosure action against me on or after May 1, 2021, if I do not fully repay any missed or partial payments and lawful fees.

Signed: _____

Printed name: _____

Date signed: _____

**NOTICE:** You are signing and submitting this form under penalty of law. That means it is against the law to make a statement on this form that you know is false.

INDEX NO. 804209/2021
Case 1:21-cv-04994-RPK-PK Document 27-13 Filed 03/07/22 Page 56 of 57 PageID #: 565
RECEIVED NYSCEF: 03/30/2021

Devolver a:

Planet Home Lending, LLC

321 Research Parkway, Suite 303

Meriden CT 06450

Attn: Mitigation

866-882-8187

assistancerequestcovid19@planethomelending.com



Número de índice (si se conoce/si es aplicable): _____

Condado y Tribunal (si se conoce/si es aplicable): _____

# AVISO AL DEUDOR HIPOTECARIO:

Si ha perdido ingresos o han aumentado sus gastos durante la pandemia de COVID-19 y firma y entrega este formulario de declaración de adversidad a su acreedor hipotecario o a otra parte que haya iniciado una ejecución hipotecaria, a usted no se le someterá a una ejecución hipotecaria por lo menos hasta el 1 de mayo de 2021. Si su acreedor hipotecario u otra parte que haya iniciado una ejecución hipotecaria le proporcionó este formulario, el acreedor hipotecario o la parte que inició una ejecución hipotecaria también debe proporcionarle una dirección postal y una dirección de correo electrónico a las que pueda enviar este formulario. Si ya se encuentra en medio de un procedimiento de ejecución hipotecaria, podrá entregar este formulario al tribunal. Debe conservar una copia o fotografía del formulario firmado para sus archivos. Usted aún debe la hipoteca impaga y las cuotas legales a su acreedor. También debe mantener un registro detallado de lo que ha pagado y de los importes que aún debe.

# DELARACIÓN DEL DEUDOR HIPOTECARIO DE PENURIA DEBIDA AL COVID-19

Soy el(la) deudor(a) hipotecario(a) del inmueble situado en (dirección de la vivienda):

_____

Incluyendo mi residencia principal, poseo, de manera directa o indirecta, diez o menos unidades de vivienda residencial. Estoy sufriendo adversidades financieras y no puedo pagar mi hipoteca en su totalidad por una o más de las siguientes causas:

1. Pérdida significativa de ingresos familiares durante la pandemia de COVID-19.

2. Aumento en los gastos propios necesarios para el desempeño de trabajos esenciales o relacionados con efectos sobre la salud de la pandemia de COVID-19.

Case 1:21-cv-04994-RPK-PK   Document 27-13   Filed 03/07/22   Page 57 of 57 PageID #: 566

3. Las responsabilidades de cuidado de menores o las responsabilidades de cuidar a un familiar anciano, discapacitado o enfermo durante la pandemia de COVID-19 han afectado negativamente mi capacidad o la capacidad de un integrante de mi hogar para obtener un empleo productivo o para obtener ingresos, o han aumentado mis gastos necesarios.

4. Los gastos de mudanza y la dificultad de conseguir otra vivienda me dificultan excesivamente mudarme a otra residencia durante la pandemia de COVID-19.

5. Otras circunstancias relacionadas con la pandemia de COVID-19 han afectado negativamente mi capacidad para obtener un empleo productivo o para obtener ingresos, o han reducido significativamente los ingresos de mi hogar, o aumentado significativamente mis gastos.

6. Uno o más de mis inquilinos han incumplido con la entrega de una cantidad significativa de sus pagos de alquiler desde el 1 de marzo de 2020.

En la medida en que he perdido ingresos de mi hogar o han aumentado mis gastos, la asistencia pública que he recibido desde el inicio de la pandemia de COVID-19, que incluye el seguro de desempleo, la asistencia para desempleo por pandemia, el seguro de incapacidad y la licencia familiar pagada, no compensa por completo la pérdida de los ingresos o el aumento de los gastos de mi hogar.

Entiendo que debo cumplir con todos los demás términos legales de mi contrato hipotecario. Además, entiendo que aún se pueden acumular o cobrar las cuotas legales, multas e intereses por no haber liquidado mi hipoteca según lo establecido en mi contrato hipotecario, y que pueden redundar en un fallo monetario en mi contra. Además, entiendo que mi acreedor hipotecario u otra parte que haya iniciado una ejecución hipotecaria pueden iniciar una demanda de ejecución hipotecaria en mi contra a partir del 1 de mayo de 2021, si no liquido en su totalidad todos los pagos omitidos y parciales y las cuotas legales.

Firmado: _____

Nombre impreso: _____

Fecha firmada: _____

**AVISO:** Está firmando y enviando este formulario bajo pena de ley. Esto significa que es ilegal hacer a sabiendas una declaración falsa en este formulario.