Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 1 of 35 PageID #: 686

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------------------X

NS194, LLC,                                                                    Index No.: _____

                                        **Plaintiff,**

                   -against-                                                   **SUMMONS**

ROSE PROPHETE, ERNST GABRIEL, MIDLAND FUNDING          **Mortgaged Premises:**
NCC-2 CORP., CITY OF NEW YORK DEPARTMENT OF            15 Paerdegat 6th Street
TRANSPORTATION PARKING VIOLATIONS BUREAU, and          Brooklyn, NY 11236
"JOHN DOE No. 1 through JOHN DOE No. 99", said names
being fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or persons
who claim, or may claim, a lien against the premises,

                                        **Defendants.**
-------------------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS(S):

        **YOU ARE HEREBY SUMMONED** and required to appear by serving an answer to the
annexed Complaint upon Plaintiff's attorney, at the address stated below, within twenty (20)
days after service of this summons, exclusive of the day of service (or within thirty (30) days
after the service is complete if this Summons is not personally delivered to you within the State
of New York); and in the case of your failure to appear or answer, judgment will be taken against
you for the relief demanded in the Complaint, together with the costs of this action.


Dated: January 28, 2021
        Astoria, New York


                                Richland & Falkowski, PLLC

                                *[signature]*

                                Michal Falkowski, Esq.
                                35-37 36th Street, 2nd Floor
                                Astoria, NY 11106
                                Phone: 212-390-8872
                                Email: mfalkowski@rflegal.net
                                *Attorneys for Plaintiff*


1

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 2 of 35 PageID #: 687

## NOTICE YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

2

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 3 of 35 PageID #: 688

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------------------X

NS194, LLC,

                                        **Plaintiff,**

                    -against-

ROSE PROPHETE, ERNST GABRIEL, MIDLAND FUNDING
NCC-2 CORP., CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU, and
"JOHN DOE No. 1 through JOHN DOE No. 99", said names
being fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or persons
who claim, or may claim, a lien against the premises,

                                        **Defendants.**

-------------------------------------------------------------------------------X

Index No.: _____

**COMPLAINT**

**Mortgaged Premises:**
15 Paerdegat 6th Street
Brooklyn, NY 11236

        Plaintiff NS194, LLC ("Plaintiff") by its attorney, Richland & Falkowski, PLLC
complaining of the defendants, alleges, upon information and belief as follows:

        **FIRST:**        Plaintiff is a trust having a principal place of business at 2001 Biscayne
Blvd., Suite 117-262, Miami, Florida 33137, authorized to transact business in the State of New
York.

        **SECOND:**        Upon information and belief, at all times hereinafter mentioned, the
defendant(s) reside or conduct business at the address set forth in "Schedule A" annexed hereto
(any that are corporations being organized and existing under the laws of the State set forth
herein), and are made defendants in this action in the capacities and for the reasons alleged
therein.

        **THIRD:**        That the Internal Revenue Service United States of America, New York
State Department of Taxation and Finance and all other agencies or instrumentalities of the
Federal, State or local government, however designated, if named as defendants, are made
parties solely by reason of the facts set forth in the annexed "Schedule B."

Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 4 of 35 PageID #: 689

**FOURTH:** That heretofore, to secure a sum of money to the stated Lender, its successor and assigns, the defendant duly executed, acknowledged and delivered to the stated Lender, a certain bond(s) or note(s) whereby he bound his successors or heirs, executors, administrators and assigns, jointly and severally, in the amount of said sum, as more fully described in the annexed "Schedule C," said schedule being a copy of the bond(s) or note(s), or accurate reference to the assumption agreement( s) evidencing indebtedness to plaintiff, together with the terms of repayment of said sum and rights of the plaintiff.

**FIFTH:** Plaintiff is the holder of the Note referenced in paragraph FOURTH and entitled to enforce the Note. The Note was payable to Plaintiff or indorsed (specifically or in blank) and negotiated to Plaintiff. A copy of the Note with the indorsement(s) and/or allonge(s) is annexed hereto as Schedule "C".

**SIXTH:** That as security for the payment of said indebtedness, a Mortgage(s) was executed as annexed hereto in "Schedule D," acknowledged and delivered to the stated Lender/Mortgagee, its successors and assigns, wherein the named mortgagor or mortgagors bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter, the "Mortgaged Premises") under certain conditions with rights, duties and privileges between the parties as described therein.

**SEVENTH:** The Mortgage is currently held by Plaintiff. As such, Plaintiff is the current beneficiary of the Mortgage securing the Note, the originals of which are in Plaintiff's possession and control, and Plaintiff is otherwise entitled to enforce the subject Mortgage and Note pursuant to law.

**EIGHTH:** That said mortgage(s) was duly recorded and the mortgage tax(es) due thereon was duly paid in the County Clerk's Office at the place and time that appears therein.

