Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 1 of 27 PageID #: 746

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
--------------------------------------------------------------------------------X

BCMB1 TRUST,                                     Index No.: _____

                          **Plaintiff,**

        -against-                             **COMPLAINT**

DICKSON A. REGALADO and "JOHN DOE No. 1 through     **Mortgaged Premises:**
JOHN DOE No. 99", said names being fictitious, parties   132-11 85th Street
intended being possible tenants or occupants of premises, and   Ozone Park, NY 11417
corporations, other entities or persons who claim, or may claim, a
lien against the premises,

                         **Defendants.**
--------------------------------------------------------------------------------X

       Plaintiff BCMB1 TRUST ("Plaintiff") by its attorney, Richland & Falkowski, PLLC

complaining of the defendants, alleges, upon information and belief as follows:

       **FIRST:**      Plaintiff is a trust having a principal place of business at 2001 Biscayne

Blvd., Suite 117-262, Miami, Florida 33137, authorized to transact business in the State of New

York.

       **SECOND:**    Upon information and belief, at all times hereinafter mentioned, the

defendant(s) reside or conduct business at the address set forth in "Schedule A" annexed hereto

(any that are corporations being organized and existing under the laws of the State set forth

herein), and are made defendants in this action in the capacities and for the reasons alleged

therein.

       **THIRD:**      That the Internal Revenue Service United States of America, New York

State Department of Taxation and Finance and all other agencies or instrumentalities of the

Federal, State or local government, however designated, if named as defendants, are made

parties solely by reason of the facts set forth in the annexed "Schedule B."

Case 1:21-cv-04994-RPK-PK Document 27-23 Filed 03/07/22 Page 2 of 27 PageID #: 747

**FOURTH:** That heretofore, to secure a sum of money to the stated Lender, its successor and assigns, the defendant duly executed, acknowledged and delivered to the stated Lender, a certain bond(s) or note(s) whereby he bound his successors or heirs, executors, administrators and assigns, jointly and severally, in the amount of said sum, as more fully described in the annexed "Schedule C," said schedule being a copy of the bond(s) or note(s), or accurate reference to the assumption agreement( s) evidencing indebtedness to plaintiff, together with the terms of repayment of said sum and rights of the plaintiff.

**FIFTH:** Plaintiff is the holder of the Note referenced in paragraph FOURTH and entitled to enforce the Note. The Note was payable to Plaintiff or indorsed (specifically or in blank) and negotiated to Plaintiff. A copy of the Note with the indorsement(s) and/or allonge(s) is annexed hereto as Schedule "C".

**SIXTH:** That as security for the payment of said indebtedness, a Mortgage(s) was executed as annexed hereto in "Schedule D," acknowledged and delivered to the stated Lender/Mortgagee, its successors and assigns, wherein the named mortgagor or mortgagors bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter, the "Mortgaged Premises") under certain conditions with rights, duties and privileges between the parties as described therein.

**SEVENTH:** The Mortgage is currently held by Plaintiff. As such, Plaintiff is the current beneficiary of the Mortgage securing the Note, the originals of which are in Plaintiff's possession and control, and Plaintiff is otherwise entitled to enforce the subject Mortgage and Note pursuant to law.

**EIGHTH:** That said mortgage(s) was duly recorded and the mortgage tax(es) due thereon was duly paid in the County Clerk's Office at the place and time that appears therein.

**NINTH:**    That Plaintiff has complied with all applicable provisions of the RPAPL § 1304, § 1306 and Banking Law, and specifically with Banking Law § 595-a and 6-1 and 6-m if applicable, in securing the aforementioned indebtedness and at all times thereafter.  The NYS DFS tracking number is NYS5266229.

**TENTH:**    That the defendant(s), DICKSON A. REGALADO has failed to comply with the conditions of the mortgage(s) or bond(s) by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more fully described in "Schedule E".

**ELEVENTH:**    That plaintiff elects herein to call due the entire amount secured by the mortgage(s) as more than thirty (30) days have elapsed since the date of default.

