UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

**MARIE BAPTISTE-ELMINE, JAVIER CRUZ, FREDDY ELMINE, YVONNE JONES, ALICIA LOMBARDO, OCHIEZE OKORONKWO, PRECILIA OKORONKWO, REBECCA PEREZ, ROSE PROPHETE, DICKSON REGALADO, and TYRONE STEWART,**

                      **Plaintiffs,**

  **-against-**

**RICHLAND & FALKOWSKI, PLLC and SN SERVICING CORPORATION,**

                      **Defendants.**

Docket No.:
21-CV-4994(RPK)(PK)

--------------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY

                      Richland & Falkowski, PLLC
                      Daniel H. Richland, Esq.
                      5 Fairlawn Drive, Suite 204
                      Washingtonville, New York 10992
                      *Pro Se*

**TABLE OF CONTENTS**

POINT I:   AN FDCPA CLAIM BASED UPON AN ALLEGED PARTIAL MISSTATEMENT OF DEBT MUST ASSERT FACTUAL MATTER AS TO BOTH THE MISSTATEMENT(S) AND THE MATERIALITY; THE FAILURE TO DO SO, AS HERE, MEANS THAT THE COMPLAINT FAILS TO STATE A CLAIM

    A. The Collection of a Debt, Which is Allegedly Partially Uncollectible, Does Not Automatically Violate the FDCPA   2

    B. The Plaintiffs' Opposition Fails to Detail What Specific Misrepresentations Were Made in the Underlying Complaints or How Those Specific Misrepresentations Are Material   5

POINT II:   THE COMPLAINT FAILS TO STATE A CLAIM FOR DECEPTIVE MEANS   8

CONCLUSION   9

Case 1:21-cv-04994-RPK-PK   Document 27-28   Filed 03/07/22   Page 2 of 13 PageID #: 856

# **TABLE OF AUTHORITIES**

*53 Street, LLC v. U.S. Bank N.A.*, 8 F.4th 74 (2nd Cir. 2021) .......... 7

*Avila v. Riexinger & Assocs.*, 817 F.3d 72 (2nd Cir. 2016) .......... 2

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) .......... 4

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75
 (2nd Cir. 2018) .......... 1, 9

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (2nd Cir. 2010) .......... 1

*Finch v. Slochowsky & Slochowsky, LLP*, 2020 WL 5848616
 (EDNY September 30, 2020) .......... 3

*Freedom Mortgage Corporation v. Engel*, 37 N.Y.3d 1 (N.Y. 2021) .......... 7

*Garcia v. Law Offices Howard Lee Schiff, P.C.*, 401 F.Supp.3d
 241 (Conn. DC 2019) .......... 3, 4

*Graf v. Hope Building Corp.*, 254 N.Y. 1 (N.Y. 1930) .......... 5

*Lessen v. Lindsay*, 238 A.D. 262 (4th Dept. 1933) .......... 7

*Loicano v. Goldberg*, 240 A.D.2d 476 (2nd Dept. 1997) .......... 7

*Pagano v. Smith*, 201 A.D2d 632 (2nd Dept. 1994) .......... 7

*Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640 (8th Cir. 2021) .......... 6

*Sturges v. Crowninshield*, 17 U.S. 122 (1819) .......... 5

*U.S. Bank, N.A. v. Singer*, 192 A.D.3d 1182 (2nd Dept. 2021) .......... 7

*Vangorden v. Second Round, Ltd. Partnership*, 897 F.3d 433
 (2nd Cir. 2018) .......... 1, 2, 3

*Walker v. Pitnell*, 860 Fed. Appx. 210 (2nd Cir. 2021) .......... 1, 8

*Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980 (2nd Dept. 2012) .......... 7

## **STATUTORY AUTHORITIES**

15 U.S.C. § 1692e     3

15 U.S.C. § 1692f     3, 8, 9

**POINT I:   AN FDCPA CLAIM BASED UPON AN ALLEGED PARTIAL MISSTATEMENT OF DEBT MUST ASSERT FACTUAL MATTER AS TO BOTH THE MISSTATEMENT(S) AND THE MATERIALITY; THE FAILURE TO DO SO, AS HERE, MEANS THAT THE COMPLAINT FAILS TO STATE A CLAIM.**

