**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIE BAPTISTE-ELMINE, et. al.,<br><br>     Plaintiff,<br><br>vs.<br><br>RICHARD & FALKOWSKI, PLLC, and<br>SN SERVICING CORPORATION,<br><br>     Defendants. | Case No.: 1:21-cv-04994-RPK-PK |

## <u>SNSC'S MEMORANDUM OF LAW IN SUPPORT<br>OF ITS MOTION TO DISMISS, OR ALTERNATIVELY STAY,<br>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

On the Brief:

Thomas R. Dominczyk

Thomas R. Dominczyk
**MAURICE WUTSCHER, LLP**
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com
*Attorneys for Defendant,*
*SN Servicing Corporation*

Date: January 28, 2022

i

# TABLE OF CONTENTS

**INTRODUCTION**...........................................................................................................1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**............................................2

    A.    THE OKORONKWOS' ALLEGATIONS ............................................................. 3
    B.    PROPHETE'S ALLEGATIONS.......................................................................... 4
    C.    REGALADO'S ALLEGATIONS. ..................................................................... 5
    D.    JONES' ALLEGATIONS ................................................................................ 6

**STANDARD OF REVIEW** .............................................................................................7

    A.    FED. R. CIV. P. 12(B)(1) STANDARD ........................................................... 7
    B.    FED. R. CIV. P. 12(B)(6) STANDARD. .......................................................... 7

**ARGUMENT** ...............................................................................................................8

    A.    THIS COURT SHOULD STAY THIS MATTER UNDER THE COLORADO RIVER DOCTRINE. ........ 8
    B.    THE OKORONKWOS' FDCPA VIOLATION CLAIM FAILS AS A MATTER OF LAW ................ 12
    C.    PLAINTIFFS' CLAIM FOR VIOLATIONS OF GENERAL BUSINESS LAW § 349 SHOULD BE DISMISSED ........................................................................ 16

**CONCLUSION** ........................................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Age Kola v. Forster & Garbus LLP*
2021 U.S. Dist. LEXIS 172197 (S.D.N.Y. Sept. 10, 2021) --------------------------------16

*Amadei v. Nielsen*
348 F.Supp.3d 145 (E.D.N.Y. 2018) ------------------------------------------------------ 7

*Anthony v. Fein, Such, & Crane, LLC,*
2015 U.S. Dist. LEXIS 68700 (N.D.N.Y. 2015) ----------------------------------------13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)------------------------------------------------------------------------ 8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)------------------------------------------------------------------------ 8

*Bildstein v. MasterCard Int'l Inc.*
329 F.Supp.2d 410 (S.D.N.Y. 2004) ------------------------------------------------------18

*Bmaddox Enters. LLC v. Oskouie*
2021 U.S. Dist. LEXIS 157010 (S.D.N.Y. Aug. 2021)------------------------------------18

*Cal. Motor Transp. Co. v. Trucking Unlimited*
404 U.S. 508 (1972)------------------------------------------------------------------------19

*Casillas v. Madison Ave. Assocs.*
926 F.3d 329 (7th Cir. 2019) -------------------------------------------------------------16

*Cassis v. Fannie Mae*
2021 U.S. Dist. LEXIS 248357 (E.D.N.Y. Dec. 31, 2021) ------------------------------10

*Chambers v. Time Warner, Inc.*
282 F.3d 147 (2d Cir. 2002) -------------------------------------------------------------- 8

*CIT Bank, N.A. v. Nwanganga*
328 F.Supp.3d 189 (S.D.N.Y. 2018) ------------------------------------------------------14

*Colorado River Water Cons. Dist. v. United States*
424 U.S. 800 (1976)------------------------------------------------------------------------ 1

*Del Rio v. McCabe, Weisberg & Conway, LLC*
2021 U.S. Dist. LEXIS 222190 (S.D.N.Y. 2021) -----------------------------------2, 14, 15, 17

*DirecTV, Inc. v. Rowland*
2005 U.S. Dist. LEXIS 2454 (W.D.N.Y. Jan. 22, 2005) ------------------------------------------- 19

*Dittmer v. Cnty. of Suffolk*
146 F.3d 113 (2d Cir. 1998) ------------------------------------------------------------------- 9

*Easterling v. Collector, Inc.*
692 F.3d 229 (2d Cir. 2012) ------------------------------------------------------------------ 13

*FDIC v. Four Star Holding Co.*
178 F.3d 97 (2d Cir. 1999)-------------------------------------------------------------------- 11

*Freedom Mtge. Corp. v Engel*
37 N.Y.3d 1 (2021)---------------------------------------------------------------------------- 14

*Garrison v. Caliber Home Loans, Inc.*
233 F.Supp.3d 1282 (M.D. Fla. 2017) --------------------------------------------------------- 13

*Green v. Specialized Loan Servicing LLC*
280 F.Supp.3d 1349 (M.D. Fla. 2017) --------------------------------------------------------- 14

*Hackett v. Midland Funding LLC*
2019 U.S. Dist. LEXIS 71898 (W.D.N.Y. 2019) ------------------------------------------------- 13

*Halberstam v. Glob. Credit & Collection Corp.*
2016 U.S. Dist. LEXIS 3567 (E.D.N.Y. Jan. 12, 2016) ------------------------------------------ 13

*Hart v. FCI Lender Servs., Inc.*
797 F.3d 219 (2d Cir. 2015) ------------------------------------------------------------------ 13

*Hartford Life Ins. Co. v. Variable Annuity Life Ins. Co.*
964 F.Supp. 624 (D. Conn. 1997)-------------------------------------------------------------- 19

*Krondes v. Nationstar Mortg., LLC*
2018 U.S. Dist. LEXIS 98835 (S.D.N.Y. June 12, 2018) ------------------------------------- 1, 11