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 5 of 35 PageID #: 690

**NINTH:**      That Plaintiff has complied with all applicable provisions of the RPAPL § 1304, § 1306 and Banking Law, and specifically with Banking Law § 595-a and 6-1 and 6-m if applicable, in securing the aforementioned indebtedness and at all times thereafter.  The NYS DFS tracking number is NYS5327126.

**TENTH:**      That the defendant(s), ROSE PROPHETE has failed to comply with the conditions of the mortgage(s) or bond(s) by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more fully described in "Schedule E".

**ELEVENTH:**      That plaintiff elects herein to call due the entire amount secured by the mortgage(s) as more than thirty (30) days have elapsed since the date of default.

**TWELFTH:**      That "Schedule E" sets forth the principal balance due and the date and rate from which interest accrued and is owing from the defendant(s) default.

**THIRTEENTH:**      That in order to protect its security, the plaintiff has paid, if set forth in "Schedule E", or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage(s) and be adjudged a valid lien on the Mortgaged Premises.

**FOURTEENTH:**      That the defendants herein have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the plaintiff's mortgage(s).

**FIFTEENTH:**      That the plaintiff is now the true and lawful holder of the said bond(s)/note(s) and is mortgagee of record or has been delegated the authority to institute a

mortgage foreclosure action by the owner and holder of the subject mortgage and note; and that there have been no other prior proceedings, at law or otherwise, to collect or enforce the bond(s)/note(s) or mortgage(s) and no such proceedings are currently pending.

**SIXTEENTH:** That Schedules "A", "B", "C", "D", and "E", be incorporated and made part of the Complaint with the same force and effect as if they were completely and fully set forth wherever reference is made to them herein.

**SEVENTEENTH:** The plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

**WHEREFORE,** plaintiff demands judgment adjudging and decreeing the amounts due it for principal, interest, costs and reasonable attorneys', fees if provided for in the bond(s), note(s) or mortgage(s), and that the defendants, and any persons claiming by, through or under them subsequent to the commencement of this action, and every other person or corporation whose right, title, conveyance, or encumbrance of the Mortgaged Premises is subsequent or recorded subsequent to the plaintiff's interest, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in and to the Mortgaged Premises; that the Mortgaged Premises, or part thereof, be decreed to be sold according to law as may be necessary to raise the amounts due for principal, interest, costs, allowances and disbursements, together with any monies advanced and paid by the plaintiff; that the plaintiff be paid the amounts due on said bond(s), note(s) and-mortgage(s), and any sums paid by the plaintiff to protect the lien of its mortgage(s) out of the proceeds from the sale thereof, with interest thereon from the respective dates of payment thereof, costs and expenses of this action and reasonable attorneys' fees, if provided for

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 7 of 35 PageID #: 692

in the bond(s), note(s) or mortgage(s), provided the amount of the sale proceeds permits said payment; that any of the parties hereto may purchase the Mortgaged Premises at sale; that this Court, if requested, forthwith appoint a Receiver of the rents and profits of the Mortgaged Premises with the usual powers and duties associated therewith; that the defendant(s) referred to in paragraph "TENTH" be adjudged to pay any remaining deficiency; and such other or further relief as may be just and equitable, unless the defendant(s) obtained a bankruptcy discharge and such other or further relief as may be just and equitable. The plaintiff hereby reserves its right to share in surplus monies from the sale by virtue of its position as a judgment or other lien creditor, excluding the mortgage(s) foreclosed herein.

Dated: January 28, 2021
      Astoria, New York

                                      Richland & Falkowski, PLLC

Michal Falkowski, Esq.
35-37 36th Street, 2nd Floor
Astoria, NY 11106
Phone: 212-390-8872
Email: mfalkowski@rflegal.net
*Attorneys for Plaintiff*

Page 5 of 5

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 8 of 35 PageID #: 693

## SCHEDULE A - DEFENDANTS

Rose Prophete                                                  Certified Owner/Mortgagor
15 Paerdegat 6th Street
Brooklyn, NY 11236

Ernst Gabriel                                                  Certified Owner/Mortgagor
15 Paerdegat 6th Street
Brooklyn, NY 11236

Midland Funding NCC-2 Corp.                          Judgment Creditor
8875 Aero Drive, Suite 200
San Diego, CA 92123

"JOHN DOE No. 1 through JOHN DOE No.       Said names being fictitious, parties intended
99"                                                                being possible tenants or occupants of
                                                                       premises, and corporations, other entities or
                                                                       persons who claim, or may claim, a lien against
                                                                       the premises

Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 9 of 35 PageID #: 694

## SCHEDULE B – DEFENDANTS

City of New York                          Judgment Creditor
Department of Transportation
Parking Violations Bureau
100 Church Street
New York, NY 10007