**TWELFTH:**    That "Schedule E" sets forth the principal balance due and the date and rate from which interest accrued and is owing from the defendant(s) default.

**THIRTEENTH:**    That in order to protect its security, the plaintiff has paid, if set forth in "Schedule E", or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage(s) and be adjudged a valid lien on the Mortgaged Premises.

**FOURTEENTH:**    That the defendants herein have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the plaintiff's mortgage(s).

**FIFTEENTH:**    That the plaintiff is now the true and lawful holder of the said bond(s)/note(s) and is mortgagee of record or has been delegated the authority to institute a

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 4 of 27 PageID #: 749

mortgage foreclosure action by the owner and holder of the subject mortgage and note; and that there have been no other prior proceedings, at law or otherwise, to collect or enforce the bond(s)/note(s) or mortgagees) and no such proceedings are currently pending.

**SIXTEENTH:**     That Schedules "A", "B", "C", "D", and "E", be incorporated and made part of the Complaint with the same force and effect as if they were completely and fully set forth wherever reference is made to them herein.

**SEVENTEENTH:**     The plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

**WHEREFORE,** plaintiff demands judgment adjudging and decreeing the amounts due it for principal, interest, costs and reasonable attorneys', fees if provided for in the bond(s), note(s) or mortgage(s), and that the defendants, and any persons claiming by, through or under them subsequent to the commencement of this action, and every other person or corporation whose right, title, conveyance, or encumbrance of the Mortgaged Premises is subsequent or recorded subsequent to the plaintiff's interest, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in and to the Mortgaged Premises; that the Mortgaged Premises, or part thereof, be decreed to be sold according to law as may be necessary to raise the amounts due for principal, interest, costs, allowances and disbursements, together with any monies advanced and paid by the plaintiff; that the plaintiff be paid the amounts due on said bond(s), note(s) and-mortgage(s), and any sums paid by the plaintiff to protect the lien of its mortgage(s) out of the proceeds from the sale thereof, with interest thereon from the respective dates of payment thereof, costs and expenses of this action and reasonable attorneys' fees, if provided for

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 5 of 27 PageID #: 750

in the bond(s), note(s) or mortgage(s), provided the amount of the sale proceeds permits said

payment; that any of the parties hereto may purchase the Mortgaged Premises at sale; that this

Court, if requested, forthwith appoint a Receiver of the rents and profits of the Mortgaged

Premises with the usual powers and duties associated therewith; that the defendant(s) referred to

in paragraph "TENTH" be adjudged to pay any remaining deficiency; and such other or further

relief as may be just and equitable, unless the defendant(s) obtained a bankruptcy discharge and

such other or further relief as may be just and equitable. The plaintiff hereby reserves its right to

share in surplus monies from the sale by virtue of its position as a judgment or other lien

creditor, excluding the mortgage(s) foreclosed herein.

Dated:  September 9, 2020
        Astoria, New York

                                        Richland & Falkowski, PLLC


                                        Michal Falkowski, Esq.
                                        35-37 36th Street, 2nd Floor
                                        Astoria, NY 11106
                                        Phone: 212-390-8872
                                        Email: mfalkowski@rflegal.net
                                        *Attorneys for Plaintiff*

Case 1:21-cv-04994-RPK-PK Document 27-23 Filed 03/07/22 Page 6 of 27 PageID #: 751

## SCHEDULE A - DEFENDANTS

Dickson A. Regalado                             Certified Owner/Mortgagor
132-11 85th Street
Ozone Park, NY 11417

"JOHN DOE No. 1 through JOHN DOE No.          Said names being fictitious, parties intended
99"                                            being possible tenants or occupants of
                                               premises, and corporations, other entities or
                                               persons who claim, or may claim, a lien against
                                               the premises

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 7 of 27 PageID #: 752

## SCHEDULE B – DEFENDANTS

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 8 of 27 PageID #: 753

**SCHEDULE C**

Prepared by: ELIZABETH GAMBALE

<div style="text-align:center">

## BALLOON NOTE

WITH BALLOON PAYMENT
</div>

LOAN #: ▇▇▇▇▇

| | | |
|---|---|---|
| OCTOBER 18, 2006 | WESTBURY | NEW YORK |
| Date | City | State |