At the core of this motion is whether Plaintiff's First Amended Complaint ("FAC") states a plausible claim under FRCP Rule 12(b)(6) of violation of the FDCPA.  As all parties agree, one of the necessary elements of an FDCPA claim is that the alleged false statement be material.  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85-86 (2nd Cir. 2018); Defendant's Memorandum of Law ("Defendant's MOL"), pp. 8-9; Plaintiff's Memorandum of Law ("Plaintiffs' MOL"), p. 14.  " 'The materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'"  *Cohen,* 897 F.3d at 86 (citing *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1034 (9th Cir. 2010)).  Critically, materiality is a pleading requirement, whereby the Plaintiff must "allege sufficient facts to support a conclusion that [the debt collector's] statements were material." *Walker v. Pitnell*, 860 Fed. Appx. 210, 212 (2nd Cir. 2021).  When, as here, the complaint fails to plead sufficient facts establishing materiality of the specific false statement, the complaint is not well pled.  *Id.*

Plaintiffs' argument comes in two flavors: a legal argument and a factual argument.  The legal argument is that "an attempt to collect a debt, even part of which is non-collectable, is a violation of the FDCPA."  Plaintiffs' MOL, p. 8.  As will be shown, this "argument" is a misreading/misrepresentation of the Second Circuit's dicta in *Vangorden v. Second Round, Ltd. Partnership* and, in fact, *Vangorden* is consistent with Defendant's analysis in the moving papers: that the filing of a complaint seeking a judgment upon a completely uncollectible debt, whether by operation of law or payment, utilizes a "deceptive means" analysis making the mere commencement a violation of the FDCPA, but, where, as here, the alleged FDCPA violation arises

1

from an alleged misrepresentation of an otherwise valid and enforceable debt, the plaintiff must plead both the alleged misrepresentation as well as its materiality.

The factual argument stems from the unrebutted argument in Defendant's moving papers that Plaintiffs fail to plead a specific misrepresentation or any basis from which to establish the materiality of that alleged misrepresentation. Indeed, Plaintiffs' position is that they do not *have* to plead those facts based upon their legal argument, thus conceding that they do not, in fact, plead those facts. Plaintiff's MOL, p. 15. As a result, Plaintiffs have resorted to conjecture, speculation, and pejoratives to make their case, rather than the FAC or the record. Unfortunately, conjecture, speculation, and pejoratives do not assist this court in determining the *specific* misrepresentation in each underlying complaint nor its materiality.

### A. The Collection of a Debt, Which is Allegedly Partially Uncollectible, Does Not Automatically Violate the FDCPA.

Plaintiffs avers that the FAC sufficiently sets forth a plausible claim of violation of the FDCPA because, "an attempt to collect a debt, even part of which is non-collectable, is a violation of the FDCPA." Plaintiffs' MOL, p. 8 (citing *Vangorden v. Second Round, Ltd. Partnership*, 897 F.3d 433, 442 (2nd Cir. 2018) (citing *Avila v. Riexinger & Assocs.*, 817 F.3d 72, 76 (2nd Cir. 2016). Plaintiff's "expression" of the rule is that an attempt to collect a debt, which is potentially or allegedly non-collectible, *per se* violates the FDCPA and thus does not need to set forth specific factual allegations as to the violation or materiality in the FAC. Plaintiff's MOL, pp. 14-15.

However, Plaintiff's "expression" of the rule is clearly incorrect. As Plaintiff notes, in *Vangorden*, the Second Circuit held in dicta that "even a partial misstatement of a consumer's debt obligation <u>can</u> be misleading under the FDCPA." 897 F.3d at 441 (emphasis added). Hence, the Second Circuit held that a partial misstatement *can potentially* violate the FDCPA, but did not

2

hold that it always must, as Plaintiff avers. As a result, to state a claim for violation of the FDCPA based upon a partial misstatement of a consumer's debt, the plaintiff must set forth specific factual allegations as to the misstatement *and* as to its materiality. *See, e.g.* Defendant's MOL, pp. 7-10 (collecting cases on this point); *Finch v. Slochowsky & Slochowsky, LLP*, 2020 WL 5848616 (EDNY September 30, 2020) (FDCPA adequately pled where plaintiff pled specific details of claim, including the date of the housing court petition, the amount sought in the housing court petition, the failure to credit two money orders).