*Krondes v. Nationstar Mortg., LLC*
789 Fed.Appx. 913 (2d Cir. 2020) ------------------------------------------------------------- 9

*Larsen v. JBC Legal Grp., P.C.*
533 F.Supp.2d 290 (E.D.N.Y. 2008) ----------------------------------------------------------- 15

*Makarova v. United States*
201 F.3d 110 (2d Cir. 2000) ------------------------------------------------------------------- 7

*Mazuma Holding Corp. v. Bethke*

1 F.Supp.3d 6 (E.D.N.Y. 2014) ------------------------------------------------------------ 9

*Odums v. Greenpoint Mortg. Funding, Inc.*
831 Fed.Appx. 32 (2d Cir. 2020) -------------------------------------------------------- 8

*Papasan v. Allain*
478 U.S. 265 (1986)---------------------------------------------------------------------- 8

*Parker v. Mandarich Law Grp.*
2021 U.S. Dist. LEXIS 108197 (E.D.N.Y. June 9, 2021) -----------------------------15

*Plummer v. Atl. Credit & Fin., Inc.*
66 F.Supp.3d 484 (S.D.N.Y. 2014)------------------------------------------------------13

*Potente v. Capital One, N.A.*
2018 U.S. Dist. LEXIS 66109 (E.D.N.Y. 2018)------------------------------------------ 9

*Potente v. Capital One, N.A.*
2018 U.S. Dist. LEXIS 66109 (E.D.N.Y. Apr. 19, 2018) ------------------------------- 9

*Prand Corp. v. Gardiner*
176 A.D.3d 1127 (2d Dept. 2019) -----------------------------------------------------10

*Roelcke v. Zip Aviation, LLC*
2021 U.S. Dist. LEXIS 226379 (S.D.N.Y. Nov. 23, 2021) ----------------------------19

*Roy v. Bank of N.Y. Mellon*
2018 U.S. Dist. LEXIS 168799 (E.D.N.Y. Sept. 30, 2018)----------------------------11

*Singh v. NYCTL 2009-A Trust*
683 Fed.Appx. 76 (2d Cir. 2017) ----------------------------------------------------2, 19

*Sitgraves v. Fed. Home Loan Mortg. Corp.*
265 F.Supp.3d 411 (S.D.N.Y. 2017) -------------------------------------------------9, 11

*Solis v. Commonwealth Fin. Sys.*
2020 U.S. Dist. LEXIS 86792 (E.D.N.Y. May 15, 2020) ------------------------------15

*Spagnola v. Chubb Corp.*
574 F.3d 64 (2d Cir. 2009)--------------------------------------------------------------17

*Toohey v. Portfolio Recovery Assocs., LLC*
2016 U.S. Dist. LEXIS 111534 (S.D.N.Y. Aug. 22, 2016) ---------------------------2, 19

*TransUnion, LLC v. Ramirez*
141 S. Ct. 2190 (2021)-------------------------------------------------------------------16

*U.S. Bank Nat'l Ass'n v. East Fordham DE LLC*
804 Fed.Appx. 106 (2d Cir. 2020) ------------------------------------------------------------------ 10

*Wenegieme v. Bayview Loan Servicing*
2015 U.S. Dist. LEXIS 59950 (S.D.N.Y. May 7, 2015). ------------------------------------------ 12

*Westmarc Communs. v. Conn. Dep't of Pub. Util. Control*
807 F.Supp. 876 (D. Conn. 1990) ------------------------------------------------------------------- 11

*Wilmington PT Corp. v. Bank of N.Y. Mellon*
2019 U.S. Dist. LEXIS 145581 (E.D.N.Y. Aug. 27, 2019) ------------------------------------- 11

*Windward Bora, LLC v. Bank of N.Y. Mellon*
2020 U.S. Dist. LEXIS 223692 (E.D.N.Y. Nov. 30, 2020) ------------------------------------- 12

<h2 style="text-align:center">STATUTES</h2>

15 U.S.C. § 1692 ----------------------------------------------------------------------------------------- 1

15 U.S.C. §§ 1692e -------------------------------------------------------------------------------------- 12

12 C.F.R. § 1026.41-------------------------------------------------------------------------------------- 18

New York General Business Law § 349 ------------------------------------------------------------ 1

NY CPLR § 213 ------------------------------------------------------------------------------------- 10, 14

Defendant, SN Servicing Corporation ("SNSC"), by and through its attorneys, submits the following Memorandum of Law in Support of its Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs, Marie Baptiste-Elmine and Freddy Elmine (collectively, the "Elmines"), Ochieze Okoronkwo and Precilia Okoronkwo (collectively the "Okoronkwos"), Rose Prophete ("Prophete"), Dickson Regalado ("Regalado"), Javier Cruz ("Cruz"), Rebecca Perez ("Perez"), Alicia Lombardo ("Lombardo"), Tyrone Stewart ("Stewart"), and Yvonne Jones ("Jones") (collectively "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiffs[1] allege the following two claims against SNSC: (1) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") (as alleged against SNSC by the Okoronkwos only); and (2) violations of the New York General Business Law § 349 (the "GBL Claim"). Plaintiffs' claims are premised upon the allegations that SNSC attempted to collect monthly loan payments outside of the applicable statute of limitations, and allegations that SNSC's notices of default improperly included amounts that are partially time barred.  These claims fail and Plaintiffs' FAC should be dismissed for several reasons.

First, this Court should dismiss or stay the instant litigation pending the outcome of the state foreclosure actions currently proceeding against Plaintiffs pursuant to the *Colorado River* doctrine.  *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 817 (1976); *see e.g.*, *Krondes v. Nationstar Mortg.*, *LLC*, Case No. 17-cv-4974, 2018 U.S. Dist. LEXIS 98835, at * 8 (S.D.N.Y. June 12, 2018).