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 10 of 35 PageID #: 695

## TAB Book Date: 12/19/2020

No data found TAB's for ERNST GABRIEL / ERN GABRIEL.
Data Loaded: 12/29/2020

## Parking Violations Filed Date: 12/25/2020

**This search PVB's for ERNST GABRIEL / ERN GABRIEL has returned** 2 results

| Name | Address | J-# | J-Amt | J-Int | Plt or Sum St |
|------|---------|-----|-------|-------|---------------|
| GABRIEL ERNST | 15 PAERDEGAT 6TH ST BROOKLYN NY11236 | 2 | $280.00 | $205.04 | EMP4171 |
| GABRIEL ERNEST | 4198 FORLEY ST # 1C ELMHURST NY11373 | 6 | $740.00 | $86.16 | EG56 |

Data Loaded: 12/25/2020

INDEX NO. 502277/2021

RECEIVED NYSCEF: 01/28/2021

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 11 of 35 PageID #: 696

**SCHEDULE C**

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 12 of 35 PageID #: 697

## NOTE

AUGUST 16 , 2006     BROOKLYN , NEW YORK

*Date*      *City*      *State*

15 PAERDEGAT 6TH STREET
BROOKLYN, NEW YORK 11236

*Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 63,000.00 (this amount will be called ``principal''), plus interest, to the order of the Lender. The Lender is

FAIRMONT FUNDING LTD, A NEW YORK CORPORATION

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the ``Note Holder.''

### 2. INTEREST

I will pay interest at a yearly rate of 9.000 %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 506.91

I will make my payments on the 1ST day of each month beginning on OCTOBER 01 2006 I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on SEPTEMBER 01 , 2021 I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 1333 60TH STREET, 2ND FLOOR

BROOKLYN, NEW YORK 11219 or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment. I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated AUGUST 16 , 2006 , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

LOAN NO.: BR12967
MIN NO.: 1002948-0003612967-0

NEW YORK - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT     Form 3933

-75(NY) (0407)
*DOCPREP SERVICES, INC.* FORM NOTENY2-0B34

Page 1 of 2
VMP Mortgage Solutions, Inc. (800)521-7291
**ORIGINAL**

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a ``prepayment.'' When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a ``full prepayment.'' A prepayment of only part of the unpaid principal is known as a ``partial prepayment.''

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as ``presentment'');(B) to give notice that amounts due have not been paid (known as ``notice of dishonor''); (C) to obtain an official certification of nonpayment (known as a ``protest''). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as ``guarantors, sureties and endorsers.''

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

Default in the payment of this loan agreement may result in the loss of the property securing the loan. Under federal law, you may have the right to cancel this agreement. If you have this right, the creditor is required to provide you with a separate written notice specifying the circumstances and times under which you can exercise this right.

BALLOON NOTE ADDENDUM ATTACHED HERETO AND MADE A PART HEREOF.

_____ (Seal)
ROSE PROPHETE                    -Borrower

_____ (Seal)
                                 -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE _____ (Seal)
                                 -Borrower

BY _____
Steven Rimmer, Sr. Vice President
Fairmont Funding, Ltd.

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

LOAN NO.:  BR12967                MIN NO.:   1002948-0003612967-0

-75(NY) (0407)                    Page 2 of 2
*DOCPREP SERVICES, INC.* FORM - NOTENY2.0B34   **ORIGINAL**        Form 3933

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 14 of 35 PageID #: 699

**SCHEDULE D**

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 15 of 35 PageID #: 700

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | 2006082400325003001E52F0 |

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 11

| Document ID: 2006082400325003 | Document Date: 08-16-2006 | Preparation Date: 08-24-2006 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 9

| PRESENTER: | RETURN TO: |
|---|---|
| TEAM EXAMINERS<br>193 JEROLEMON STREET<br>AS AGENT FOR: ROCKWELL ABSTRACT LLC<br>BROOKLYN, NY  11201<br>718-596-4844<br>RWL062114A    TAD | SMI - FAIRMONT FUNDING LTD<br>9700 BISSONNET<br>SUITE 1500<br>HOUSTON, TX  77036<br>RWL062114A PROPHETE B8044 L55 KINGS |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 8044 | 55 | Entire Lot | 15 PAERDEGAT 6 STREET |

**Property Type:** 1- 2 FAM WITH ATTCH GAR /OR VACANT LAND

### CROSS REFERENCE DATA

CRFN_____  *or*  Document ID_____  *or*  _____ Year_____  Reel_____  Page_____  *or* File Number_____

### PARTIES

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ROSE PROPHETE<br>189 E 34TH STREET<br>BROOKLYN, NY  11203 | MERS<br>PO BOX 2026<br>FLINT, MI  48501 |

x   Additional  Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $           82.00 |
|---|---|---|---|
| Mortgage Amount: | $ | 63,000.00 | Affidavit Fee: $             0.00 |
| Taxable Mortgage Amount: | $ | 63,000.00 | NYC Real Property Transfer Tax Filing Fee: |
| Exemption: | | | $                     0.00 |
| TAXES:  County (Basic): | $ | 315.00 | NYS Real Estate Transfer Tax: |
| City (Additional): | $ | 630.00 | $                     0.00 |
| Spec (Additional): | $ | 0.00 | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

| TASF: | $ | 157.50 | Recorded/Filed           08-29-2006 14:51 |
|---|---|---|---|
| MTA: | $ | 159.00 | City Register File No.(CRFN): |
| NYCTA: | $ | 0.00 | |
| Additional  MRT: | $ | 0.00 | **2006000489207** |
| TOTAL: | $ | 1,261.50 | |