<div style="text-align:center">

13211 85TH ST, OZONE PARK, NY 11417-1921
Property Address
</div>

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 79,712.00      (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
Countrywide Bank, N.A.   .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**

I will pay interest at a yearly rate of 8.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

*ORIGINAL*

**3. PAYMENTS**

I will pay principal and interest by making payments each month of U.S. $ 612.92    .
I will make my payments on the day 1st    of each month beginning on December, 2006   . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on NOVEMBER 01, 2021   , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment, but not less than U.S. $ NOT APPLICABLE and not more than U.S. $ NOT APPLICABLE . I will pay this late charge only once on any late payment.

(B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A MORTGAGE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated OCTOBER 18, 2006   , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

CONV
● Fixed Second NY Note with Balloon Payment
2C867-NY (06/05)(d)        Page 1 of 2





610 151028064 N 001 001



LOAN #: ▮▮▮▮▮▮

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

THE TERM OF THE LOAN IS  15          YEARS. AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING 15          YEARS FROM THE DATE ON WHICH THE LOAN IS MADE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

THIS IS A BALLOON PAYMENT NOTE AND THE FINAL PAYMENT OR BALANCE DUE UPON MATURITY IS $ 62,853.02 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE NOTE HOLDER UNDER THE TERMS OF THE NOTE.

ORIGINAL

_____ (Seal)          _____ (Seal)
DICKSON A. REGALADO
Borrower                                        Borrower


_____ (Seal)          _____ (Seal)

Borrower                                        Borrower

*(Sign Original Only)*

CONV
● Fixed Second NY Note with Balloon Payment
2C867-NY (08/05)                              Page 2 of 2

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE BANK, N.A.

BY ____________________

ENRIQUETA QUINTEROS
COLLATERAL PROCESSING OFFICER

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 12 of 27 PageID #: 757

## SCHEDULE D

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 13 of 27 PageID #: 758



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006110600367003002EAD4F

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 17 |
|---|---|---|
| Document ID: 2006110600367003 | Document Date: 10-18-2006 | Preparation Date: 11-28-2006 |

Document Type: MORTGAGE
Document Page Count: 16

| PRESENTER: | RETURN TO: |
|---|---|
| BAYSIDE ABSTRACT | COUNTRYWIDE HOME LOANS INC. |
| 31 STEWART STREET | PO BOX 10423 |
| MD/ PICKUP KAREN LEVINE | VAN NUYS, CA  91410-0423 |
| FLORAL PARK, NY  11001 | |
| 516-358-0505 | |
| WBA-7993Q | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11348 | 55 | Entire Lot | 132-11 85 STREET |

Property Type: DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN_____  *or*  Document ID_____  *or*  _____  Year_____  Reel____  Page_____  *or*  File Number_____

**PARTIES**

| MORTGAGER/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| DICKSON A. REGALADO | COUNTRYWIDE BANK, NA |
| 102-06 97 AVENUE | 1199 NORTH FAIRFAX STREET, SUITE 500 |
| OZONE PARK, NY  11416 | ALEXANDRIA, VA  22314 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 79,712.00 | | |
| Taxable Mortgage Amount: | $ | 79,712.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 398.50 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 797.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 199.25 | | |
| MTA: | $ | 209.10 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 1,603.85 | | |
| Recording Fee: | $ | 117.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

Filing Fee: $ 0.00

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        11-28-2006 17:25
City Register File No.(CRFN):
**2006000657493**

*Annette M. Hill*

*City Register Official Signature*

M BD 79984

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
ELIZABETH GAMBALE

mt io
$ 11604

——————— [Space Above This Line For Recording Data] ———————

00015102806410006
[Doc ID #]

# MORTGAGE

MIN 1001337-0001708796-9

**WORDS USED OFTEN IN THIS DOCUMENT**

(A) "Mortgage." This document, which is dated OCTOBER 18, 2006 , will be called the "Mortgage."