The contrast between the pleadings in *Finch* and this case establish why this case should be dismissed. In *Finch*, Your Honor's recent (September 30, 2020) decision, the defendants sought dismissal, averring that plaintiff "has not alleged the specific transactions at issue with respect to the Fifth Action, the content of the demands, or when exactly she purportedly paid the debts sought in the underlying Housing Court Actions." 2020 WL 5848616. Your Honor held that the plaintiff had done so, "provid[ing] precisely these details in her complaint," which Your Honor then listed. *Id.* And, in *Finch*, the landlord was seeking to collect rent monies which had already been paid. *Id.*; *see, e.g. Vangorden,* 897 F.3d at 441 (attempt to collect settled debt violated FDCPA, deceptive means). Hence, *Finch* presented as a "deceptive means" case, like *Vangorden*, where the "false representation" was a demand for a settled or paid debt itself and thus potentially violated both 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

In a contrary example, *Garcia v. Law Offices Howard Lee Schiff, P.C.* exemplifies how a misstatement case *should* be pled. 401 F.Supp.3d 241, 252 (Conn. DC 2019). In *Garcia,* the defendant law firm provided a demand letter with two different balances on it: a charge-off balance and a current balance. *Id.* at 252. "While the two different balances, on their own, might confuse the least sophisticated consumer, it is the lack of an explanation for the different balances and the

3

relevant industry terminology that is sufficiently misleading." *Id.* (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319-1321 (2nd Cir. 1993)). In examining materiality, the Connecticut District concluded that the "difference between the two 'balance' amounts was more than trivial." *Id.* at 252. Specifically, the "balance" was at $565.46 and the "Charge-Off Balance" was listed at $663.94. *Id.* at 247. The $98.48 difference was thus 17% of the "correct" balance, exceeding the 10% materiality threshold. Defendant's MOL, p. 10[1].

As the Court can readily imagine, the Federal Courts would be flooded with *de minimis* and petty FDCPA suits if a party could claim, based solely upon their own dispute, that the amount of the debt claimed by the debt collector was incorrect by even a single penny or a single dollar or other incredibly minute sum and strict liability ensued. Without the express pleading of the amount being demanded *and* the plaintiff's allegation as to the amount it is incorrect by, and then filtered by materiality, this Court lacks the necessary allegations to properly conduct a materiality analysis on a debt which the Plaintiffs all concede they owe, but asserts seeks an incorrect sum. That is why the Plaintiffs' FAC fails.

Here, Plaintiffs have not provided the requisite detail as to the specific false statements being alleged or the materiality of those statements. Indeed, on this motion, Plaintiffs concede that they have not done so and, thus, that the FAC, as presently filed, fails to state a claim under the FDCPA. Plaintiffs' MOL, p. 15 ("the case law in the Second Circuit does not require Plaintiffs to meet or plead a specific dollar or percent of monetary inaccuracy…"), p. 13. Without specifying

---

[1] While Plaintiffs aver that this is a fabricated argument (Plaintiffs' MOL, p. 14 FN1), they simultaneously admit that it arises from actual caselaw. *Id.* Plaintiffs' claim that it was "superseded" by *Cohen* is also incorrect since *Cohen* incorporated the materiality requirement that *Cicalo* anticipates. While no explicit bright line rule has been judicially established, *Cicalo* makes clear that 10% seems to be the dividing line between material and non-material misstatements. Plaintiffs' contrary argument is that materiality is somehow "subjective."

4

*exactly* how much of a misstatement exists, this Court cannot assess the materiality of the alleged misstatement and, thus, the FAC, as presently pled, must be dismissed.