Second, the FAC fails to state cognizable causes of action against SNSC.  Concerning the Okoronkwos' FDCPA violation claim, it fails as a matter of law because: (1) the notice of default

---

[1] It does not appear in the FAC that Plaintiffs Elmines, Cruz,  Perez, Lombardo, and Stewart join in any of the claims against, SNSC, but to the extent that this is unintended, their claims would fail for these same reasons.

at issue is not false, deceptive, or misleading; (2) Okoronkwos' do not allege a violation of the FDCPA; (3) the Okoronkwos lack Article III standing; and (4) SNSC was required by R.P.A.P.L. § 1304 to include information concerning their loan, including the total amounts past due and days in default, in any pre-foreclosure notice.    Thus, this Court should dismiss the Okoronkwos' FDCPA claim without leave to amend.    *See e.g.*, *Del Rio v. McCabe, Weisberg & Conway, LLC*, Case No. 19-cv-10312, 2021 U.S. Dist. LEXIS 222190, at * 9-10 (S.D.N.Y. Nov. 16, 2021).

Plaintiffs' GBL Claim also fails for several reasons.    Initially, it was neither deceptive nor improper for SNSC to inform the Plaintiffs of the total amounts due on the loans as SNSC was required to do so under the applicable federal and state regulations.    Similarly, the statute of limitations did not bar or preclude SNSC was complying with its regulatory obligations and informing the Plaintiffs of their account status.    Further, contrary to Plaintiffs' claims, the loans were not, in fact, entirely barred by the six-year statute of limitations.    Additionally, Plaintiffs' GBL Claim also fails because Plaintiffs did not suffer any actual loss supporting their GBL Claim, as required.    *See e.g., Toohey v. Portfolio Recovery Assocs., LLC*, Case No. 15-cv-8098, 2016 U.S. Dist. LEXIS 111534, at * 30-31, fn. 17 (S.D.N.Y. Aug. 22, 2016).

Finally, Plaintiffs' GBL Claim should separately be dismissed as it is barred by the *Noerr-Pennington* doctrine.    *See e.g.*, *Singh v. NYCTL 2009-A Trust*, 683 Fed.Appx. 76, 77-78 (2d Cir. 2017) ("[E]ach of [plaintiff's] claims is predicated on the defendants' alleged misrepresentations in demand letters, default letters, and settlement communications…[t]hese claims are barred under the *Noerr-Pennington* doctrine.").

Accordingly, and as discussed more fully below, this Court should grant SNSC's Motion, dismiss Plaintiffs' FAC in its entirety, with prejudice, and enter judgment in favor of SNSC.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are derived from the allegations contained in Plaintiffs' FAC (Doc. 11), matters subject to judicial notice, and documents Plaintiffs referenced in the FAC.

## A.    The Okoronkwos' Allegations.

The Okoronkwos allege that in or around January 2006, they purchased real property located at 32-30 Mickle Avenue, Bronx, New York 10469 (the "Okoronkwo Property"). *See* FAC at ¶ 106. To purchase the Okoronkwo Property, the Okoronkwos obtained a first priority loan in the amount of $340,000.00 (the "Okoronkwo First Loan") and a second priority loan of $85,000.00 (the "Okoronkwo Second Loan"), both from WMC Mortgage. *See* FAC at ¶¶ 109, 112. The Okoronkwo Second Loan is secured against the Okoronkwo Property by a mortgage dated January 17, 2006 ("Okoronkwo Second Mortgage") and recorded in the land records for Bronx County, New York. *See* Okoronkwo Second Mortgage, a copy of which is attached hereto as Exhibit 1.[2] The Okoronkwo Second Loan has a maturity date of February 1, 2021. *Id.*

In 2011, the Okoronkwos allege that they modified the Okoronkwo First Loan and separately stopped receiving statements concerning the Okoronkwo Second Loan. *See* FAC at ¶¶ 117-118. The Okoronkwos claim they have not received a monthly statement relating to the Okoronkwo Second Loan for over a decade. *Id.* at ¶ 118. As a result, and after speaking with a housing counselor, the Okoronkwos allege they no longer believed anything was owed on the Okoronkwo Second Loan. *Id.* at ¶119.

Okoronkwo further alleges that in November of 2020, SNSC sent Okoronkwo a notice (the "Okoronkwo Notice") stating that the Okoronkwo Second Loan was "4,030 days past due" and that over $103,000.00 was owed (the "Okoronkwo Notice"). *See* FAC at ¶ 121; Okoronkwo

---

[2] This Court may take judicial notice of public records. *See La Vigne v. Costco Wholesale Corp.*, 284 F.Supp. 3d 496, 504 (S.D.N.Y. 2018), *aff'd,* 772 Fed. Appx. 4 (2d Cir. 2019); *Vaughn v. Consumer Home Mortg. Co.,* 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007).

Notice, a copy of which is attached hereto as Exhibit 2. [3]  Okoronkwo claims a majority of the past

due amount is time barred under the applicable statute of limitations.  *See* FAC at ¶ 122.

In the Spring of 2021, the alleged holder of the Okoronkwo Second Loan, NS194, LLC

("NS194"), filed a foreclosure action against the Okoronkwo Property captioned as *NS194 LLC v.*

*Okoronkwo*, Case No. 804084/2021E in the Supreme Court for Bronx County, New York (the

"Okoronkwo Foreclosure").  *See* FAC at ¶ 124; Docket for and Complaint filed in the Okoronkwo

Foreclosure, a copy of which is attached hereto as Exhibit 3. The Okoronkwo Foreclosure remains

open and pending.  *See* Okoronkwo Foreclosure Docket (Ex. 3).