*Annette M. Hill*

**City Register Official Signature**

FILED: KINGS COUNTY CLERK 01/28/2021 02:25 PM
INDEX NO. 502277/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/28/2021

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 16 of 35 PageID #: 701

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2006082400325003001C5070

| **RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)** | | **PAGE 2 OF 11** |
|---|---|---|
| **Document ID:** 2006082400325003 | Document Date: 08-16-2006 | Preparation Date: 08-24-2006 |
| Document Type: MORTGAGE | | |

**PARTIES**
**MORTGAGER/BORROWER:**
ERNST GABRIEL
189 E 34TH STREET
BROOKLYN, NY 11203

Return To:
SMI - FAIRMONT FUNDING LTD
ATTENTION: LANIECE LAMELL
9700 BISSONNET, SUITE 1500
MAILSTOP-TD 127
HOUSTON, TEXAS 77036

LOAN NO.:   BR12967
ESCROW NO.:
TITLE NO.:
PARCEL NO.:

## MORTGAGE

MIN  1002948-0003612967-0

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Mortgage." This document, which is dated    AUGUST        16 , 2006        , will be called the "Mortgage."
(B) "Borrower."
**ROSE PROPHETE AND ERNST GABRIEL,**

whose address is  **189 East 34th Street; Brooklyn, NY 11203**
        **Brooklyn, NY 11203**
will sometimes be called the "Borrower" and sometimes simply "I."
(C) "Lender."
**FAIRMONT FUNDING LTD, A NEW YORK CORPORATION**

will be called the "Lender." Lender is a corporation or association which was formed and which exists under the laws of
**NEW YORK**                                                                                          Lender's address is
**1333 60TH STREET 2ND FLOOR; BROOKLYN, NEW YORK 11219**
(D) "Note." The junior lien note signed by Borrower and dated    AUGUST        16 , 2006        , and extensions
and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $        63,000.00
plus interest, which I have promised to pay in full by   SEPTEMBER    01 ,  2021
(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the
"Property."
(F) "MERS." The Mortgage Electronic Registration System, Inc. will be called "MERS." MERS is a separate corporation
that is acting solely as nominee for Lender [as defined in (C) above] and Lender's successors and assigns. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI
48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE
MORTGAGEE OF RECORD.**

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns),
subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by
me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's
successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to
foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this
Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and
also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to
protect Lender from possible losses that might result if I do not:
(A)  Pay all the amounts that I owe Lender as stated in the Note;
(B)  Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and
Lender's rights in the Property; and
(C)  Keep all of my promises and agreements under this Mortgage.
With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is
known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his
property (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the
Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a
homestead exemption.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the following Property:
(A)  The property which is located at   **15 PAERDEGAT 6TH STREET**                                    [Street],
**BROOKLYN**                                       [City],                    [State],    **11236**    [Zip Code]
This Property is in **KINGS**                                                        County in the State of New York.
It has the following legal description:
**SEE ATTACHED LEGAL DESCRIPTION**

**TWO PAGE 1-4 FAMILY RIDER ATTACHED HERETO AND MADE A PART HEREOF**

Section                    Block:                        Lot:
                                                                          Initials ___ R  P  _ G ___

**NEW YORK** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(NY) (05/06)                                    Page 1 of 6
*DOC PREP SERVICES, INC.* FORM  MMTGNY2-3333        VMP Mortgage Solutions, Inc. (800)521-7291          Amended 4/01
                                                    **ORIGINAL**

Form 3833

Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 18 of 35 PageID #: 703

Rockwell Abstract, LLC

Title No.: *RWL062114A*

Issued on behalf of
*First American Title Insurance Company of New York*

SCHEDULE A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Paerdegat 6th Street 229 feet distant southerly from the corner formed by the intersection of the southerly side of East 80th Street and the westerly side of Paerdegat 6th Street;

RUNNING THENCE westerly parallel with the southerly side of East 80th Street and part of the distance through a party wall 100 feet;

RUNNING THENCE southerly and parallel with the westerly side of Paerdegat 6th Street 20 feet;

RUNNING THENCE easterly parallel with the southerly side of East 80th Street and part of the distance through a party wall 100 feet to the westerly side of Paerdegat 6th Street;

THENCE northerly along the westerly side of Paerdegat 6th Street 20 feet to the point or place of BEGINNING

FOR INFORMATION ONLY:
Said premises is known as 15 Paerdegat 6th Street, Brooklyn, New York
Also known as Block 8044 Lot 55 in Kings County

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;

(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";