(B) "Borrower."

DICKSON A REGALADO

whose address is
102-06 97 AVENUE, OZONE PARK, NY 11416
will sometimes be called the "Borrower" and sometimes simply "I."

(C) "Lender."
Countrywide Bank, N.A.
will be called the "Lender." Lender is
A NATL. ASSN.
which was formed and which exists under the laws of THE UNITED STATES      Lender's
address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO FAMILY RESIDENCE OR DWELLING ONLY.

Section: _____ Block: _____ Lot: _____ Unit: _____

**NEW YORK** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS**

VMP-76N(NY) (0506)   CHL (05/06)(d)      Page 1 of 11            **Form 3833**
                              VMP Mortgage Solutions, Inc.      **Amended 4/01**





* 2 3 9 9 1 *                    * 1 5 1 0 2 8 0 6 4 0 0 0 0 0 1 0 7 6 N *

14 of 27

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 15 of 27 PageID #: 760

DOC ID #: 00015102806410006

(D) "Note." The junior lien note signed by Borrower and dated OCTOBER 18, 2006    , and extensions and renewals of that note, will be called the "Note." The Note shows that I owe Lender U.S. $ 79,712.00    plus interest, which I have promised to pay in full by NOVEMBER 01, 2021    .

(E) "Property." The property that is described below in the section titled "Description of the Property" will be called the "Property."

(F) "MERS." The Mortgage Electronic Registration System, Inc. will be called "MERS." MERS is a separate corporation that is acting solely as nominee for Lender [as defined in (C) above] and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.**

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS, (solely as nominee for Lender and Lender's successors and assigns), subject to the terms of this Mortgage. I understand and agree that MERS holds only legal title to the interests granted by me in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, discharging this Mortgage. This means that, by signing this Mortgage, I am giving Lender those rights that are stated in this Mortgage and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I do not:

(A)  Pay all the amounts that I owe Lender as stated in the Note;

(B)  Pay, with interest, any amounts that Lender spends under this Mortgage to protect the value of the Property and Lender's rights in the Property; and

(C)  Keep all of my promises and agreements under this Mortgage.

With respect to the amounts that I owe under the Note and under this Mortgage, I waive the benefit of the right which is known as the "homestead exemption." A homestead exemption is a property owner's right to keep a portion of his property  (usually up to a certain dollar amount) free from the claims of creditors. My waiver of this right means that the Lender may exercise all of its rights under this Mortgage as if I were not entitled, under law, to the benefits of a homestead exemption.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the following Property:

(A)  The property which is located at

13211 85TH ST, OZONE PARK

[Street, City]

New York 11417-1921    . This Property is in  QUEENS

[Zip]

County in the State of New York. It has the following legal description:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

## Schedule A Description

Title Number **WBA-7993Q**                                      Page    **1**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Fourth Ward of the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Niagara Street, (85th Street), distant 105 feet southerly from the corner formed by the intersection of the easterly side of Niagara Street with the southerly side of Sutter Avenue;

RUNNING THENCE easterly at right angles to Niagara Street, 100 feet;

THENCE southerly parallel with Niagara Street, 20 feet;

THENCE westerly and again at right angles to Niagara Street, 100 feet to the easterly side of Niagara Street; and

THENCE northerly along the easterly side of Niagara Street, 20 feet to the point or place of BEGINNING.

TOGETHER with an easement of right of way over the northerly portion of the southerly adjoining premises between the building erected thereof and the building erected on the above described premises to the garage now or hereafter to be erected on the rear of said premises for ingress and egress of pleasure motor vehicles only.

SUBJECT to an easement of right of way over the southerly portion of the above described premises between the building erected thereon and the building erected on the southerly adjoining premises to the garage now or hereafter to be erected on the rear of said premises for ingress and egress of pleasure motor vehicles only.



Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 17 of 27 PageID #: 762

DOC ID #: 00015102806410006

(B) All buildings, structures and other improvements that are located on the property described in paragraph (A) of this section;

(C) All rights in other property that I have as owner of the property described in paragraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the property";

(D) All rents or royalties from the property described in paragraph (A) of this section; and

(E) All of the property described in paragraphs (B) through (D) of this section that I acquire in the future, and all rights described in paragraphs (B) through (D) of this section that I acquire in the future.

It may be that I do not own the Property but am a tenant under a lease. In that case, the rights I am giving to Lender by this Mortgage are rights in my tenancy.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property other than claims and charges of record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because, as a result of something I have done, someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

### UNIFORM PROMISES

I promise and I agree with Lender as follows:

1. **BORROWER'S PROMISE TO PAY PRINCIPAL AND INTEREST UNDER THE NOTE AND TO FULFILL OTHER PAYMENT OBLIGATIONS**
   I will promptly pay to Lender when due principal and interest under the Note and late charges as stated in the Note.

2. **AGREEMENTS ABOUT MONTHLY PAYMENTS FOR TAXES AND INSURANCE**
   **(A) Borrower's Obligation to Make Monthly Payments to Lender for Taxes and Insurance**
   I will pay to Lender all amounts necessary to pay for taxes, assessments, ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender (i) unless Lender tells me, in writing, that I do not have to do so or (ii) unless the law requires otherwise. Also, I will not have to pay to Lender any amount for which I am already making monthly payments to the holder of any superior mortgage or deed of trust, if it is a savings or banking institution. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

   The amount of each of my payments under this Paragraph 2 will be the sum of the following:
   (i) One-twelfth of the estimated yearly taxes, assessments (including condominium and planned unit development assessments, if any) and ground rents (if any) on the Property which under the law may be superior to this Mortgage; plus
   (ii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus
   (iii) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

FILED: QUEENS COUNTY CLERK 09/09/2020 11:18 AM INDEX NO. 715320/2020

NYSCEF DOC. NO. 2    Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 18 of 27 PageID #: 763    RECEIVED NYSCEF: 09/09/2020

DOC ID #: 00015102806410006

Lender will determine from time to time my estimated yearly taxes, assessments, ground rents and insurance premiums based upon existing assessments and bills, and reasonable estimates of future assessments and bills. (Taxes, assessments, ground rents and insurance premiums will be called "taxes and insurance.")

The amounts that I pay to Lender for taxes and insurance under this Paragraph 2 will be called the "Funds." The Funds are additional protection for Lender in case I do not fulfill my obligations under the Note and under this Mortgage.

**(B) Lender's Obligations Concerning Borrower's Monthly Payments for Taxes and Insurance**

Lender will keep the Funds in a savings or banking institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency. If Lender is such an institution then Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay taxes and insurance. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds, and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds on deposit, for using the Funds to pay taxes and insurance, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Mortgage, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.

If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Mortgage, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (a) the amount of Funds which Lender is holding or keeping on deposit, plus (b) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of taxes and insurance, is greater than the amount necessary to pay the taxes and insurance when they are due.

If, when payments of taxes and insurance are due, Lender has not received enough Funds from me to make those payments, I will pay to Lender whatever additional amount is necessary to pay the taxes and insurance in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the amounts due under the Note and under this Mortgage, Lender will promptly refund to me any Funds that are then being held or kept on deposit by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding or has on deposit at that time to reduce the amount that I owe to Lender under the Note and under this Mortgage.

**3.    APPLICATION OF BORROWER'S PAYMENTS**

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

(A) First, to pay the amounts then due to Lender under Paragraph 2 above;
(B) Next, to pay interest then due under the Note; and
(C) Next, to pay principal then due under the Note.

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 19 of 27 PageID #: 764

DOC ID #: 00015102806410006

4.  **BORROWER'S OBLIGATION TO PAY PRIOR MORTGAGES, CHARGES AND ASSESSMENTS AND TO SATISFY CLAIMS AGAINST THE PROPERTY**

    I will keep all promises that I have made in any superior mortgage or deed of trust, including my promises to make payments when due. I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Mortgage. I will see that any claim, demand or charge that is made against the Property because an obligation has not been fulfilled (known as a "lien") is promptly paid or satisfied if the lien may be superior to this Mortgage. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property.