> **B.  Plaintiffs' Opposition Fails to Detail What Specific Misrepresentations Were Made in the Underlying Complaints or How Those Specific Misrepresentations Are Material.**

Plaintiffs' "factual" opposition can be distilled to the claim that Plaintiffs simply do not need to detail the specific misrepresentations in each underlying complaint, the alleged "true" balance, or the differential between the two, and, that somehow, Plaintiffs' substitution of conjecture, conclusory assertions, and pejoratives is a proper substitute for pleaded facts. Plaintiffs' MOL, pp. 14-15.

For example, Plaintiffs assert that, "There can be no double [sic] here that the demand in the foreclosure complaints for interest which accrued since as long ago as 2006 is unconscionable and misleading as to the 'character, amount, or legal status' of the debt." Plaintiff's MOL, p. 14. This conclusory hyperbole is emblematic of Plaintiffs' entire opposition. In fact, there *is* such doubt because the FAC does not identify what specific statement in each foreclosure complaint is a misrepresentation, how it misrepresents the "character, amount, or legal status" of the debt, or the alleged discrepancy. Without this information, the Court cannot ascertain the materiality of these alleged misrepresentations.

To be clear, demanding a party pay the interest they promised to pay is not unconscionable, unfair, or unjust as a matter of law. *Cf. Graf v. Hope Building Corp.*, 254 N.Y. 1, 12 (N.Y. 1930) (J. Cardozo, *dissenting*) ("It is not unconscionable generally to insist that payment shall be made according to the letter of a contract"). Contract law is the foundational cornerstone of law, order, and authority. *Sturges v. Crowninshield*, 17 U.S. 122, 207 (1819) (J. Marshall) ("The Convention

5

appears to have intended to establish a great principle, that contracts should be inviolable"). Fairness and justice demands that people who borrow money repay that money, on the terms that they borrowed the money. Plaintiffs' radical argument might be appropriate in a mock debate or upon a college campus, but can have no place in a courtroom.

Similarly, the Plaintiffs cannot and do not cite to the record or any facts to demonstrate exactly *how* the alleged misrepresentation in Schedule E of the underlying complaints misrepresents the "character, amount, or legal status" of the debt. *Cf.* Plaintiff's MOL, p. 14. There is no dispute that the character of each debt arises from a Note and Mortgage or that all of the Notes and Mortgages are valid and enforceable. Plaintiffs' claim is that a claim for "interest from a specific date" is a misrepresentation of the *amount* due, but this Court can readily note that none of the underlying complaint actually demands a specific, cognizable sum for interest and that the "prayer for relief" does not include any specific, cognizable sum for interest. Notably, the Eighth Circuit has held that demands made in a "prayer for relief" do not support FDCPA liability absent bad faith. *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640 (8th Cir. 2021) (applying this allegations in the complaint itself, noting that the plaintiffs "place form over substance. A prayer for relief is '[a] request addressed to the court and appearing at the end of a pleading; esp., a request for specific relief or damages" and "Although the requests appeared toward the beginning of the Statements of Claim, they were directed to the court and were part of SZJ's reasonable request for specific relief"). Plaintiffs' conclusory claims that the borrowers were "Presented with a debt that appeared to be tens of thousands of dollars greater than could legally be collected – well beyond *de minimis*" is yet more hyperbole. Plaintiff's MOL, p. 14. Since Plaintiffs do not cite to the FAC or any underlying complaints as to the origin of this assertion, it is presumably Plaintiffs' counsel's unsupported conjecture and thus not a plausible, well-pled, factual allegation.

6

Nor do Plaintiffs present any plausible, detailed factual allegations as to how Defendant has "misrepresented" the principal balance. Plaintiffs' claim is that some unspecified portion of the principal balance is time barred. *See, e.g.* Plaintiff's MOL, p. 9. Plaintiffs' basis for this claim is that because certain installment payments may be time barred, a portion of the principal is therefore also time barred. *Id.* However, this is an unresolved issue of New York law. Plaintiffs' caselaw cites to the general rule about installment payments and say nothing about the Statute of Limitations' being applied to *principal*. *Loicano v. Goldberg*, 240 A.D.2d 476, 477 (2nd Dept. 1997) (general rule); *Pagano v. Smith*, 201 A.D.2d 632, 633-634 (2nd Dept. 1994) (barring interest between 1977 and 1980); *53 Street, LLC v. U.S. Bank National Association*, 8 F.4th 74, 78 (2nd Cir. 2021) (general rule); *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (2nd Dept. 2012) (general rule); *Freedom Mortgage Corporation v. Engel*, 37 N.Y.3d 1, 22 (N.Y. 2021); *U.S. Bank, N.A. v. Singer*, 192 A.D.3d 1182, 1185-1186 (2nd Dept. 2021) (general rule).