**B.    Prophete's Allegations.**

Prophete alleges that in or around May 2005, she purchased real property located at 15

Paerdegat 6th Street, Brooklyn, New York 11236 (the "Prophete Property").  *See* FAC at ¶¶ 129-

130.  To purchase the Prophete Property, Prophete obtained a first priority loan in the amount of

$540,000.00 (the "Prophete First Loan") and a second priority loan of $63,000.00 (the "Prophete

Second Loan"), both from Fairmont Funding Ltd. *Id*. at ¶ 134. The Prophete Second Loan is

secured against the Prophete Property by a mortgage dated August 16, 2006 ("Prophete Second

Mortgage") and recorded in the land records for Kings County, New York.  *See* Prophete Second

Mortgage, a copy of which is attached hereto as Exhibit 4.  The Prophete Second Loan has a

maturity date of September 1, 2021.  *See id*.

After obtaining the Prophete Second Loan, Prophete alleges that Bank of America, N.A.

("BANA"), the alleged holder of the Prophete Second Loan at that time, sent correspondence to

Prophete stating she no longer had to make payments on the Prophete Second Loan.  *See* FAC at

---

[3] The Court may also consider documents which are referenced extensively in the FAC and relied upon by Plaintiffs for the claims alleged in the FAC. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

¶ 137.  In October 2011, Prophete modified the Prophete First Loan.  *Id.* at ¶ 138.  Prophete claims that no statement relating to the Prophete Second Loan was received after BANA allegedly informed her that she no longer had to make payments towards the Prophete Second Loan.  *Id.*

In March 2021, the alleged holder of the Prophete Second Loan, NS194, filed a foreclosure action against the Prophete Property captioned as *NS194 LLC v. Prophete*, Case No. 502277/2021 (the "Prophete Foreclosure") filed in the Supreme Court for Kings County, New York.  *See* FAC at ¶ 140, Docket for and Complaint filed in the Prophete Foreclosure, a copy of which is attached hereto as Exhibit 5.  The Prophete Foreclosure remains open and pending.  *See id*.

After the Prophete Foreclosure had been filed, Prophete claims she received a mortgage statement from SNSC concerning the Prophete Second Loan stating that: (1) Prophete owed over $78,000.00 to reinstate the Prophete Second Loan; and (2) over $130,000.00 was needed to pay off the Prophete Second Loan.  *See* FAC at ¶¶ 145-148.  Prophete claims the majority of the amounts allegedly due under the Prophete Second Loan are barred by the applicable statute of limitations.  *Id.* at ¶¶ 144, 147.

**C.    Regalado's Allegations.**

Regalado alleges that in or around October 2006, he purchased real property located at 132-11 85th Street, Ozone Park, New York 11417 (the "Regalado Property").  See FAC at ¶¶ 150,152.  To purchase the Regalado Property, Regalado obtained a first priority loan in the amount of $318,848.00 (the "Regalado First Loan") from America's Wholesale Lender and a second priority loan of $79,712.00 (the "Regalado Second Loan") from Countrywide Bank.  *Id.* at ¶ 155, RJN at Ex. 6.  The Regaldo Second Loan is secured against the Regaldo Property by a mortgage dated October 18, 2006 ("Regaldo Second Mortgage") and recorded in the land records for Queens

County, New York.  *See* Regaldo Second Mortgage, a copy of which is attached hereto as Exhibit 6.  The Regaldo Second Loan has a maturity date of November 1, 2021. *See id*.

Regalado subsequently modified the Regalado First Loan and separately stopped receiving statements concerning the Regalado Second Loan.  *See* FAC at ¶ 158.  Because he allegedly stopped receiving statements on the Regalado Second Loan, Regalado asserts he believed he was no longer required to make any monthly payments on the Regalado Second Loan.  *Id.* at ¶ 159.

Regalado claims that in 2019, he began receiving collection statements relating to the Regalado Second Loan.  *See* FAC at ¶ 161.  Regalado further alleges that in April of 2020, SNSC sent Regalado a notice stating that the Regalado Second Loan was "3,430 days past due" and that over $69,259.96 was owed (the "Regalado Notice").  *Id.* at 162.  Regalado claims a majority of the past due amount is time barred under the applicable statute of limitations.  *Id.* at 163.

In the fall of 2020, the alleged holder of the Regalado Second Loan, BCMB1 Trust ("BCMB1"), filed a foreclosure action against the Regalado Property captioned as *BCMB1 Trust v. Regalado*, Case No. 715320/2020 (the "Regalado Foreclosure") in the Supreme Court for Queens County, New York.  *See* FAC at ¶ 165, Docket for and Complaint filed in the Regaldo Foreclosure, a copy of which is attached hereto as Exhibit 7. The Regalado Foreclosure remains open and pending.  *See id.*

**D.    Jones' Allegations.**

Jones alleges that in or around February 2006, she purchased real property located at 346 Lott Avenue, Brooklyn, New York 11212 (the "Jones Property").  *See* FAC at ¶ 62.  To purchase the Jones Property, Jones obtained a first priority loan in the amount of $263,120.00 (the "Jones First Loan") from and a second priority loan of $65,780.00 (the "Jones Second Loan") both from Fremont Investment and Loan.  *See* FAC at ¶ 69. The Jones Second Loan is secured against the

Jones Property by a mortgage dated February 17, 2006 ("Jones Second Mortgage") and recorded in the land records for Kings County, New York. *See* Jones Second Mortgage, a copy of which is attached hereto as Exhibit 8. The Jones Second Loan has a maturity date of March 1, 2036. *See id*.

Jones subsequently modified the Jones First Loan and separately stopped receiving statements concerning the Jones Second Loan. *See* FAC at ¶ 72. Because she allegedly stopped receiving statements on the Jones Second Loan, Jones asserts she believed he was no longer required to make any monthly payments on the Jones Second Loan. *Id*.