(D) All rents or royalties from the property described in paragraph (A) of this section; and

(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record. I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### UNIFORM PROMISES

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**

   I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**

   **(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**

   I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

   The amount of each of my payments under this Paragraph 2 will be the sum of the following:

   (i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus

   (ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus

   (iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

   Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

   The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

   **(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**

   Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

   Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

   If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

   If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

   When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

LOAN NO.: BR12967
76NINY (9906)
Deluxe Services Inc. FORM  MMTGNY2-3333
Page 2 of 6
ORIGINAL
Initials
Form 3833
19 of 35

Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 20 of 35 PageID #: 705

3. **APPLICATION OF BORROWER'S PAYMENTS**
Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A) First, to pay the amounts then due to Lender under Paragraph 2 above.
(B) Next, to pay interest then due under the Note; and
(C) Next, to pay principal then due under the Note.

4. **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**
I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5. **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**
I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.
I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.
If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.
If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6. **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**
I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7. **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**
If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.
I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.
I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph. Although Lender may take action under this Paragraph 7, Lender does not have to do so.

8. **LENDER'S RIGHT TO INSPECT THE PROPERTY**
Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

9. **AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**
A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

10. **BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**
If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

Initials _R Y_ _K C_

LOAN NO.: BR12967

-76N(NY) (0506)

DOCPREP SERVICES, INC. FORM MMTGNY2-3333

Page 3 of 9
ORIGINAL

Form 3833

20 of 35

11. **CONTINUATION OF BORROWER'S OBLIGATIONS**

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

12. **CONTINUATION OF LENDER'S RIGHTS**

Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

13. **LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**

Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

14. **OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

15. **AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

16. **LAW THAT GOVERNS THIS MORTGAGE**

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs," "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

17. **BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

18. **REHABILITATION LOAN AGREEMENT**

I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

LOAN NO.: BR12967

76NJNY) (0606)

DOCUMENT SYSTEMS, INC. FORM MMTGNY2-3333

Page 4 of 6
ORIGINAL

Initials _R Y_ _F Q_

Form 3833

21 of 35

## NON-UNIFORM PROMISES

I also promise and agree with Lender as follows:

**20. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:

(A) I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and

(B) Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:

    (i) The promise or agreement that I failed to keep;

    (ii) The action that I must take to correct that failure;

    (iii) A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;

    (iv) That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;

    (v) That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and

    (vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and

(C) I do not correct the failure stated in the notice from Lender by the date stated in that notice.

**21. BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED**

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

(C) I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

**22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY**

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

LOAN NO.:   BR12967

Initials

-76N(NY) (0506)
Document Services, Inc. Form: MMTGNY2 3333

Page 5 of 6
ORIGINAL

Form 3833

22 of 35

———————————— [SPACE ABOVE RESERVED FOR RECORDER] ————————————

# 1-4 FAMILY RIDER
## Assignment of Rents

    **THIS 1-4 FAMILY RIDER** is made this   **16TH**   day of     **AUGUST**    , **2006**    , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to

**FAIRMONT FUNDING LTD, A NEW YORK CORPORATION**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

**15 PAERDEGAT 6TH STREET; BROOKLYN, NEW YORK 11236**
**[Property Address]**

    **1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

    **A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, panelling and attached floor coverings now or hereafter attached to the Property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

    **B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

    **C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

    **D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Uniform Covenant 5.

**LOAN NO.:  BR12967**           **INITIALS**

**MULTISTATE 1-4 FAMILY RIDER - Fannie Mae Uniform Instrument**      **Form 3170 12/92**
DOCPREP SERVICES, INC. FNMA1-4 0237        **ORIGINAL**        **Page 1 of 2**

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Uniform Covenant 18 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, the first sentence in Uniform Covenant 6 concerning Borrower's occupancy of the Property is deleted. All remaining covenants and agreements set forth in Uniform Covenant 6 shall remain in effect.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to paragraph 21 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Uniform Covenant 7.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)          _____ (Seal)
                              -Borrower                                     -Borrower
ROSE PROPHETE                            ERNST GABRIEL


_____ (Seal)          _____ (Seal)
                              -Borrower                                     -Borrower


LOAN NO.: BR12967
MULTISTATE 1-4 FAMILY RIDER - Fannie Mae Uniform Instrument          Form 3170 12/92
DOCPREP SERVICES, INC. FNMA1-4 0237          ORIGINAL          Page 2 of 2

Case 1:21-cv-04994-RPK-PK Document 27-20 Filed 03/07/22 Page 25 of 35 PageID #: 710

23. **LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**
    When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

24. **AGREEMENTS ABOUT NEW YORK LIEN LAW**
    I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

25. **BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.
    ☑ This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.
    ☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.
    ☐ This Security Instrument does not cover real property improved as described above.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