5.  **BORROWER'S OBLIGATION TO OBTAIN AND TO KEEP HAZARD INSURANCE ON THE PROPERTY**

    I will obtain hazard insurance to cover all buildings, structures and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender.

    I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and the form of all renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals, subject to the terms of any superior mortgage or deed of trust.

    If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

    If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim for insurance benefits, then Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed, or if it is not mailed, on the date the notice is delivered.

6.  **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL OBLIGATIONS IN LEASE AND CONDOMINIUM AND PUD DOCUMENTS**

    I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease. If the Property is a unit in a condominium or in a planned unit development, I will fulfill all of my obligations under the declaration, by-laws, regulations and other documents that create or govern the condominium or the planned unit development.

7.  **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY**

    If: (A) I do not keep my promises and agreements made in this Mortgage, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 7 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions.

DOC ID #: 00015102806410006

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. This Mortgage will protect Lender in case I do not keep this promise to pay those amounts with interest.

I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 7, Lender does not have to do so.

**8.   LENDER'S RIGHT TO INSPECT THE PROPERTY**
Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. However, before one of those inspections is made, Lender must give me notice stating a reasonable purpose for the inspection. That purpose must be related to Lender's rights in the Property.

**9.   AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**
A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender, subject to the terms of any superior mortgage or deed of trust.

**10.  BORROWER'S OBLIGATIONS TO PAY MORTGAGE INSURANCE PREMIUMS**
If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay premiums in the manner described in Paragraph 2 above.

**11.  CONTINUATION OF BORROWER'S OBLIGATIONS**
Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Mortgage. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Mortgage.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Mortgage, even if Lender is requested to do so.

**12.  CONTINUATION OF LENDER'S RIGHTS**
Even if Lender does not exercise or enforce any right of Lender under this Mortgage or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will still have the right, under Paragraph 20 below, to demand that I make Immediate Payment In Full (see Paragraph 20 for a definition of this phrase) of the amount that I owe to Lender under the Note and under this Mortgage.

**13.  LENDER'S ABILITY TO ENFORCE MORE THAN ONE OF LENDER'S RIGHTS**
Each of Lender's rights under this Mortgage is separate. Lender may exercise and enforce one or more of those rights, as well as any of Lender's other rights under the law, one at a time or all at once.

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 21 of 27 PageID #: 766

DOC ID #: 00015102806410006

**14. OBLIGATIONS OF BORROWERS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Subject to the terms of Paragraph 19 below, any person who takes over my rights or obligations under this Mortgage will have all of my rights and will be obligated to keep all of my promises and agreements made in this Mortgage. Similarly, any person who takes over Lender's rights or obligations under this Mortgage will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Mortgage. (In this Mortgage, the word "person" means any person, organization, governmental authority or any other party.)

If more than one person signs this Mortgage as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Mortgage. Lender may enforce Lender's rights under this Mortgage against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under the Note and under this Mortgage. However, if one of us does not sign the Note, then: (A) that person is signing this Mortgage only to give that person's rights in the Property to Lender under the terms of this Mortgage; and (B) that person is not personally obligated to make payments or to act under the Note or under this Mortgage. Any person signing this Mortgage but not signing the Note also agrees (i) that Lender may allow any other Borrower to delay or to change payments due under the Note or under this Mortgage and (ii) that Lender may make other accommodations under the Note or under this Mortgage. Lender may do this without obtaining anyone's consent and without modifying the effect of this Mortgage.

**15. AGREEMENT ABOUT GIVING NOTICES REQUIRED UNDER THIS MORTGAGE**

Unless the law requires otherwise, any notice that must be given to me under this Mortgage will be given by delivering it or by mailing it by certified mail addressed to me at the address stated in the section above titled "Description Of The Property." A notice will be delivered or mailed to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Mortgage will be given by mailing it by certified mail to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Mortgage is given when it is mailed or when it is delivered according to the requirements of this Paragraph 15.