Simply put, New York caselaw is unsettled as to whether the *principal* portion of an installment payment is actually time barred when an *installment* payment is barred. Generally speaking, the principal balance is actually due at maturity, as per the usual terms of the note. *See, e.g.* **Exhibit C to Moving Papers,** p. 32 ¶ 3 ("If, on April 1, 2022, I still owe anything under this Note, I will pay all those amounts, in full, on that date"), p. 33 ("THE TERM OF THE LOAN IS 15 YEARS, AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING 15 YEARS FROM THE DATE ON WHICH THE LOAN IS MADE"**);** *Lessen v. Lindsay*, 238 A.D. 262 (4th Dept. 1933) (notes enforceable as matured, post-maturity)**.**

The unsettled nature of this legal issue is further exacerbated by the fact that under the express terms of many or all of the Notes and Mortgages here, these borrowers promised to pay

7

the principal balance at maturity if a balance remained. As second mortgages, these Notes and Mortgages fundamentally differ from the first liens at issue in Plaintiffs' cited caselaw, either being balloon payments or containing additional or separate clauses as to the principal balance being due, in its entirety, at maturity.

The unsettled nature of New York law as to whether *principal* is barred when an installment payment is time barred highlights the materiality requirement of the FDCPA claim and the deficiencies in the FAC. For this Court to know whether the recitation of the principal balance set forth in Schedule E violates the FDCPA, the Plaintiffs are required to plead, at least, the amount they believe is the correct figure or at least the differential. Absent those allegations, this Court cannot conclude that the principal balance is a misrepresentation, let alone a material misrepresentation.

And, without these basic facts, the Court cannot determine how the objective, least sophisticated consumer would react. Unlike other kinds of demand notices or letters, the foreclosure complaint's purpose is to provide notice about the action and the claim, not to demand payment *per se*. The Court's analysis would thus turn on whether the alleged misrepresentation is material, "preventing the least sophisticated consumer from responding to or disputing the action…". *Walker*, 860 Fed. Appx. at 212.

**POINT II:    THE COMPLAINT FAILS TO STATE A CLAIM FOR DECEPTIVE MEANS.**

In Opposition, Plaintiffs aver that Defendant does not seek to dismiss Plaintiffs' claims under 15 U.S.C § 1692f(1) on the grounds that the FAC constitutes "deceptive means." That is incorrect. I refer the Court to Defendant's MOL, pp. 9-10, which discuss "deceptive means" cases.

8

"In all of these cases, the underlying debt itself was completely time barred and unenforceable and then sought to be enforced by a debt collector.  That is not this case." *Id.* at p. 10.

The filing of a foreclosure complaint itself, the only possible vehicle for the commencement of an action for mortgage foreclosure, cannot *per se* constitute a violation of the FDCPA.  While the filing of a foreclosure complaint can constitute debt collection under the FDCPA, what constitutes deceptive means is when the debt sought to be enforced does not exist.  *See, e.g. Cohen*, 897 F.3d at 83-84; Defendant's MOL, p. 9.  As noted in the moving papers, that is not this case and Plaintiffs' claim that its 15 U.S.C. § 1692f(1) claim somehow survives, is bogus.  Plaintiffs have not pled a plausible, well-pled claim of deceptive means under 15 U.S.C. § 1692f(1) and, therefore, this portion of Plaintiffs' claim must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss must be granted in its entirety and Plaintiffs' first cause of action dismissed.

DATED:   March 4, 2022
           Washingtonville, NY

_____
Daniel H. Richland, Esq.
Richland & Falkowski, PLLC
5 Fairlawn Drive, Suite 204
Washingtonville, New York 10992
*Pro Se*