In the winter of 2021, Jones asserts that she began receiving statements from SNSC allegedly seeking payment on the Jones Second Loan. *See* FAC at ¶ 74. On or about January 28, 2021, the alleged holder of the Jones Second Loan, NS194, filed a foreclosure action against the Jones Property captioned as *NS194 v. Yvonne Prescott, et. al.*, Case No. 502303/2021 (the "Jones Foreclosure") in the Supreme Court for Kings County, New York. *See* FAC at ¶ 75, Docket for and Complaint filed in the Jones Foreclosure, a copy of which is attached hereto as Exhibit 9. The Jones Foreclosure remains open and pending. *See id*.

## STANDARD OF REVIEW

A.    **Fed. R. Civ. P. 12(b)(1) Standard.**

"Pre-answer motions to dismiss for lack of standing are governed by Federal Rule of Civil Procedure 12(b)(1)." *Amadei v. Nielsen*, 348 F.Supp.3d 145, 154 (E.D.N.Y. 2018). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court…may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.

B.    **Fed. R. Civ. P. 12(b)(6) Standard.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

Although a court must accept as true all of the factual allegations contained in a complaint, this tenet "is inapplicable to legal conclusions." *Id*. Importantly, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Furthermore, a plaintiff cannot "unlock the doors of discovery" if he is "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id*. at 679 (*citing* Fed. R. Civ. P. 8).

"A complaint is 'deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" Od*ums v. Greenpoint Mortg. Funding, Inc*., 831 Fed.Appx. 32, 33 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2002). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers*, 282 F.3d at 153.

## ARGUMENT

**A.**    **This Court Should Stay this Matter under the Colorado River Doctrine.**

Initially, this Court should stay this litigation pursuant to the *Colorado River* doctrine as the pending foreclosure actions filed against Plaintiffs by the respective investors for their loans will determine the state law issue of whether the loans at issue are barred by the applicable six-year statute of limitations. "Under the Colorado River abstention doctrine, a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources." *Krondes v. Nationstar Mortg., LLC*, 789 Fed.Appx. 913, 913 (2d Cir. 2020) (quotations omitted).

"Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (quotations omitted). "Perfect symmetry of parties and issues is not required." *Potente v. Capital One, N.A.,* 2018 U.S. Dist. LEXIS 66109, at * 10 (E.D.N.Y. 2018). "Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F.Supp.3d 6, 20 (E.D.N.Y. 2014).

Here, the foreclosure actions filed against Plaintiffs are parallel to the present litigation as the parties in the foreclosure actions have aligned interests with the parties in the instant action. Although SNSC is not a named party in the foreclosure actions, the foreclosure actions' named plaintiffs, the entities entitled to enforce the loans, and SNSC share a congruent interest in determining whether the loans are barred by the applicable statute of limitations. Thus, the parties in this action and the foreclosure actions are substantially same for *Colorado River* purposes. *See e.g.*, *Sitgraves v. Fed. Home Loan Mortg. Corp*., 265 F.Supp.3d 411, 413 (S.D.N.Y. 2017); *Potente v. Capital One, N.A.*, Case No. 16-cv-3570, 2018 U.S. Dist. LEXIS 66109, at * 10-11 (E.D.N.Y. Apr. 19, 2018).

Moreover, the causes of action in the FAC are premised upon the (erroneous) claim that collection and enforcement of the loans and mortgages are wrongful because of the purported running of the applicable statute of limitations. Consequently, the foreclosure actions and this litigation will need to consider and resolve similar legal issues including whether: (1) the loans at issue are time barred pursuant to NY CPLR § 213(4); (2) the foreclosure actions' named plaintiffs are entitled to foreclose on the properties; and (3) Plaintiffs' loans are enforceable. *See e.g.*, *Prand Corp. v. Gardiner*, 176 A.D.3d 1127, 1129 (2d Dept. 2019) (The bar of statute of limitations "is an affirmative defense [under New York law], which may be waived if not asserted in a responsive pleading…).

Simply put, if the foreclosure actions determine that the loans are enforceable and not time barred, then Plaintiffs' FAC will necessarily fail in its entirety. *See e.g.*, *Cassis v. Fannie Mae*, Case No. 21-cv-969, 2021 U.S. Dist. LEXIS 248357, at * 11 (E.D.N.Y. Dec. 31, 2021) ("The pending State Court foreclosure action is a parallel proceeding to this action because…both actions concern the enforceability of the Note and Mortgage."); *U.S. Bank Nat'l Ass'n v. East Fordham DE LLC*, 804 Fed.Appx. 106, 107 (2d Cir. 2020).

Next, the *Colorado River* factors weigh in favor of abstention. If the actions are deemed parallel, courts are to consider the following six factors in determining whether abstention is appropriate:

(1) [T]he assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *U.S. Bank Nat'l Ass'n v. East Fordham DE LLC*, 804 Fed.Appx. 106, 107 (2d Cir. 2020).

First, the state court has jurisdiction over the *res,* the properties, as a "foreclosure [proceeding] is an in rem proceeding." *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir.

1999).  Indeed, case law is clear that when "the state court proceeding is a foreclosure action, this factor strongly favors abstention."  *Roy v. Bank of N.Y. Mellon*, Case No. 17-cv-6729, 2018 U.S. Dist. LEXIS 168799, at * 14 (E.D.N.Y. Sept. 30, 2018) (quotations omitted).  Thus, this factor indisputably favors abstention.  *See e.g.*, *Krondes*, 2018 U.S. Dist. LEXIS 98835, at * 8.

Second, staying or dismissing this litigation would avoid piecemeal litigation.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *Westmarc Communs. v. Conn. Dep't of Pub. Util. Control*, 807 F.Supp. 876, 882, fn. 17 (D. Conn. 1990) (quotations omitted).  Because the foreclosure actions will likely decide the issues underlying Plaintiffs' claims (i.e. whether the enforcement of the loans and mortgages are time-barred), it is a better use of judicial resources to stay this litigation to avoid risking inconsistent results.  *See e.g.*, *Sitgraves*, 265 F.Supp.3d at 414 ("Avoidance of piecemeal litigation weighs in favor of abstention where a party's claims in the federal action can and should be handled as a defense to the foreclosure claim.").