By signing this Mortgage I agree to all of the above

Witnesses

_____ _____ (Seal)
-Borrower
**ROSE PROPHETE**

_____ _____ (Seal)
-Borrower
**ERNST GABRIEL**

_____ (Seal) _____ (Seal)
-Borrower -Borrower

_____ (Seal) _____ (Seal)
-Borrower -Borrower

_____ (Seal) _____ (Seal)
-Borrower -Borrower

*[Sign Original Only]*

**STATE OF NEW YORK,** County ss. Kings

On the 16th day of August 2006
said state, personally appeared                          before me, the undersigned, a notary public in and for
**ROSE PROPHETE AND ERNST GABRIEL**

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**SEAL**

**NEIL FINK**
**Notary Public, State of New York**
**No. 02FI6090233**
**Qualified in Kings County**
**Commission Expires April 7 2007**

Tax Map Information:
PARCEL NO.:

LOAN NO.: BR12967
-79N(NY) (05/06)
DOCPREP SERVICES, INC. FORM - MMTGNY2-3333
Page 8 of 6
**ORIGINAL**
Form 3833

FILED: KINGS COUNTY CLERK 01/28/2021 02:25 PM

NYSCEF DOC. NO. 1

INDEX NO. 502277/2021

RECEIVED NYSCEF: 01/28/2021

**SCHEDULE E**

| | |
|---|---|
| Principal Balance | $61,932.31 |

Interest at 9.0% annum from January 1, 2009

Additional charges, costs and fees incurred in connection with
the default as provided for in the Note and Mortgage and/or
Loan Modification Agreement if modified

STATE OF NEW YORK                    )
                                     )ss:.
COUNTY OF QUEENS                     )

**Michal Falkowski, Esq.,** being duly sworn, deposes and states as follows:

1. That I am more than 18 years of age, reside in the State of New York, and am member of Richland & Falkowski, PLLC, attorneys for NS194, LLC.
2. That on January 19, 2021, I served true copies of the annexed Mortgagor's Declaration of Covid-19-Related Hardship, in English and Spanish, in the following manner:

►Service By Mail        : By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Rose Prophete                          Ernest Gabriel
15 Paerdegat 6th Street                15 Paerdegat 6th Street
Brooklyn, NY 11236                     Brooklyn, NY 11236

3. The notices were prepared in 14 point type.


Michal Falkowski


STATE OF NEW YORK                    )
                                     )ss:.
COUNTY OF QUEENS                     )

On the **19th** day of **JANUARY** in the year **2021** before me, the undersigned, personally appeared MICHAL FALKOWSKI personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.


NOTARY PUBLIC

ROBERTO E. CASTELLAR
Notary Public, State of New York
Reg. No. 01CA6366604
Qualified in Queens County
Commission Expires 10/31/20 21

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 28 of 35 PageID #: 713



Return To:

NS194, LLC

c/o Richland & Falkowski, PLLC

35-37 36th Street, 2nd Fl.

Astoria, NY 11106

212-390-8872 ext 403

mfalkowski@rflegal.net

Index Number (if known/applicable):          County and Court (if known/applicable):

_____                  _____

## NOTICE TO MORTGAGOR:

If you have lost income or had increased costs during the COVID-19 pandemic, and you sign and deliver this hardship declaration form to your mortgage lender or other foreclosing party, you cannot be foreclosed on until at least May 1, 2021. If your mortgage lender or other foreclosing party provided you with this form, the mortgage lender or other foreclosing party must also provide you with a mailing address and e-mail address to which you can return this form. If you are already in foreclosure proceedings, you may return this form to the court. You should keep a copy or picture of the signed form for your records. You will still owe any unpaid mortgage payments and lawful fees to your lender. You should also keep careful track of what you have paid and any amount you still owe.

## MORTGAGOR'S DECLARATION OF
## COVID-19-RELATED HARDSHIP

I am the mortgagor of the property at (address of dwelling unit):

_____

Including my primary residence, I own, whether directly or indirectly, ten or fewer residential dwelling units. I am experiencing financial hardship, and I am unable to pay my mortgage in full because of one or more of the following:

1. Significant loss of household income during the COVID-19 pandemic.

2. Increase in necessary out-of-pocket expenses related to performing essential work or related to health impacts during the COVID-19 pandemic.

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 29 of 35 PageID #: 714

3. Childcare responsibilities or responsibilities to care for an elderly, disabled, or sick family member during the COVID-19 pandemic have negatively affected my ability or the ability of someone in my household to obtain meaningful employment or earn income or increased my necessary out-of-pocket expenses.

4. Moving expenses and difficulty I have securing alternative housing make it a hardship for me to relocate to another residence during the COVID-19 pandemic.

5. Other circumstances related to the COVID-19 pandemic have negatively affected my ability to obtain meaningful employment or earn income or have significantly reduced my household income or significantly increased my expenses.

6. One or more of my tenants has defaulted on a significant amount of their rent payments since March 1, 2020.

To the extent I have lost household income or had increased expenses, any public assistance, including unemployment insurance, pandemic unemployment assistance, disability insurance, or paid family leave, that I have received since the start of the COVID-19 pandemic does not fully make up for my loss of household income or increased expenses.