**16. LAW THAT GOVERNS THIS MORTGAGE**

The state and local law that applies in the place that the Property is located will govern this Mortgage. This will not limit Federal law that applies to this Mortgage. If any term of this Mortgage or of the Note conflicts with the law, all other terms of this Mortgage and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Mortgage and the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

As used in this Mortgage, the words "costs", "expenses" and "attorneys' fees" include all amounts not prohibited by applicable law or limited in this Mortgage.

**17. BORROWER'S COPY OF THE NOTE AND OF THIS MORTGAGE**

I will be given copies of the Note and of this Mortgage. Those copies must show that the original Note and Mortgage have been signed. I will be given those copies either when I sign the Note and this Mortgage or after this Mortgage has been recorded in the proper official records.

FILED: QUEENS COUNTY CLERK 09/09/2020 11:18 AM INDEX NO. 715320/2020

NYSCEF DOC. NO. 2    Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 22 of 27 PageID #: 767    RECEIVED NYSCEF: 09/09/2020

DOC ID #: 00015102806410006

18. **REHABILITATION LOAN AGREEMENT**
I will comply with all of the terms and conditions of any home rehabilitation, improvement, repair, modernization, remodeling or similar loan agreement I have with Lender. If Lender requests it, I will sign and give to Lender an assignment of any rights or claims I might have against persons who supply labor, materials or services in connection with improving the Property. This assignment will be in a form acceptable to Lender.

19. **AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**
Lender may require immediate payment in full of all sums secured by this Mortgage if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Mortgage.

If Lender requires immediate payment in full under this Paragraph 19, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period may begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Mortgage without giving me any further notice or demand for payment.

**NON-UNIFORM PROMISES**

I also promise and agree with Lender as follows:

20. **LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**
**If all of the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment In Full."**

**If Lender requires Immediate Payment In Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.**

**Lender may require Immediate Payment In Full under this Paragraph 20 only if all of the following conditions are satisfied:**

(A)   **I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts that I owe to Lender under the Note and under this Mortgage; and**

(B)   **Lender gives to me, in the manner described in Paragraph 15 above, a notice that states:**
    (i)   **The promise or agreement that I failed to keep;**
    (ii)  **The action that I must take to correct that failure;**
    (iii) **A date by which I must correct the failure. That date must be at least 10 days from the date on which the notice is mailed to me;**

DOC ID #: 00015102806410006

   (iv)  **That if I do not correct the failure by the date stated in the notice, I will be in default and Lender may require Immediate Payment In Full, and Lender or another person may acquire the Property by means of foreclosure and sale;**

   (v)  **That if I meet the conditions stated in Paragraph 21 below, I will have the right to have any lawsuit for foreclosure and sale discontinued and to have the Note and this Mortgage remain in full force and effect as if Immediate Payment In Full had never been required; and**

   (vi)  **That I have the right in any lawsuit for foreclosure and sale to argue that I did not fail to keep any of my promises or agreements under the Note or under this Mortgage, and to present any other defenses that I may have; and**

  **(C)**  **I do not correct the failure stated in the notice from Lender by the date stated in that notice.**

## 21. BORROWER'S RIGHT TO HAVE LENDER'S LAWSUIT FOR FORECLOSURE AND SALE DISCONTINUED

Even if Lender has required Immediate Payment In Full, I may have the right to have discontinued any lawsuit brought by Lender for foreclosure and sale or for other enforcement of this Mortgage. I will have this right at any time before a judgment has been entered enforcing this Mortgage if I meet the following conditions:

  (A)  I pay to Lender the full amount that would have been due under this Mortgage and the Note if Lender had not required Immediate Payment In Full; and

  (B)  I correct my failure to keep any of my other promises or agreements made in this Mortgage; and

  (C)  I pay all of Lender's reasonable expenses in enforcing this Mortgage including, for example, reasonable attorneys' fees; and

  (D)  I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Mortgage, and my obligations under the Note and under this Mortgage continue unchanged.