As to the fourth *Colorado River* factor, the order that jurisdiction was obtained, separately favors abstention.  Indeed, the Foreclosure Actions were filed first and have progressed further than the instant litigation.  *See* Foreclosure Complaints and Dockets (Exs. 3, 5, 7, 9); *see also*, *Wilmington PT Corp. v. Bank of N.Y. Mellon*, Case No. 19-cv-02816, 2019 U.S. Dist. LEXIS 145581, at * 9 (E.D.N.Y. Aug. 27, 2019).

The fifth factor also favors applying the *Colorado River* doctrine because state law governs the key issue here: whether the loans at issue are barred by the applicable six-year statute of limitations.  Nor does the presence of Plaintiff's FDCPA claim compel a different result as the instant proceeding is essentially the same as the foreclosure actions.  *See*, *Krondes*, 2018 U.S. Dist. LEXIS at * 11 ("Although [plaintiff] asserts five federal causes of action, each relies on the same

underlying facts: whether his mortgage is valid and whether the [d]efendants may foreclose on his property, matters of state law."). Thus, the state court is better suited to resolve the issues presented by the FAC. *See e.g.*, *Windward Bora, LLC v. Bank of N.Y. Mellon*, Case No. 19-cv-858, 2020 U.S. Dist. LEXIS 223692, at * 17 (E.D.N.Y. Nov. 30, 2020) ("[T]here can be no doubt that New York State courts have far more experience interpreting and applying its provisions, making them particularly well suited to decide the issues presented by this case.").

Finally, there is little dispute that the courts' overseeing the foreclosure actions can adequately protect Plaintiffs' "federal rights" as Plaintiffs' arguments that the loans are time barred, can – and must - be raised as defenses in the foreclosure actions. Indeed, there is nothing indicating that the court in the foreclosure actions will not protect Plaintiffs' substantive and procedural rights. *See e.g.*, *Wenegieme v. Bayview Loan Servicing*, Case No. 14-cv-9137, 2015 U.S. Dist. LEXIS 59950, at * 9 (S.D.N.Y. May 7, 2015).

Accordingly, for all these reasons, this Court should dismiss or stay Plaintiffs' FAC pursuant to the *Colorado River* doctrine.

## B.    The Okoronkwos' FDCPA Violation Claim Fails as a Matter of Law.

In support of their FDCPA violation, the Okoronkwos allege that SNSC supposedly violated 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(5) by sending the Okoronkwo Notice which allegedly attempted to collect amounts that were not due and/or were not collectable under the applicable six year statute of limitations. *See* FAC at ¶¶ 212-213.

To state a claim under the FDCPA, a plaintiff must allege: (1) he or she is a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is considered a "debt collector"; and (3)

the defendant has engaged in any act or omission in violation of FDCPA requirements. *Plummer v. Atl. Credit & Fin., Inc.*, 66 F.Supp.3d 484, 488 (S.D.N.Y. 2014).

The Second Circuit applies an objective standard in evaluating whether a communication was sent for debt collection. *See, e.g.*, *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015), *accord*, *Halberstam v. Glob. Credit & Collection Corp.*, 2016 U.S. Dist. LEXIS 3567, at * 9 (E.D.N.Y. Jan. 12, 2016) (relying on *Hart* and analyzing the "in connection with" element from the perspective of an "objective debtor"); *Easterling v. Collector, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer.").

"To state an FDCPA claim against a debt collector for filing a collection case, a plaintiff must plausibly allege that the debt collector filed its collection case without a good faith belief in its validity." *Hackett v. Midland Funding LLC*, 2019 U.S. Dist. LEXIS 71898, at * 7 (W.D.N.Y. 2019) (quotations omitted). The "good faith and knowingly" standard applies to threatened litigation as well. *See e.g.*, *Anthony v. Fein, Such, & Crane, LLC*, 2015 U.S. Dist. LEXIS 68700, at * 10 (N.D.N.Y. 2015) ("Threatening to…[file] a lawsuit which a debt collector *knows or should have known* is time-barred have been found to be actionable under the FDCPA.") (emphasis added).

When debt collector has a good faith argument that a debt is not barred by the applicable statute of limitations, a debtor's FDCPA claim cannot be maintained. *See e.g., Garrison v. Caliber Home Loans, Inc.,* 233 F.Supp.3d 1282, 1294 (M.D. Fla. 2017) (A potential statute of limitations affirmative defense "does not provide a plausible basis for [p]laintiff's [FDCPA] claims…[i]nstead the SOL Issue should be raised—if at all—as an affirmative defense to an actual collection or foreclosure action.").

The statute of limitations in New York relative to a mortgage foreclosure action is six years. *See,* NY CPLR § 213(4). "[A] cause of action to recover the entire balance of the debt accrues at the time the loan is accelerated, triggering the six-year statute of limitations to commence a foreclosure action." *Del Rio v. McCabe, Weisberg & Conway, LLC*, 2021 U.S. Dist. LEXIS 222190, at * 6 (S.D.N.Y. 2021). "[A]n election to accelerate must be made by an 'unequivocal overt act' that discloses the noteholder's choice, such as the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt." *Freedom Mtge. Corp. v Engel*, 37 N.Y.3d 1, 22 (2021).

Here, the Okoronkwos Second Loan was accelerated either on: (1) February 1, 2021, the Okoronkwos Second Loan's maturity date; or (2) March 24, 2021, the day the Okoronkwos Foreclosure was filed. *See* Okoronkwos Second Mortgage (Ex. 1); Okoronkwos Foreclosure Complaint (Ex. 3). Thus, the statute of limitations to recover the Okoronkwos Second Loan's outstanding balance does not run until February 1, 2026, at the earliest. Consequently, the crux of the FDPCA claim – that the Okoronkwos Second Loan is time-barred – fails at the outset.