I understand that I must comply with all other lawful terms under my mortgage agreement. I further understand that lawful fees, penalties or interest for not having paid my mortgage in full as required by my mortgage agreement may still be charged or collected and may result in a monetary judgment against me. I also understand that my mortgage lender or other foreclosing party may pursue a foreclosure action against me on or after May 1, 2021, if I do not fully repay any missed or partial payments and lawful fees.

Signed: _____

Printed name: _____

Date signed: _____

**NOTICE:** You are signing and submitting this form under penalty of law. That means it is against the law to make a statement on this form that you know is false.

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 30 of 35 PageID #: 715

Devolver a:
NS194, LLC
c/o Richland & Falkowski, PLLC
35-37 36th Street, 2nd Fl.
Astoria, NY 11106
212-390-8872 ext 403
mfalkowski@rflegal.net



Número de índice (si se conoce/si es aplicable): _____

Condado y Tribunal (si se conoce/si es aplicable): _____

## AVISO AL DEUDOR HIPOTECARIO:

Si ha perdido ingresos o han aumentado sus gastos durante la pandemia de COVID-19 y firma y entrega este formulario de declaración de adversidad a su acreedor hipotecario o a otra parte que haya iniciado una ejecución hipotecaria, a usted no se le someterá a una ejecución hipotecaria por lo menos hasta el 1 de mayo de 2021. Si su acreedor hipotecario u otra parte que haya iniciado una ejecución hipotecaria le proporcionó este formulario, el acreedor hipotecario o la parte que inició una ejecución hipotecaria también debe proporcionarle una dirección postal y una dirección de correo electrónico a las que pueda enviar este formulario. Si ya se encuentra en medio de un procedimiento de ejecución hipotecaria, podrá entregar este formulario al tribunal. Debe conservar una copia o fotografía del formulario firmado para sus archivos. Usted aún debe la hipoteca impaga y las cuotas legales a su acreedor. También debe mantener un registro detallado de lo que ha pagado y de los importes que aún debe.

## DELARACIÓN DEL DEUDOR HIPOTECARIO DE PENURIA DEBIDA AL COVID-19

Soy el(la) deudor(a) hipotecario(a) del inmueble situado en (dirección de la vivienda):

_____

Incluyendo mi residencia principal, poseo, de manera directa o indirecta, diez o menos unidades de vivienda residencial. Estoy sufriendo adversidades financieras y no puedo pagar mi hipoteca en su totalidad por una o más de las siguientes causas:

1. Pérdida significativa de ingresos familiares durante la pandemia de COVID-19.

2. Aumento en los gastos propios necesarios para el desempeño de trabajos esenciales o relacionados con efectos sobre la salud de la pandemia de COVID-19.

3. Las responsabilidades de cuidado de menores o las responsabilidades de cuidar a un familiar anciano, discapacitado o enfermo durante la pandemia de COVID-19 han afectado negativamente mi capacidad o la capacidad de un integrante de mi hogar para obtener un empleo productivo o para obtener ingresos, o han aumentado mis gastos necesarios.

4. Los gastos de mudanza y la dificultad de conseguir otra vivienda me dificultan excesivamente mudarme a otra residencia durante la pandemia de COVID-19.

5. Otras circunstancias relacionadas con la pandemia de COVID-19 han afectado negativamente mi capacidad para obtener un empleo productivo o para obtener ingresos, o han reducido significativamente los ingresos de mi hogar, o aumentado significativamente mis gastos.

6. Uno o más de mis inquilinos han incumplido con la entrega de una cantidad significativa de sus pagos de alquiler desde el 1 de marzo de 2020.

En la medida en que he perdido ingresos de mi hogar o han aumentado mis gastos, la asistencia pública que he recibido desde el inicio de la pandemia de COVID-19, que incluye el seguro de desempleo, la asistencia para desempleo por pandemia, el seguro de incapacidad y la licencia familiar pagada, no compensa por completo la pérdida de los ingresos o el aumento de los gastos de mi hogar.

Entiendo que debo cumplir con todos los demás términos legales de mi contrato hipotecario. Además, entiendo que aún se pueden acumular o cobrar las cuotas legales, multas e intereses por no haber liquidado mi hipoteca según lo establecido en mi contrato hipotecario, y que pueden redundar en un fallo monetario en mi contra. Además, entiendo que mi acreedor hipotecario u otra parte que haya iniciado una ejecución hipotecaria pueden iniciar una demanda de ejecución hipotecaria en mi contra a partir del 1 de mayo de 2021, si no liquido en su totalidad todos los pagos omitidos y parciales y las cuotas legales.

Firmado: _____

Nombre impreso: _____

Fecha firmada: _____

**AVISO:** Está firmando y enviando este formulario bajo pena de ley. Esto significa que es ilegal hacer a sabiendas una declaración falsa en este formulario.