If all of the conditions in this Paragraph 21 are fulfilled, then the Note and this Mortgage will remain in full force and effect as if Immediate Payment In Full had never been required.

## 22. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM THE PROPERTY AND TO TAKE POSSESSION OF THE PROPERTY

As additional protection for Lender, I give to Lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without Lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to be a tenant on the Property.

-76N(NY) (0506)   CHL (05/06)     Page 9 of 11     Form 3833

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 24 of 27 PageID #: 769

DOC ID #: 00015102806410006

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 22, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the amount that I owe to Lender under the Note and under this Mortgage. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees, and the cost of any necessary bonds. Lender and the receiver will be obligated to account only for those rental payments that they actually receive.

**23. LENDER'S OBLIGATION TO DISCHARGE THIS MORTGAGE WHEN THE NOTE AND THIS MORTGAGE ARE PAID IN FULL**

When Lender has been paid all amounts due under the Note and under this Mortgage, Lender will discharge this Mortgage by delivering a certificate stating that this Mortgage has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

**24. AGREEMENTS ABOUT NEW YORK LIEN LAW**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Mortgage is recorded in the proper official records, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or the work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that I have a special responsibility under the law to use the amounts in the manner described in this Paragraph 24.

**25. BORROWER'S STATEMENT REGARDING THE PROPERTY.** Check box(es) as applicable.

[X] This Security Instrument covers real property improved, or to be improved, by a one (1) or two (2) family dwelling only.

[ ] This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each dwelling unit having its own separate cooking facilities.

[ ] This Security Instrument does not cover real property improved as described above.

<div align="center">

**REQUEST FOR NOTICE OF DEFAULT**
**————————AND FORECLOSURE UNDER SUPERIOR————————**
**MORTGAGES OR DEEDS OF TRUST**

</div>

Borrower and Lender request the holder of any superior mortgage or deed of trust to notify Lender in writing, at Lender's address on page 1 of this Mortgage, if the Borrower is required to make "Immediate Payment in Full" and if there is "foreclosure and sale" under that superior mortgage or deed of trust.

VMP -76N(NY) (0506)    CHL (05/06)          Page 10 of 11                    Form 3833

INDEX NO. 715320/2020
Case 1:21-cv-04994-RPK-PK Document 27-23 Filed 03/07/22 Page 25 of 27 PageID #: 770
RECEIVED NYSCEF: 09/09/2020

DOC ID #: 00015102806410006

By signing this Mortgage I agree to all of the above.

_Dickson A. Regalado_    - Borrower
DICKSON A. REGALADO

_____ - Borrower

_____ - Borrower

_____ - Borrower

*(Sign Original Only)*

**STATE OF NEW YORK** ;   Queens County ss:

On the 18th day of October, 2006 before me, the undersigned, a notary public in and for said state, personally appeared Dickson A. Regaldo,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Tax Map Information:

STANLEY L. SIEGEL
Notary Public, State of New York
No. ...0034
Qualified in ... Nassau Co.
Commission Expires ... 2007

Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 26 of 27 PageID #: 771

Prepared by: ELIZABETH GAMBALE

**Countrywide Bank, N.A.**

Branch #: 0000797
333 EARL OVINGTON BLVD STE 101
UNIONDALE, NY 11553
Phone: (516)542-2900
Br Fax No.: (877)266-0965

DATE:              10/18/2006
CASE #:
DOC ID #:          00015102806410006
BORROWER: DICKSON A. REGALADO
PROPERTY ADDRESS: 13211 85TH ST
                  OZONE PARK, NY 11417-1921

## LEGAL DESCRIPTION EXHIBIT A

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)





Case 1:21-cv-04994-RPK-PK   Document 27-23   Filed 03/07/22   Page 27 of 27 PageID #: 772

## SCHEDULE E

Principal Balance                                                    $76,962.15

Interest at 8.5% annum from November 1, 2010

Additional charges, costs and fees incurred in connection with
the default as provided for in the Note and Mortgage and/or
Loan Modification Agreement if modified