To the extent the Okoronkwos may claim that some of the monthly loan payments may be time barred, such an argument does not save their FDCPA claim as the exact amount owed will determined during the Okoronkwo Foreclosure. *See e.g.*, *CIT Bank, N.A. v. Nwanganga*, 328 F.Supp.3d 189, 199 (S.D.N.Y. 2018) ("[R]ather a dispute about the exact amount owed by a mortgagor to a mortgagee does not preclude summary judgment directing a foreclosure sale."); *Green v. Specialized Loan Servicing LLC*, 280 F.Supp.3d 1349, 1352-1353 (M.D. Fla. 2017) (Plaintiff's "claims fail as a matter of law because the Fla. SOL is a matter to be raised as a defense in a foreclosure case—not as an affirmative claim under an FDCPA claim related to a mortgage.")

Because the Okoronkwo Foreclosure is not time barred, SNSC was not being "false,

deceptive, or misleading" in sending the Okoronkwo Notice as a matter of law.  For this reason alone, the Okoronkwos' FDCPA claim should be dismissed with prejudice.  *See e.g.*, *Del Rio v. McCabe, Weisberg & Conway, LLC*, 2021 U.S. Dist. LEXIS 222190, at * 9-10 (S.D.N.Y. 2021) (Dismissing an FDCPA claim based on a notice of default because defendants were not being "false, deceptive, or misleading simply based on the fact that they failed to remind Plaintiffs that they may have a statute of limitations defense.").

Additionally, SNSC was required under the applicable New York law to include in any pre-foreclosure notice information to the Okoronkwos information concerning their loan including the total amounts past due and days in default.  *See* R.P.A.P.L. § 1304(1). Thus, the Okoronkwo Notice should not be considered an attempt to collect "on a time barred debt," and instead, the Okoronkwo was sent for informational purposes to provide the Okoronkwos with the requisite information required by law.

Moreover, the Okoronkwos fail to explicitly allege that the amount claimed in the Okoronkwo Notice is actually false as they solely allege that portions of the Okoronkwos Second Loan's outstanding balance are time barred.  *See* FAC at ¶ 213.  However, simply seeking to collect voluntary payments on a time-barred debt does not constitute an FDCPA violation as the Okoronkwos contend.  *See e.g., Larsen v. JBC Legal Grp., P.C.*, 533 F.Supp.2d 290, 302-03 (E.D.N.Y. 2008); *Parker v. Mandarich Law Grp*., Case No. 19-CV-6313, 2021 U.S. Dist. LEXIS 108197, at * 42 (E.D.N.Y. June 9, 2021).  For this reason also, the Okoronkwos' claim that SNSC violated the FDCPA fails as a matter of law and should be dismissed without leave to amend.  *See e.g.*, *Solis v. Commonwealth Fin. Sys*., Case No. 18-cv-6130, 2020 U.S. Dist. LEXIS 86792, at * 14 (E.D.N.Y. May 15, 2020) ("Generally, a creditor can seek voluntary payment of a time-barred debt.") (quotations omitted).

Finally, the Okoronkwos lack standing under Article III to proceed with their FDCPA claim because the damages alleged are completely unrelated to the purported pre-foreclosure notice received from SNSC, and because the Okoronkwos do not allege any intent to pay the amounts demanded in the Okoronkwo Notice. *See TransUnion, LLC v. Ramirez,* 141 S. Ct. 2190 (2021).  Instead, the Okoronkwos alleged damages are either related to their actual default on their loan (e.g. credit-injury), which is not in dispute or their supposed damages arising from the foreclosure complaint.  As the Supreme Court has definitively stated: "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* at 2205 (quoting *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 332 (7th Cir. 2019)). Further, "if the plaintiff does not claim to have suffered an injury that the defendant has caused *and the court can remedy*, there is no case or controversy for the federal court to resolve." *Id.* (emphasis added) (quoting *Casillas*, 926 F.2d at 333).

The purported inclusion of the alleged time-barred debt amounts in the Okoronkwo Notice would – at most - simply result in an informational injury, and not the necessary pecuniary loss required.  *See e.g.*, *Age Kola v. Forster & Garbus LLP*, Case No. 19-cv-10496, 2021 U.S. Dist. LEXIS 172197, at * 21 (S.D.N.Y. Sept. 10, 2021) ("Plaintiff's failure to establish a concrete harm sufficient to establish standing deprives this Court of subject matter jurisdiction over her claims."). Therefore, the Okoronkwos FDCPA claim should be dismissed for lack of standing under Article III as mandated by the holding by the Supreme Court in *Ramirez*.

Accordingly, this Court should grant SNSC's Motion and dismiss the Okoronkwos' FDCPA claim with prejudice and without leave to amend.

**C.    Plaintiffs' Claim for Violations of General Business Law § 349 Should Be Dismissed.**

In support of their GBL Claim, Plaintiffs allege SNSC engaged in following deceptive and misleading acts: (1) pursuing collection that came due more than six years prior to the commencement of collection efforts in violation of New York law; (2) sending pre-foreclosure notices demanding payment on time-barred debt; and (3) abusing New York's statutory borrower protections in an attempt to coerce Plaintiffs into paying amounts that they did not owe and that SNSC could not enforce. *See* FAC at ¶¶ 222-223.

To state a claim under the Section 349 of the New York General Business Law, "a plaintiff must allege that: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009).