INDEX NO. 502277/2021
Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 32 of 35 PageID #: 717

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
--------------------------------------------------------------------------------X

NS194, LLC,

                                  **Plaintiff,**

        -against-

ROSE PROPHETE, ERNST GABRIEL, MIDLAND FUNDING
NCC-2 CORP., CITY OF NEW YORK DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU, and
"JOHN DOE No. 1 through JOHN DOE No. 99", said names
being fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or persons
who claim, or may claim, a lien against the premises,

                                  **Defendants.**
--------------------------------------------------------------------------------X

Index No.: _____

**AFFIRMATION**

**Mortgaged Premises:**
15 Paerdegat 6th Street
Brooklyn, NY 11236

         *Please note: As a result of the COVID-19 pandemic, the commencement
and prosecution of foreclosure proceedings were stayed under various
provisions of law, including but not limited to Governor Cuomo's
Executive Order 202.8 and Executive Order 202.28, Chief
Administrative Judge Marks's Administrative Orders AO/68/20,
AO/121/20, and AO/127/20, the federal Coronavirus Aid, Relief, and
Economic Security Act of 2020 (Public Law 116-136) the Covid-19
Emergency Eviction and Foreclosure Prevention Act of 2020 (L. 2020 c.
381 Act, Part b. Subpart A. § 6) and AO/341/20. This affirmation is
designed to advance the purpose of these federal and state directives,
and to avoid unnecessary in-person appearances of parties and others in
courthouses.*

Michal Falkowski, Esq., pursuant to CPLR § 2106 and under the penalties of perjury,
affirms as follows:

1. I am an attorney at law duly licensed to practice in the State of New York, and am
   affiliated with the law firm of Richland & Falkowski, PLLC, attorneys for Plaintiff(s) in
   the above-captioned foreclosure proceeding.  As such, I am fully aware of the underlying
   action, as well as the proceedings had herein.

2. I am aware that, as a result of the COVID-19 pandemic, various state and federal
   authorities have issued statutes and executive orders regulating the time and manner of
   commencement and prosecution of foreclosure proceedings. These include (without

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 33 of 35 PageID #: 718

limitation), gubernatorial Executive Orders 202.8 (March 20, 2020), 202.14 (April 7, 2020), 202.28 (May 7, 2020), and 202.38 (June 6, 2020); Chief Administrative Judge Administrative Orders AO/68/20 (March 16,2020), AO/121/20 (June 9, 2020), and AO/127/20 (June 18, 2020); and federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act, enacted on March 27, 2020), Department of Veterans Affairs Circular 26-20-22 (June 17,2020), and Department of Housing and Urban Development Mortgagee Letter 2020-19 (June 17, 2020); and the Covid-19 Emergency Eviction and Foreclosure Prevention Act of 2020 and AO/341/20.

3. I have reviewed these authorities, have consulted with my client, and affirm that, to the best of my knowledge, information, and belief, the petition and other papers filed or submitted to the Court in this matter comport with the requirements of those state and federal directives -- including the directive, set forth in Executive Order 202.28, that "[t]here shall be no initiation of a proceeding or enforcement of ... a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned ... by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020."

4. I further affirm that, at the time of filing, neither the foreclosing party nor any agent of the foreclosing party has received a hardship declaration from the mortgagor.

5. I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: January 28, 2021
Astoria, New York

Richland & Falkowski, PLLC

Michal Falkowski, Esq.
35-37 36th Street, 2nd Floor
Astoria, NY 11106
Phone: 212-390-8872
Email: mfalkowski@rflegal.net
*Attorneys for Plaintiff*

Page 2 of 2

Case 1:21-cv-04994-RPK-PK   Document 27-20   Filed 03/07/22   Page 34 of 35 PageID #: 719

**Exh. 2**

NOTICE TO DEFENDANT


DURING THE CORONAVIRUS EMERGENCY, YOU MIGHT BE ENTITLED BY LAW TO TAKE ADDITIONAL DAYS OR WEEKS TO FILE AN ANSWER TO THIS COMPLAINT.


PLEASE CONTACT YOUR ATTORNEY FOR MORE INFORMATION.

IF YOU DON'T HAVE AN ATTORNEY,

PLEASE VISIT


**http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml**

OR

**https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml**

Exh. 3

AVISO A DEMANDADO


DURANTE LA EMERGENCIA DEL CORONAVIRUS,

ES POSIBLE QUE USTED TENGA DERECHO POR LEY

A TOMAR DÍAS O SEMANAS ADICIONALES

PARA PRESENTAR UNA RESPUESTA

A ESTA PETICIÓN


POR FAVOR CONTACTE A SU ABOGADO PARA MAS
INFORMACIÓN.


SI USTED NO TIENE UN ABOGADO,

VISITE

http://ww2.nycourts.gov/admin/OPP/foreclosures.shtml

O

https://www.nycourts.gov/courthelp/Homes/foreclosures.shtml