Initially, Plaintiffs' GBL Claim fails because the loans at issue are not time-barred. As noted above, the applicable statute of limitations period for mortgage loans does not begin to run on the entire loan balance until after acceleration. *See e.g., Del Rio*, 2021 U.S. Dist. LEXIS 222190, at * 6.  And just as with the Okoronkwos Second Loan, there are no allegations that the other Plaintiffs' loans were accelerated at any time prior to the filing of the respective foreclosure actions. *See generally,* FAC; *see also,* Foreclosure Dockets and Complaints (Exs. 3, 5, 7, 9). Thus, contrary to the claims by the Plaintiffs, the loans at issue were not, in fact, time barred.

Moreover, Plaintiffs do not actually allege that each respective loan's outstanding balance are not accurately reflected in the correspondence at issue. *See generally,* FAC.  Indeed, all of the Plaintiffs admit that they stopped making payments on their respective loans.  *See* FAC, ¶¶ 72, 119, 137, 159.

Additionally, SNSC was required to inform the Plaintiffs of the amounts due and owing on their respective loans under New York and federal law.  *See* R.P.A.P.L. § 1304(1) (pre-foreclosure

notices); 12 C.F.R. § 1026.41(d)(1), (8) (monthly periodic statements). Indeed, under the applicable requirements under Section 1026.41 of Regulation X, SNSC was required to provide periodic statements to the Plaintiffs informing them of the "length of the consumer's delinquency" and the "total payment amount needed to bring the account current." *See* 12 C.F.R. § 1026.41(d)(8)(i), (vi).

The information required by Regulation X and the New York law is the exact information that Plaintiffs claim was improper for SNSC to provide to them in the statements at issue. *See* FAC, ¶¶ 74, 121, 145-148, 161, 162. Despite this, the Plaintiffs complain that it is somehow improper of SNSC to provide them with this legally required information which they do not otherwise claim to be inaccurate. This is not and cannot be the law. It cannot be either a deceptive or improper practice for SNSC to inform the Plaintiffs of the total amounts due on the loans or the length of their defaults as mandated by both federal and state law.

Plaintiffs' GBL Claim separately fails because Plaintiffs did not suffer any actual loss, nor do they allege they paid the alleged time barred monthly payments meaning Plaintiffs cannot allege any harm supporting their GBL Claim. Similar to the Article III issue with the FDCPA claim, the Plaintiffs were not actually injured here other than receiving a statement or default notice, which supposedly included time-barred amounts. The mere receipt of deceptive information cannot itself be the only injury. *See Bildstein v. MasterCard Int'l Inc.,* 329 F.Supp.2d 410 (S.D.N.Y. 2004); *Bmaddox Enters. LLC v. Oskouie*, Case No. 17-cv-1889, 2021 U.S. Dist. LEXIS 157010, *46-47 (S.D.N.Y. Aug. 2021) (conclusory claims of reputational damages without support are insufficient for claims). Plaintiffs' GBL Claim should be dismissed for this reason also. *See e.g.*, *Toohey v. Portfolio Recovery Assocs., LLC*, Case No. 15-cv-8098, 2016 U.S. Dist. LEXIS 111534, at * 30-

31 fn 17 (S.D.N.Y. Aug. 22, 2016) ("The GBL § 349 'actual injury' element requires something more than the 'injury-in-fact' required to establish constitutional standing.").

Plaintiffs' GBL is separately barred by the *Noerr-Pennington* doctrine, which "generally immunizes from liability a party's commencement of a prior court proceeding." *Roelcke v. Zip Aviation, LLC*, Case No. 15-cv-6284, 2021 U.S. Dist. LEXIS 226379, at * 34 (S.D.N.Y. Nov. 23, 2021) (quotations omitted); *see also, Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 509-10 (1972). While the doctrine traditionally "arose in the context of petitions for anti-competitive legislation, the *Noerr-Pennington* doctrine encompasses all petitioning activity, including concerted actions before courts and administrative agencies and concerted efforts incident to litigation, such as pre-litigation threat letters and settlement offers." *Singh v. NYCTL 2009-A Trust*, 683 Fed.Appx. 76, 77 (2d Cir. 2017) (quotations omitted). "While litigation-related communications are not literally petitions to the government, they are a preliminary step to resort to litigation if necessary and therefore fall within the protection of the *Noerr-Pennington* doctrine." *Id.*

Importantly, the Second Circuit has applied the *Noerr-Pennington* doctrine to a claim under Section 349 of the GBL arising from a notice of default letter sent in connection with a good faith foreclosure action. *See e.g.*, *Singh*, 683 Fed.Appx. at 77-78; *see also*, *DirecTV, Inc. v. Rowland*, Case No. 04-cv-297S, 2005 U.S. Dist. LEXIS 2454, at * 9 (W.D.N.Y. Jan. 22, 2005) (Applying *Noerr-Pennington* to a GBL claim).

While there is a "sham activities" exception to the *Noerr-Pennington* doctrine, it is inapplicable here because there was a good faith basis for the investors to file the foreclosure actions (i.e. the loans are not in fact, time-barre), as discussed above. *See, Hartford Life Ins. Co. v. Variable Annuity Life Ins. Co*., 964 F.Supp. 624, 626-627 (D. Conn. 1997) ("Under the sham

exception, litigation may be deprived of immunity if it constitutes a mere sham to cover...an attempt to interfere directly with the business relationships of a competitor.").

Accordingly, this Court should grant SNSC's Motion and dismiss Plaintiffs' GBL claim with prejudice and without leave to amend.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs' FAC should be dismissed in its entirety, with prejudice.

Dated: January 28, 2022                        Respectfully Submitted,

                                                      MAURICE WUTSCHER, LLP

                                                      *Attorneys for Defendants,*
                                                      *SN Servicing Corporation*

                                                      By: ***/s/ Thomas R. Dominczyk***
                                                      Thomas R. Dominczyk
                                                      5 Walter E. Foran Blvd.
                                                      Suite 2007
                                                      Flemington, NJ 08822
                                                      (908) 237-4550
                                                      tdominczyk@mauricewutscher.com